**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA, | : | No. 1:05-CR-00264 |
| | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. T.S. ELLIS III |
| | : | |
| THOMAS MOROCCO HAGER, | : | |
| Defendant/Movant | : | |
| | : | |
| _____ | : | |

**MOTION TO SUBSTITUTE COUNSEL
FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Comes now, Movant THOMAS MOROCCO HAGER, an indigent federal prisoner under sentence of death imposed by this Court, and hereby respectfully moves the Court to allow appointed counsel to withdraw and to substitute Blair G. Brown, who is a member in good standing of this Court and a member of the Virginia bar, and co-counsel Julie Brain, an attorney with capital § 2255 experience, pursuant to 18 U.S.C. § 3599(a)(2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Pursuant to Local Rule 7(f), a Memorandum of Law in Support of Mr. Hager's Motion for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 accompanies this motion.

Respectfully Submitted,

  /s/ Barry J. Fisher
Barry J. Fisher

  /s/ Blair G. Brown
Blair G. Brown

Dated: April 30, 2014

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| ———————————————— | : | |
| UNITED STATES OF AMERICA, | : | No. 1:05-CR-00264 |
|  | : | |
|  | : | **CAPITAL § 2255 PROCEEDINGS** |
|  | : | |
| -v- | : | HON. T.S. ELLIS III |
|  | : | |
| THOMAS MOROCCO HAGER, | : | |
| Defendant/Movant | : | |
|  | : | |
| ———————————————— | | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUBSTITUTE COUNSEL
FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Movant, THOMAS MOROCCO HAGER, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court to allow his appointed counsel, undersigned Barry J. Fisher, Esq. and Robert Tucker, Esq., to withdraw and, pursuant to 18 U.S.C. § 3599(a)(2), to substitute Blair G. Brown, a member in good standing of this Court and the Virginia bar, and Julie Brain, an attorney with capital § 2255 experience, as co-counsel to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The proposed legal team possesses the combined requisite experience and qualifications for appointment in a capital § 2255 case. In support of this request, Mr. Hager states the following:

1

*Background*

1.       Thomas Morocco Hager is an indigent federal prisoner sentenced to death in this Court on November 1, 2007. *United States v. Hager*, No. 1:05-CR-00264 (E.D. Va.) (Doc. 376). His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on direct appeal, *United States v. Hager*, 721 F.3d 167 (4th Cir. 2013), and his petition for writ of *certiorari* has been denied in the Supreme Court, *Hager v. United States*, __ S.Ct. __, 2014 WL 1659920 (April 28, 2014) (No. 13-7913). Thus, the one-year statute of limitations period for filing his motion for relief under 28 U.S.C. § 2255 has already begun. *See id.* (providing that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section").  Mr. Hager is financially unable to obtain counsel or other services and resources necessary to pursue § 2255 or other further review.[1]

2.       Undersigned counsel Fisher[2] was appointed in the Fourth Circuit as lead counsel to represent Mr. Hager in his direct appeal proceedings. Mr. Fisher is an Assistant Federal Defender in the Northern District of New York who occupies the position of Federal Capital Appellate Resource Counsel. His position was created by the Defender Services Committee of the Administrative Office of the United States Courts in 2008 for, among other

---

[1] This Court previously found Mr. Hager indigent for purposes of receiving legal representation at trial; he was indigent on appeal; and nothing about his financial circumstances has changed.

[2] Mr. Fisher was admitted to appear in this Court *pro hac vice* for purposes of filing administrative motions.  Blair G. Brown, a member of the Bar of this Court, accompanies in the signing of this Motion to ensure compliance with Local Civil Rule 83.1(d)(3) and Local Criminal Rule 57.4(d)(3).

purposes, providing representation to federally death-sentenced inmates in direct appeals.[3] For Mr. Hager's appeal, the Fourth Circuit also appointed, as co-counsel, Mr. Tucker, then an Assistant Federal Defender with the Federal Defender Office for the District of Columbia.[4] During the pendency of Mr. Hager's appeal, Mr. Tucker retired from that position after two decades of services and took up a part-time private practice. Accordingly, the Fourth Circuit granted Mr. Hager's motion to amend the appointment to one of Mr. Tucker as CJA counsel.

3.        Because Mr. Hager's case was nearing the end of the direct appeal stage, with his petition for writ of certiorari scheduled to be ruled on, as of last week, in one week's time, and because Mr. Fisher and Mr. Tucker cannot represent him beyond his direct appeal stage,[5] Mr. Fisher and Mr. Tucker sought to formally withdraw from the case in the Fourth Circuit and substitute qualified counsel Blair G. Brown and Julie Brain on April 21, 2014. *United States v. Hager*, No. 08-4 (4th Cir.) (Doc. 125). The Fourth Circuit directed Mr. Fisher and Mr. Tucker to refile the request for substitution of counsel in this Court. *Hager*, No. 08-4 (Doc. 128).[6]

4.        In Section 3599, Congress provided that, in a federal death penalty case, the

---

[3] *See* http://www.uscourts.gov/uscourts/cjaort/contacts/015.html (describing job responsibilities) (last visited on April 30, 2014).

[4] The Office of the Federal Public Defender for the Eastern District of Virginia was conflicted from directly representing Mr. Hager because it represented a codefendant.

[5] Mr. Fisher is forbidden from continued representation by the parameters of his federal position, which confines his work to direct appeals.  Mr. Tucker is unable to do so given the limits of his part-time practice and the fact he is now based in Missouri.  Moreover, Mr. Hager should have new counsel to preserve his ability to raise any future claims that may implicate his current counsel, *see, e.g., Halbert v. Michigan*, 545 U.S. 605, 620 n.5 (2005*); Kimmelman v. Morrison,* 477 U.S. 365, 378 (1986), and who are well-versed in capital post-conviction practice.

[6] Mr. Fisher assumed that, since the Fourth Circuit appointed him and co-counsel Mr. Tucker and since the motion to withdraw and substitute new counsel was being filed while Mr. Hager's case was still in the direct appeal stage, the Fourth Circuit would hear the motion.

defendant shall be continuously represented by capitally qualified counsel from the time he is charged through the conclusion of the case and at every step along the way, including but not limited to any post-conviction proceedings under 28 U.S.C. § 2255, competency proceedings or requests for stays of execution, and non-judicial proceedings such as clemency. At least one of the attorneys must have been admitted to practice in the court of appeals for not less than five years and have not less than three years' experience in handling felony appeals in that court. 18 U.S.C. § 3599(c). Alternatively, for good cause, the Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d). Respectfully, Mr. Brown and Ms. Brain meet these requirements and are well qualified to represent Mr. Hager in the next stage of his case, the preparation and filing of a capital § 2255  motion.

### *Capital § 2255 proceedings*

5.    Mr. Hager requires counsel with both the time and the relevant expertise to commit to investigating, researching and preparing a § 2255 motion within the one year allowed by statute. Unlike habeas proceedings pursuant to 28 U.S.C. § 2254, the § 2255 is the only opportunity Mr. Hager will have to raise any issues related to his representation and, there is no prior post-conviction process to which either counsel or the reviewing court may turn. Capital § 2255 proceedings differ from § 2254 cases in numerous respects. While Congress's enactment of § 2255 did not alter the substance or scope of the traditional habeas corpus remedy, these cases are governed by rules—promulgated by the U.S. Supreme Court and adopted by Congress—distinct from those that apply to state prisoners. *See* Rules Governing § 2255 Proceedings. The capital § 2255 proceeding is considered a further step in the movant's criminal case, Advisory

4

Committee Note to Rule 1, Rules Governing § 2255 Proceedings, and Congress designated it as the primary means by which a federal prisoner may challenge the lawfulness of his incarceration. *See United States v. Hayman*, 342 U.S. 205, 219 (1952). In the typical capital § 2254 case, federal review occurs following a round of state post-conviction proceedings in which the state prisoner has had the opportunity and the obligation to investigate extra-record facts and present cognizable constitutional claims. In furtherance of the principles of comity and federalism, Congress, in the AEDPA, placed limitations on federal courts' consideration of state habeas petitions and the decisions that followed them. *See, e.g.,* 28 U.S.C. § 2254(d), 2254(e)(1).

6.      In contrast, these limitations on federal review do not apply to federal prisoners such as Mr. Hager. This is because there are no comity concerns at issue and because his capital § 2255 proceedings are his one and only opportunity to assert and prove his post-conviction claims, including those regarding trial counsel's effectiveness, and to develop extra-record facts in support of those claims. *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial."). Congress has designated the year running from the date his conviction became final on direct appeal to the filing of his § 2255 motion as the period in which Mr. Hager must investigate and present any and all post-conviction challenges to his capital conviction and sentence of death, and there is no tolling for state process as in § 2254 litigation.

7.      In light of these differences between proceedings pursuant to § 2255 and § 2254, it has become the practice in capital § 2255 cases to have counsel in place when the statute of

limitations begins to run so that the investigative and preparatory work can begin.[7] *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (establishing a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings). As with the previously existing right to counsel under 18 U.S.C. § 848(q), the right to counsel under § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See id.* at 855-56 (discussing § 3599's predecessor provision, Court notes that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

8.       Consistent with the practice in capital § 2255 cases[8] as well as CJA Guidelines § 6.01(A), which encourages judicial officers to "consider appointing at least two counsel" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings," Mr. Hager respectfully requests that the Court appoint two lawyers[9] to

---

[7] As this is the federal capital defendant's sole opportunity to develop and present his post-conviction claims, some district courts have provided for appointment of counsel in capital § 2255 proceedings *prior to* the denial of petitions for a writ of *certiorari* in several cases. *See, e.g.*, *United States v. Caro*, No. 1:06-CR-00001 (W.D. Va.); *Ebron v. United States*, No. 1:08-cr-00036-MAC-ESH (E.D. Tex.); *Johnson v. United States,* No. 01-CR-3046-MWB *(*N.D. Iowa); *Basham v. United States,* No. 02-CR-00992-JFA (D. S.C.) (granting conditional appointment pending disposition of petitioner for *certiorari*); *Fell v. United States*, 2:01-cr-00012-wks-1 (D. Vt.).

[8] The Federal Capital Habeas Project, pursuant to its mandate (*see infra* note 10), maintains and makes available these data pertaining to appointment of counsel in capital § 2255 cases.

[9] Given the size and complexity of these cases, a number of courts have appointed three lawyers to represent movants in capital § 2255 proceedings.  *See, e.g., United States v. Lighty*, (D. Md.) (Case No. 8:03-cr-00457-PJM); *United States v. Barnette*, (W.D. N.C.) (Case No. 3:12-cv-00327); *United States v. Allen*, (E.D. Mo.) (Case No. 4:07-cv-27-ERW); *United States v. Nelson*,

replace the two lawyers moving to withdraw. Pursuant to § 3599(e), Mr. Hager has authorized

undersigned, Mr. Fisher, as well as co-counsel Mr. Tucker, to request withdrawal and move for

the substitution of qualified attorneys Blair G. Brown and Julie Brain to represent him in federal

capital post-conviction proceedings.[10] This proposed team is uniquely qualified as explained in

further detail below, with the resources and specialized expertise necessary[11] to fully investigate

and present Mr. Hager's constitutional claims in the one-year statute of limitations period;

undertake the complex litigation and any evidentiary hearing that may be necessary in this Court

---

(W.D. Mo.) (Case No. 4:04-cv-8005-FJG); *United States v. Sampson*, (D. Mass.) (Case No. 01-10384 MLW); *United States v. Rodriguez*, (D. N.D.) (Case 2:04-cr-00055-RRE-1); *United States v. Fell* (D. Vt.) (Case No. 2:01-cr-00012-wks-1); *United States v. Montgomery*, (W.D. Mo.) (Case No. 5:05-cr-06002-GAF).

[10] Undersigned appellate counsel, in collaboration with the Federal Capital Habeas Project, identified Mr. Brown and Ms. Brain as qualified attorneys willing to represent Mr. Hager in § 2255 proceedings. The Project was created eight years ago by the Defender Services Committee of the Judicial Conference to focus on capital § 2255 litigation and assist with recruitment of attorneys for upcoming capital § 2255 cases.

[11] Courts and commentators have recognized the unique demands of federal capital post-conviction proceedings, and the need for appropriately qualified counsel. *See, e.g.*, JOHN B. GOULD & LISA GREENMAN, REPORT TO THE COMMITTEE ON DEFENDER SERVICES JUDICIAL CONFERENCE OF THE UNITED STATES: UPDATE ON THE COST AND QUALITY OF DEFENSE REPRESENTATION IN FEDERAL DEATH PENALTY CASES 96 (§ VIII ¶ 1 RECOMMENDATIONS AND COMMENTARY) (2010), *available at* http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/Publications/UpdateFederalDeathPenaltyCases.aspx (last visited April 30, 2014) ("[P]ost-conviction lawyers for federal death penalty cases should be selected based on an individualized assessment of the requirements of the case, the stage of the litigation, and the defendant. Habeas corpus practice is a complex subspecialty of capital representation. A lawyer qualified to be learned counsel in a federal capital trial or on appeal will not necessarily have such expertise. Challenges include an accelerated timeline, a tangle of specialized procedural law applicable to capital proceedings pursuant to 28 U.S.C. § 2255, and an obligation that includes a full investigation of both phases of the trial to identify any possible constitutional infirmities. This underscores the importance of appointing counsel with the experience and dedication – as well as the time and resources – to devote to this intensely demanding work. The one-year statute of limitations makes it especially important that counsel be appointed promptly.")

subsequent to the filing of the § 2255 motion; and continue to represent him in any appellate proceedings or proceedings for executive or other clemency as may be available to him. *See* § 3599(e).

### *Attorneys Blair G. Brown and Julie Brain*

9.      Blair G. Brown is a partner at the Washington D.C.-based law firm Zuckerman Spaeder LLP. Mr. Brown meets the requisite qualifications of 18 U.S.C. § 3599(c), having been admitted to the U.S. Court of Appeals for the Fourth Circuit in 1989 and having first handled an appeal in a felony in that Court in 1996. He has been a member of the Bars of the United States District Court for the Eastern District of Virginia and the Commonwealth of Virginia since 1989. Mr. Brown has appeared in the Eastern District of Virginia's Alexandria Division in numerous civil and criminal cases over the past twenty years, representing defendants in criminal cases in all stages including evidentiary hearings, motions hearings, guilty plea proceedings, sentencings, and a jury trial. Mr. Brown also has represented defendants in felony criminal trials in other federal districts, in felony criminal appeals in other federal circuit courts of appeals, and in capital post-conviction proceedings in state jurisdictions.

10.      Mr. Brown was an attorney and supervisor at the Public Defender Service for the District of Columbia from 1983 to 1988, where he tried murder and other serious felony cases. Since joining Zuckerman Spaeder in 1988, he has focused his practice on criminal and civil litigation with an emphasis on white-collar criminal investigations and trials. He also has dedicated part of his practice to providing *pro bono* representation to individuals under death sentence in post-conviction proceedings in state and federal courts. He is a Fellow of the American College of Trial Lawyers, where he has served on the Federal Rules of Criminal Procedure Committee since 2011, and he has consistently been recognized for excellence in

criminal defense litigation by his peers. Mr. Brown would bring the resources of his firm to the case, billing for his hours at the capital CJA rate for the principal purpose of recouping some of the unreimbursed expenses associated with the representation.[12]

11.    Julie Brain, a member of the District of Columbia bar, has spent much of her career litigating capital habeas cases and has significant experience representing individuals in capital § 2255 proceedings. She has provided direct representation to indigent clients since serving as a staff attorney with the Public Defender Service for the District of Columbia in the mid-1990s, and thereafter spent several years as a supervising attorney at the Arkansas Federal Defender Office and the Delaware Federal Defender Office where she specialized in representation of inmates under death sentence in § 2255 and § 2254 proceedings. In her position at the Delaware Federal Defender Office, she was appointed, along with counsel from a large Washington D.C.-based law firm, to represent another federal prisoner in this Circuit in capital § 2255 proceedings. *See United States v. Lighty*, 8:03-cr-00457-PJM (D. Md.) (Doc. 394) (Messitte, J, presiding).  In that case, as is anticipated she would do in Mr. Hager's case should the Court appoint her, Ms. Brain has utilized her capital habeas expertise to assist co-counsel in the § 2255 proceedings. In addition to representing numerous individuals under death sentence in state and federal courts, Ms. Brain has trained attorneys in complex procedural matters relating to habeas litigation for more than a decade. Ms. Brain is currently based in Philadelphia, Pennsylvania where she is a sole practitioner providing direct representation in capital trial and state and federal post-conviction proceedings. Ms. Brain's specialized expertise qualifies her for

---

[12] A copy of Mr. Brown's resumé is attached as an exhibit.

appointment as co-counsel under 18 U.S.C. § 3599(d). [13]

12.     The appointment of Mr. Brown and Ms. Brain together would also serve the judiciary's interest in cost containment. Mr. Brown's firm is located in the District of Columbia where the undersigned believes that most of the post-conviction investigation would take place. Ms. Brain's familiarity with federal post-conviction law and practice for death-sentenced prisoners would greatly minimize expenditures otherwise associated with legal training and education in this field. Moreover, because federal death row prisoners are housed in Terre Haute, Indiana, interviews with the client would also be cost-efficient in that Ms. Brain has another client in the same facility.

13.     Pursuant to the pre-requisites for foreign attorneys seeking to practice in this Court in Local Rules 83.1(d) and 57.4(d), if the Court appoints Ms. Brain, she will apply for admission to the Court *pro hac vice*.

WHEREFORE, Mr. Hager respectfully requests that the Court find Mr. Hager indigent, allow Mr. Hager's appointed counsel to withdraw, and substitute Blair G. Brown of Zuckerman Spaeder, LLP and Julie Brain appearing, as counsel in seeking all available post-conviction remedies. A proposed order accompanies this motion.

---

[13] A copy of Ms. Brain's resumé is attached as an exhibit.

Respectfully Submitted,

  /s/ Barry J. Fisher
Barry J. Fisher

  /s/ Blair G. Brown
Blair G. Brown

Dated:  April 30, 2014

**BLAIR G. BROWN**

Zuckerman Spaeder LLP                                7107 Cedar Avenue
1800 M St. NW, Suite 1000                           Takoma Park, Maryland  20912
Washington, D.C.  20036
(202) 778-1829
email: bbrown@zuckerman.com

**EMPLOYMENT**

ZUCKERMAN SPAEDER LLP, Washington, D.C.
> *Partner*, 1993 to present; *Associate*, 1988-93.  Criminal and civil litigation, emphasizing white collar criminal investigations and trials and complex business litigation.  Pro bono practice includes post-conviction representation of death row inmates and representation of the Public Defender Service for the District of Columbia.

PUBLIC DEFENDER SERVICE FOR THE DISTRICT OF COLUMBIA, Washington, D.C.
> *Deputy Chief, Trial Division*, 1987-88
> *Staff Attorney*, 1983-87

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, New York, N.Y.
> *Law Clerk to the Honorable Leonard P. Moore*, 1982-83.
> *Pro Se Law Clerk*, 1981-83

**EDUCATION**

NEW YORK UNIVERSITY SCHOOL OF LAW, New York, N.Y.
> J.D., June 1981, Root-Tilden Scholar

TULANE UNIVERSITY, New Orleans, LA
> B.A. Magna Cum Laude (Sociology) 1978

**BAR ACTIVITIES**

AMERICAN COLLEGE OF TRIAL LAWYERS
> Member, Federal Rules of Criminal Procedure Committee, 2011 – present
> Member, DC State Committee, 2012-present

NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS, 2005- present
> Former Co-Chair, White Collar Crime Committee; Former Chair, Audit Committee
> Liason, ABA Task Force Developing the ABA's Criminal Justice Section's Standards for Corporate Monitors

CRIMINAL LAW AND INDIVIDUAL RIGHTS SECTION OF THE DC BAR
> Co-Chair, Steering Committee, 1990-92

4464181.1

**PUBLICATIONS**

"The Limits of a Nonwaiver Agreement," *The Champion*  September/October 2009

"Improving Immunity Agreements" in *Corporate Counsel's Guide to Handling Government Investigations* (1995) (Business Laws, Inc.)

"The Preponderance of Evidence Standard at Sentencing," 29 *American Criminal Law Review* 907 (1992) (with Steven M. Salky)

**TEACHING AND PANEL PRESENTATIONS**

Adjunct Professor, White Collar Crime (Spring 2014)
Washington College of Law, American University

"Intent Requirements in White Collar Cases"
 NACDL's 2013 White Collar Crime Seminar – Defending the White Collar Case, October 25, 2013

"Plea Bargaining"
 22nd Annual National Seminar on the Federal Sentencing Guidelines, Orlando, FL, May 24, 2013

"Finding the Line: Ethical Considerations When Contacting and Interviewing Witnesses"
 NACDL White Collar Crime Seminar, Lake Tahoe, NV, June 16, 2011

"Representing Individuals in FCPA Investigations"
25th National Conference on the Foreign Corrupt Practices Act, April 13, 2011

"Cyberspace—The Back Hole Where Ethics, Strategy, and Technology Collide"
NACDL White Collar Crime Seminar, New York, NY, October 1, 2009

"Sentencing Advocacy in White Collar Cases"
 NACDL Annual Meeting, Boston, MA, August 7, 2009

"Internal Investigations"
NACDL Spring Seminar, White Collar Track, Cincinnati, OH, April 27, 2007

NITA Deposition Skills Training Program, Faculty 2001, 2011

Harvard Law School Trial Advocacy Workshop, Instructor 1991

**BAR ADMISSIONS**
District of Columbia, Maryland, Virginia, New York
U.S. District Courts for the Eastern and Western Districts of Virginia, District of Columbia, District of Maryland, and Northern, Southern, and Eastern Districts of New York
U.S. Courts of Appeals for the Fourth, Eighth, Eleventh, and District of Columbia Circuits
U.S. Supreme Court

4464181.1

**HONORS**

Fellow, American College of Trial Lawyers, inducted 2010

*Chambers USA: America's Leading Lawyers for Business, White-Collar Crime & Government Investigations*, 2013

*The Best Lawyers in America*, *White-Collar Criminal Defense*, 2006-present

*Super Lawyers*, 2007-present


**COMMUNITY ACTIVITIES**

GIDEON'S PROMISE (formerly Southern Public Defender Training Center)
Board Member, 2009-present

MID-ATLANTIC INNOCENCE PROJECT
Board Member 2000-04, Co-Founder 2000, President 2000-02

4464181.1

**JULIE BRAIN, ESQ**.
127 Church Street
2nd Floor
Philadelphia, PA 19106
267-639-0417
juliebrain1@yahoo.com

**Experience**

**Julie Brain, Attorney at Law**, Philadelphia, PA                    2012-present
Sole Practitioner
> Providing direct representation and consultation in state and federal capital cases at trial
> and in post-conviction proceedings.

**Delaware Federal Defender Office**, Wilmington, DE                    2009-2012
Chief, Capital Habeas Unit
> Supervising attorney for unit representing individuals sentenced to death by the State of
> Delaware in federal habeas corpus and ancillary proceedings, and individuals sentenced to
> death by the federal government in 28 U.S.C. § 2255 proceedings.

**Arkansas Federal Defender Office**, Little Rock, AR                    2004-2009
Chief, Capital Habeas Unit
> Supervising attorney for unit representing individuals sentenced to death by the State of
> Arkansas in federal habeas corpus and ancillary proceedings, including applications for
> executive clemency.

**Habeas Corpus Resource Center**, San Francisco, CA                    2000-2004
Habeas Corpus Counsel II
> Represented clients sentenced to death by the State of California in habeas corpus
> proceedings in the state and federal courts.   Supervised factual and mitigation
> investigation and worked extensively with mental health experts.   Assisted with planning
> and conducting training for court-appointed private counsel with capital habeas cases.

**Public Defender Service for the District of Columbia**, Washington, DC       1995-2000
Staff Attorney
> Represented indigent clients in juvenile, misdemeanor and all levels of felony cases from
> arrest through sentencing, including bench and jury trials.   Completed rotation in
> Appellate Division, representing indigent clients in direct appeals and other actions before
> the District of Columbia Court of Appeals.   Prepared *Daubert* challenge to use of
> psychometric tests to assess future dangerousness in a federal capital trial.

**Professor Randy Hertz**, New York University School of Law, New York, NY     Fall 1994
Research Assistant
> Completed various research assignments, including assisting with preparation of James S.
> Liebman and Randy Hertz, *Federal Habeas Corpus Practice and Procedure* (2nd ed.

1

1994).

## Education

**New York University School of Law**, New York, NY
Juris Doctor *magna cum laude* 1995

Activities:    Moot Court Board Staff Member, Competitions Division, 1993-95
Represented NYU at National First Amendment Moot Court Competition, Vanderbilt University, 1994 & 1995

Juvenile Rights Clinic, 1994-95

Awards:    Order of the Coif
Myron J. Greene Memorial Award for Trial Advocacy

**University of Warwick**, Coventry, England
Bachelor of Arts (Hons.) In Philosophy, 1990

## Presentations

Multiple presentations on a variety of topics relating to capital litigation, including neuropsychology in capital cases, working with defense and prosecution mental health experts, autism spectrum disorders, addiction, brain damage, mitigation investigation techniques, litigating claims of mental retardation, lethal injection litigation, compiling evidence of racial discrimination in the application of the death penalty, clemency proceedings, procedural issues in habeas cases and the AEDPA, at training seminars organized by the Habeas Assistance and Training Counsel Project, the Federal Capital Habeas Project, NAACP Legal Defense Fund, California Attorneys for Criminal Justice, the Atlantic Center for Capital Representation, the Federal Defender Organization Training Branch and the Federal Death Penalty Resource Counsel Project.

MEMBER OF THE BARS OF THE STATE OF CALIFORNIA, THE DISTRICT OF COLUMBIA AND THE STATE OF ARKANSAS

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 1:05-CR-00264 |
| | : | |
| | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. T.S. ELLIS III |
| | : | |
| THOMAS MOROCCO HAGER, | : | |
| Defendant/Movant | : | |

## <u>ORDER</u>

This matter comes before the Court on the motion of Defendant/Movant Thomas Morocco Hager, through Barry J. Fisher, Esq. and Blair G. Brown, Esq., requesting that the COURT find Mr. Hager indigent, allow Mr. Hager's appointed counsel to withdraw, and substitute Blair G. Brown, Esq. and Julie Brain, Esq. to represent Mr. Hager in any and all available post-conviction proceedings, including 28 U.S.C. § 2255 proceedings.

This Court GRANTS Defendant/Movant's Motion for Substitution of Counsel. Mr. Brown and Ms. Brain appearing, are hereby appointed, pursuant to 18 U.S.C. § 3599, to represent Mr. Hager in any and all available post-conviction proceedings, including 28 U.S.C. § 2255 proceedings.

SO ORDERED this __ day of _____, 2014.



T.S. Ellis III
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, I have electronically filed the foregoing Motion to Substitute Counsel for Proceedings Pursuant to 28 U.S.C. § 2255, together with the accompanying memorandum of law, supporting exhibits, and proposed order with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven D. Mellin, Assistant U. S. Attorney

James L. Trump, Assistant U. S. Attorney

Office of the United States Attorney

2100 Jamieson Avenue

Alexandria, VA 22314 5194

Counsel for the United States

　/s/ Barry J. Fisher_____
Barry J. Fisher