**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 1:05-cr-00264** |
| | : | **Civil Action No. 1:15-cv-00551** |
| v. | : | |
| | : | **CAPITAL § 2255** |
| **THOMAS MOROCCO HAGER,** | : | **PROCEEDINGS** |
| | : | |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR RECONSIDERATION**

On April 27, 2015, Defendant Thomas Morocco Hager, through undersigned counsel, filed a timely Motion to Vacate, Set Aside, or Correct Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 ("the Section 2255 Motion"), ECF No. 529. On April 28, 2015, the Honorable T.S. Ellis, III entered an order, *sua sponte,* requiring Mr. Hager to submit a brief of no longer than 60 pages, exclusive of affidavits and supporting documentation, in support of the Section 2255 Motion, by 5:00 p.m. on Thursday, May 28, 2015, and setting further deadlines for the government to file a response brief and for Mr. Hager to file a reply brief (hereinafter "the Order"). *See* Order 2, ECF No. 532 (attached hereto as Exhibit A).

The Court's decision to require briefing in support of the Section 2255 Motion at this stage of the proceedings is fundamentally incompatible with the process by which section 2255 motions are litigated and adjudicated and the rules that govern such proceedings. Accordingly, for the reasons stated below, the Court should vacate the Order and enter instead an order that simply sets deadlines for the government to answer the Section 2255 Motion and for Mr. Hager to submit a reply.

## RELEVANT BACKGROUND

The Section 2255 Motion seeks to vacate Mr. Hager's conviction and sentence of death for the intentional killing of Barbara White while engaged in a drug conspiracy. *See* Section 2255 Motion. The Section 2255 Motion asserts five claims for relief: Mr. Hager's trial counsel rendered constitutionally ineffective assistance at the guilt phase of trial, at the penalty phase with respect to the government's presentation of aggravating evidence, and at the penalty phase with respect to the presentation of mitigating evidence; the government's conduct violated Mr. Hager's right to a fair trial; and Mr. Hager is ineligible for a sentence of death because he is a person with intellectual disability. *Id.* The Motion also sets forth the factual basis for each claim, states the relief that Mr. Hager is requesting, and contains a verification made under penalty of perjury from Blair G. Brown, counsel for Mr. Hager, on Mr. Hager's behalf. *Id.*

Less than twenty-four hours after Mr. Hager filed the Section 2255 Motion, the Honorable T.S. Ellis, III, entered the Order *sua sponte*. The Order found that Mr. Hager's Motion failed to comply with Local Criminal Rule 47(F)(1) because it was not accompanied by a supporting brief. Order 1. The Order further found that the length of the Motion, which was 202 pages, "appear[ed] to be an effort to circumvent the page limitations set forth in Local Criminal Rule 47(F)(3)." *Id.* The Order then required Mr. Hager to file a brief supporting the Section 2255 Motion that is no longer than 60 pages, exclusive of affidavits and supporting documentation, by no later than 5:00 p.m. on Thursday, May 28, 2015. *Id.* at 2. It further required the government to submit a response brief of no longer than 90 pages, exclusive of affidavits and supporting documentation, by 5:00 p.m. on Monday, July 27, 2015, and Mr. Hager to submit a reply brief that is no longer than 30 pages, exclusive of affidavits and supporting documentation, by no later than 5:00 p.m. on Wednesday, August 26, 2015. *Id.*

About forty-five minutes before the Order was entered on the docket and electronically served on the parties, Mr. Hager filed a motion to disqualify Judge Ellis (ECF No. 531).[1] Judge Ellis did not address the merits of the motion to disqualify. Instead, he entered an order stating that he would no longer accept assignments in capital cases and directing that the case be reassigned (ECF No. 533).

## ARGUMENT

**I.     THE ORDER REQUIRING MR. HAGER TO FILE A BRIEF SUPPORTING HIS SECTION 2255 MOTION AT THIS TIME IS CLEARLY ERRONEOUS AND MUST BE VACATED.**

Federal Rule of Civil Procedure 54(b) provides that interlocutory orders that resolve fewer than all of the claims or the rights and liabilities of fewer than all of the parties "may be revised at any time before the entry of a [final] judgment." Fed. R. Civ. P. 54(b). A district court "retains the power to reconsider and modify its interlocutory judgments," and that power "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citation omitted). The court "may exercise its discretion to afford relief from [its] interlocutory orders 'as justice requires.'" *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 463 (E.D. Va. 2011) (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991)). The clearly erroneous nature of an earlier ruling is sufficient to justify reconsideration. *Touchcom*, 790 F. Supp. 2d at 463 (citing *Am. Canoe*, 326 F.3d at 515). For the reasons set forth below, the Order is a clear error of law, which was made without the benefit of briefing by the parties, and should be vacated.[2]

---

[1] Considering the short amount of time that had elapsed from the filing of the motion to disqualify and the entry of the Order, it is unlikely that Judge Ellis was aware of the motion to disqualify when he signed the Order. Nevertheless, the disqualifying circumstances under 28 U.S.C. § 455(a) existed at the time the Order was entered.

[2] Although it is not clear that a movant in a section 2255 proceeding is required to satisfy the standard for reconsideration under Federal Rule of Civil Procedure 54(b), Mr. Hager has met that standard here.

**A.     The Rules Governing Section 2255 Proceedings Contain No Requirement that a Brief in Support of a Section 2255 Motion be Filed at This Juncture and Prescribe No Page Limit.**

Motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 are governed by the "Rules Governing Section 2255 Proceedings for the United States District Courts" (hereinafter, the "Section 2255 Rules").  *See* Rule 1 of the Section 2255 Rules ("These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255 by:  (a) a person in custody under a judgment of that court who seeks a determination that:  (1) the judgment violates the Constitution or laws of the United States.").  Rule 2 of the Section 2255 Rules establishes the form of a section 2255 motion.  To satisfy Rule 2, a motion must "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  Rule 2(b).  By its terms, then, Rule 2 requires no supporting memorandum of law or brief.  Nor does it demand legal citations.

Indeed, Rule 2 affirmatively directs that it is inappropriate for movants to file a memorandum of law at the time the motion is filed.  The Rule states that a section 2255 motion "must substantially follow either the form appended to th[e] rules or a form prescribed by a local district-court rule."  Rule 2(c).  This Court has adopted the model form appended to the Section 2255 Rules ("the Form"), which the Court makes available on its website.  *See* Form AO 243, *available at* http://www.vaed.uscourts.gov/courtdocs/civil-forms/AO243%20for%202255.pdf. Like the Section 2255 Rules themselves, the Form does not require legal citations or argument; in fact, it specifically instructs movants *not* to include them.  The instructions for the Form state that movants "must include in th[e] motion all the grounds for relief from the conviction or sentence that you challenge [a]nd . . . must state the facts that support each ground."  *Id.* at 1

4

(Instruction 9). Movants, however, "do not need to cite law." *Id.* (Instruction 5). Additionally, in the section of the Form where movants are asked to set forth the grounds for relief and the facts supporting those grounds, the Form explicitly instructs: "Do not argue or cite law. Just state the specific facts that support your claim." *Id.* at 5.

In addition to not requiring legal citations or a supporting brief, the Section 2255 Rules do not set a page limit for section 2255 motions. The lack of a page limit is consistent with the requirement that movants specify *all* grounds for relief and the facts supporting those grounds, and is manifestly appropriate given the difficulty movants may face if they later attempt to raise claims that were not included in their original motion. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (finding that amended claims filed after statute of limitations had run and that did not relate back to the original section 2255 motion were time barred); 28 U.S.C. § 2255(h) (setting forth rules governing second or successive section 2255 motions). A page limit would hinder a movant's ability to articulate all of his or her claims in a timely manner, and the Section 2255 Rules sensibly do not impose one.

Mr. Hager's Section 2255 Motion satisfies the requirements of Rule 2 and substantially follows the Form. The Motion sets forth five grounds for relief based on ineffective assistance of counsel, government misconduct, and Mr. Hager's intellectual disability; states the facts supporting each claim and the relief requested; is printed; and is signed under penalty of perjury by counsel, who is authorized to sign it on Mr. Hager's behalf. Mr. Hager did not cite law and did not provide a supporting brief because the Section 2255 Rules do not require it and the Form instructs movants not to do so. Moreover, contrary to the statement in the Order, the length of the Section 2255 Motion was not part of an effort to "circumvent" any prescribed page limitations. The length simply reflects the fact that Mr. Hager has a significant number of claims

5

for relief and that there are substantial facts supporting those claims that Mr. Hager was required by Rule 2 to plead.

### B.    Local Criminal Rule 47(F) Does Not Apply to Section 2255 Motions.

The Court's April 28, 2015 Order requiring a supporting brief with affidavits and other supporting documentation is based on the premise that Local Criminal Rule 47(F)[3] applies to section 2255 motions. That premise is incorrect. Rule 12 of the Section 2255 Rules provides that the "Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, *to the extent that they are not inconsistent with any statutory provisions or these rules*, may be applied to a proceeding under these rules." (emphasis added). Applying the requirements of Local Criminal Rule 47(F) to a section 2255 motion would be irreconcilably inconsistent with the Section 2255 Rules because it would squarely conflict with the process established by those rules for litigating and adjudicating section 2255 motions.[4]

The Section 2255 Rules are written as they are because section 2255 proceedings are intended to be conducted in a manner that is akin to a modified civil proceeding. A section 2255 motion is more closely analogous to a civil complaint than it is to an ordinary motion in a criminal proceeding. *See* Janice L. Bergman, *Another Bite at the Apple:  A Guide to Section 2255 Motions for Federal Prisoners* 158 (2009) ("A section 2255 motion is a *pleading*, not a legal brief. It should therefore simply list the claims for relief and the facts supporting each claim."). As discussed *supra* I.A, a section 2255 proceeding begins when a movant files a motion, like a complaint, that states the grounds for the relief sought and the factual support for

---

[3] Local Criminal Rule 47(F)(1) provides, in pertinent part, that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." Local Criminal Rule 47(F)(3) provides that, except for good cause shown, "opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced."

[4] For the same reasons, applying the mandates of Local Civil Rule 7(F), which are substantially similar to those of Local Criminal Rule 47(F), to a section 2255 motion would be inappropriate.

those grounds.  Once it is filed, the judge receiving the motion must "promptly examine it." Section 2255 Rule 4(b).  If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief," the court must dismiss the motion.  *Id.*

Alternatively, if the court determines that summary dismissal is not warranted, it "must order the United States attorney to file an answer, motion, or other response within a fixed time." *Id.*  If instructed to answer, the government must "address the allegations in the motion." Section 2255 Rule 5(b).  The purpose of the answer in a section 2255 proceeding, not unlike the answer in a civil case, is to identify the disputed issues.  *See* Rules Governing Section 2554 Cases, Rule 5 advisory committee note (incorporated by reference in Section 2255 Rule 5 advisory committee note).  The movant may then "submit a reply to the [government's] answer or other pleading within a time fixed by the judge."  Section 2255 Rule 5(d).

Thereafter, again much like a civil proceeding, the Section 2255 Rules allow for the development of the factual record beyond the allegations in the initial pleading.  Rule 6 empowers the court to authorize discovery upon a showing of "good cause."  Section 2255 Rule 6(a).  This standard is met "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) (applying *Bracy* and *Harris* to discovery requests in section 2255 proceedings).  Discovery, including document production and depositions, may be conducted pursuant to the Federal Rules of Criminal Procedure or Civil Procedure or in accordance with the practices and principles of law.  Section 2255 Rule 6(a).

The Section 2255 Rules also permit the record before the district court to be expanded, either on a party's motion or *sua sponte* by the court, through the submission by the parties of additional materials relating to the motion. Section 2255 Rule 7(a). The record may be expanded using a broad range of materials, including, but not limited to, documents, exhibits, answers under oath to written interrogatories propounded by the court, and affidavits. Section 2255 Rule 7(b).

Finally, the court must make the determination, after reviewing the answer, any transcripts and records of prior proceedings, and any material submitted under Section 2255 Rule 7, whether an evidentiary hearing is warranted. Section 2255 Rule 8(a). A hearing is warranted when the movant "alleges facts which, if true, would entitle her to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963)); *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Compelling a movant to provide legal argument at the outset of a section 2255 proceeding, on an incomplete and undeveloped factual record and before the government has even been given the opportunity to respond to the allegations, is clearly inconsistent with these Rules and the procedure that they prescribe. "Were the prisoner to file a comprehensive memorandum in these circumstances, it almost inevitably would be incomplete pending further exploration of the facts and might mislead the court into reaching the merits in advance of necessary factfinding procedures." Randy Hertz and James S. Liebman, *Federal Habeas Corpus Practice and Procedure*, §11.7[d] (6th ed. 2011). Efficiency and fairness dictate that the

appropriate time to submit briefing on the merits of a movant's claims is after factfinding has concluded and the factual record has been finally and conclusively established. Only then are the parties in a position to provide the Court with a comprehensive analysis of the law as it applies to the unique facts of the case. For these reasons, Local Criminal Rule 47(F) is inconsistent with the Section 2255 Rules and cannot be applied to section 2255 motions.

For the foregoing reasons, Mr. Hager respectfully requests that the Order be vacated and that, pursuant to Rules 4 and 5 of the Section 2255 Rules, the Court enter a new order requiring the government to answer the Section 2255 Motion and Mr. Hager to submit a reply, and setting deadlines for both submissions.

Dated: May 12, 2015                              Respectfully submitted,


                                                 /s/ Blair G. Brown
                                                 Blair G. Brown (Va. Bar No. 29706)
                                                 ZUCKERMAN SPAEDER LLP
                                                 1800 M Street, NW, Suite 1000
                                                 Washington, DC 20036
                                                 (202) 778-1829 (telephone)
                                                 (202) 822-8106 (facsimile)
                                                 bbrown@zuckerman.com

                                                 *Counsel for Defendant Thomas Morocco Hager*


                                                 /s/ Julie Brain
                                                 Julie Brain
                                                 916 South 2nd Street
                                                 Philadelphia, PA  19147
                                                 (267) 639-0417 (telephone)
                                                 Juliebrain1@yahoo.com

                                                 *Counsel for Defendant Thomas Morocco Hager*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2015, I have caused a copy of the

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION** to be served on the following by electronically filing it on the court's

ECF system:

> James L. Trump
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

10