IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) No. 1:05cr264 (LMB)
)
THOMAS MOROCCO HAGER )

**MOTION OF THE UNITED STATES
FOR MODIFICATION OF SCHEDULE AND OTHER RELIEF**

On April 27, 2015, Thomas Hager, through counsel, filed a *Motion to Vacate, Set Aside, or Correct Sentence and for New Trial Pursuant to 28 U.S.C. § 2255* (DE 529).   This Court subsequently issued an order directing the United States to respond to that motion by July 27, 2015 (DE 539).   In this motion, the United States asks that the Court suspend the current schedule and set this matter for a hearing to resolve the matters discussed below and any other matters raised by Hager or Hager's trial counsel.   With regard to this request to suspend the current schedule, the motion is unopposed, and the government and Hager agree that a new procedural schedule should be established after all affected parties have had an opportunity to be heard.

**1.  Motion for an Order Directing Trial Counsel to Respond to Hager's Motion**

Hager's § 2255 motion makes numerous claims that trial counsel rendered constitutionally ineffective assistance of counsel.   Hager's trial attorneys in this case were Joseph J. McCarthy and John C. Kiyonaga.   The United States cannot address these allegations in a meaningful fashion, nor can the Court evaluate them, without having trial counsel respond to these claims.

Courts are in near universal agreement that the filing of a habeas petition on grounds of ineffective assistance of counsel impliedly "waives the protection of the attorney client-privilege over information that is relevant to those claims."  *La Borde v. Virginia*, 2011 WL 2358510 at *3

(E.D. Va. June 9, 2011). *See also United States v. Pinson*, 584 F.3d 972, 978 (9th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In Re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir. 2003) (*en banc*); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982). By claiming ineffective assistance on the part of trial counsel, Hager has waived any claim of attorney-client privilege he might have with respect to the matters raised in the motion. The waiver, admittedly, must be "no broader than needed to ensure the fairness of the proceedings before [this Court]" arising from the motion. *Bittaker*, 331 F.3d at 720. Given the scope and breadth of his allegations, however, Hager has waived the attorney-client privilege with respect to almost all issues in both the guilt and penalty phases of the trial, including, but not limited to, whether he maintained his innocence with his attorneys, what defenses, if any, he discussed with them, what opinions, if any, he had on the strength of the government's case and the credibility of the witnesses who testified against him, and what mitigation evidence should or should not be presented, as well as all advice rendered by counsel on these matters.

Rule 1.6 of the Virginia Rules of Professional Conduct, which are applicable in this district (*see Local Rules of the U.S. District Court for the Eastern District of Virginia*, *Appendix B, Federal Rule of Disciplinary Enforcement,* Rule IV (B)), generally bars disclosure of information protected by the attorney-client privilege or that is otherwise confidential without the client's consent or unless the disclosures are implied authorized in order to carry out the representation. That Rule, however, is not absolute. *See* Va. R. Prof. Conduct 1.6(b) & (c) (listing instances in which disclosure of information otherwise protected by the Rule is permitted or required). Rule

1.6(b)(2) provides that "[t]o the extent a lawyer reasonably believes necessary, the lawyer may reveal [information protected by the Rule] to respond to allegations in *any proceeding* concerning the lawyer's representation of the client." Va. R. Prof. Conduct 1.6(b)(2) (emphasis added). Comment 10 explains the operation of that exception in detail: "Where a *legal claim* or disciplinary charge alleges . . . misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client." Va. R. Prof. Conduct 1.6(b)(2), cmt. 10 (emphasis added).

In a legal ethics opinion, the Virginia Bar has stated, however, that Rule 1.6(b)(2) generally does not authorize the disclosure of client confidences in habeas cases involving claims of ineffective assistance of counsel in criminal cases absent judicial supervision. *Legal Ethics Opinion 1859,* http://www.vacle.org/opinions/1859.htm (June 6, 2012).[1] The opinion reasons that until a court has made a determination of whether the petition is legally and procedurally sufficient, it is "unlikely that it is reasonably necessary for the lawyer to disclose confidential information at the time the petition is filed."

We submit that an order from this Court directing trial counsel to respond to Hager's motion and provide discovery relevant to his claims would satisfy the "judicial supervision" requirement suggested in the Virginia Bar opinion. Such an order would constitute a judicial finding that the disclosure of privileged information is reasonably necessary to defend against Hager's claims of ineffective assistance and that the disclosures would be made under judicial

---

[1] That opinion addressed the following question: May a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel disclose confidential information to government lawyers prior to any hearing on the defendant's claim, without a court order requiring the disclosure or the informed consent of the former client, in order to help to establish that the defense lawyer's representation was competent?

supervision in a formal proceeding after a determination of what information should be revealed.

To the extent that there are any issues as to whether certain relevant information has or has not

been waived by Hager, the Court can intervene as necessary to resolve those issues.[2]

We request that the Court issue an order finding that Hager has waived the attorney-client

privilege and any other right to confidentiality under Va. R. Prof. Resp. 1.6 with respect to all

issues of ineffective assistance of counsel that he has raised in his motion.   This waiver includes

whether Hager maintained his innocence with his attorneys, what defenses, if any, he discussed

with them, what opinions, if any, he had on the strength of the government's case and the

credibility of witnesses, and what mitigation evidence should or should not be presented, as well as

all advice rendered by counsel on those issues.   It also includes all discussions Hager had with his

attorneys on pre-trial and trial strategy and objectives.

We also request that the order direct trial counsel to provide the government (and habeas

counsel, if not yet provided) with (a) copies of all information, documents, correspondence,

memoranda, notes, records, or other materials relating to the issues raised in the motion on which

Hager has waived any privilege or other claim of confidentiality or which are not otherwise subject

---

[2]  A number of courts addressing this issue have rejected the idea that they must actively supervise interactions between former defense counsel and the government.  *See, e.g., Melo v. United States*, 825 F.Supp.2d 457, 463 n. 2 (S.D.N.Y. 2011) (permitting former defense counsel to provide affidavit to government); *Dunlap*, 2011 WL 2693915, at *2 n.4 (permitting former defense counsel to file affidavit with court and noting that petitioner's reliance on A.B.A. Op. 10-456 was "misplaced and unpersuasive.").   The practical difficulties associated with requiring direct judicial supervision were aptly noted by one district judge:   "In 2009, approximately twenty thousand habeas corpus petitions and approximately six thousand § 2255 motions were filed in the federal district courts.   Based on this Court's experience, it is safe to assume that a large portion if not the vast majority of petitions and motions included ineffective assistance claims.   It would be highly impractical to require federal district court judges to directly supervise every interaction between the Government and the attorney who allegedly provided ineffective assistance to his former client."   *Giordano v. United States*, 2011 WL 1831578 at * 3 (D. Conn. Mar. 17, 2011) (unpublished) (internal citation and footnote omitted).

to a claim of privilege or confidentiality, subject, if necessary, to redaction of any portions of said materials not covered by Hager's waiver or not related to counsel's representation of Hager[3]; (b) a sworn, written response to Hager's claims of ineffective assistance of counsel; and (c) copies of any *ex parte* pleadings or filings submitted to the trial judge by trial counsel that are related to the any of the issues raised in Hager's motion, as well as transcripts or notes of any *ex parte* hearings on the same.

We also ask that the Court direct trial counsel to respond to questions by, and submit to interviews with, representatives of the government regarding any of the issues raised by Hager's motion.

We also request that the order direct habeas counsel to provide the government with copies of all information, documents, correspondence, memoranda, notes, records, or other materials relating to the issues raised in the motion on which Hager has waived any privilege or other claim of confidentiality or which are not otherwise subject to a claim of privilege or confidentiality, subject, if necessary, to redaction of any portions of said materials not covered by Hager's waiver or not related to counsel's representation of Hager.   This request includes any reports, notes, or other documentation of interviews with trial counsel regarding their representation of Hager as it relates to the issues raised in Hager's motion, including any correspondence or email exchanges between habeas counsel and trial counsel related to such issues.

---

[3]  In the context of this order, "trial counsel" would include the attorneys of record, any persons working on their behalf, including associates, legal assistants, paralegals, investigators, expert witnesses (whether or not called to testify at trial), mitigation specialists, and anyone else who played any role as part of Hager's trial defense team.

**2.      Motion for an Order Directing Habeas Counsel to File an Appendix in Support of Hager's Motion**

Hager's § 2255 motion is about 200 pages in length.   It advances a number of claims for relief and discusses the trial record and discovery materials as well as mitigation evidence that Hager claims should and should not have been presented.   The motion, however, is largely devoid of specific references to documents, affidavits, reports, or other information supporting his claims. For example, in the section dealing with the allegedly overlooked mitigation evidence (Part III, pages 94 through 186), there is a long narrative describing Hager's upbringing, family history, psychological tests and diagnoses of Hager and others, incidents of child abuse, drug and alcohol use – even Hager's sleep patterns, but without any supporting documentation or information as to the source of this information.   As such, it is impossible to respond adequately to Hager's motion or for this Court to evaluate his claims.

The government requests that Hager be ordered to prepare and file an appendix containing all documents supporting the various factual assertions and claims in the motion.   These would include documents obtained through discovery (*e.g.*, reports of interviews), reports of medical, psychiatric and/or psychological tests and evaluations, mitigation reports, notes of interviews, transcripts of testimony, exhibits, affidavits – indeed, anything and everything that was relied on or used to support the factual assertions in Hager's motion.   The government further requests that Hager be ordered to submit a revised motion with citations to this appendix for the assertions of fact in the motion.

### 3.    Motion for Discovery

The government further requests that Hager, through habeas counsel, provide discovery. We ask that Hager provide the government with copies of all information and documentation relevant to the factual assertions in his motion, whether or not the information was relied on by Hager in making his factual assertions.   This would include any and all records and reports obtained from or prepared by experts, mitigation specialists, medical and/or mental health practitioners, and investigators.   It would also include any of the underlying information or documentation for such reports (*e.g.*, notes and/or reports of interviews with persons providing information to mitigation specialists or investigators).

### 4.    Motion for Hearing and Modification of Procedural Schedule

At present, the government must respond to Hager's motion on or before July 27, 2015 (DE 539).   As detailed above, we cannot respond adequately to the motion as filed, and we cannot respond adequately to the motion without information from trial counsel and discovery.   As such, we ask that the Court vacate the current order requiring a response by that date and schedule a hearing to address this motion and the procedural schedule going forward.   Moreover, it has been eight years since the trial in this case and over twenty years since the murder of Barbara White. The voluminous case records and files must be reviewed once again; however, all of the law enforcement personnel who had worked on the case have since retired, and among the United States Attorney's Office personnel involved in the case, only the undersigned counsel remains. These are only logistical issues, of course, but they impact the ability of this office to respond to Hager's motion in a timely yet thorough manner.   A proposed order is attached, to which habeas counsel does not object.

Wherefore, for the foregoing reasons, the United States moves for the entry of the attached order and for the scheduling of a hearing on this motion.

Respectfully submitted,

Dana J. Boente
United States Attorney

James L. Trump
Assistant United States Attorney
Attorney for the United States

By:                        /s/

James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day July, 2015, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____

James L. Trump
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov