**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : **Criminal No. 1:05-cr-00264 (LMB)** |
| | : **Civil Action No. 1:15-cv-00551** |
| **v.** | : |
| | : **CAPITAL § 2255** |
| **THOMAS MOROCCO HAGER,** | : **PROCEEDINGS** |
| | : |
| **Defendant.** | : |
| | : |

**DEFENDANT'S OPPOSITION TO THE MOTION OF THE UNITED STATES
FOR MODIFICATION OF SCHEDULE AND OTHER RELIEF**

In its Motion (ECF No. 541), the government requests a broad range of discovery from both trial counsel and habeas counsel.  By asking for unilateral discovery now, before it has even answered or otherwise responded to Defendant Thomas Morocco Hager's ("Mr. Hager") section 2255 Motion, the government seeks to upend the process established by the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") for litigating and adjudicating section 2255 motions.  The Section 2255 Rules establish a process that is akin to a civil proceeding, wherein the defendant pleads his claims and alleges facts supporting those claims, the government answers or otherwise responds to those allegations, and then, *after* the pleadings have been filed, each party has an opportunity to engage in discovery to develop facts that prove or disprove those claims.  Mr. Hager submits that, in lieu of allowing the government discovery now, the government should be required to answer or otherwise respond to Mr. Hager's section 2255 Motion as previously ordered, Mr. Hager should be allowed a reply, also as previously ordered, and only after the pleadings have been filed, the parties should proceed with discovery in a manner consistent with a civil proceeding.  Mr. Hager further proposes that the parties work together to create a discovery plan and schedule that they will

submit for the Court's consideration. In addition, the government's request for an appendix—which is simply another request for discovery and to expand the record before the Court prematurely—should be rejected in favor of proceeding as Mr. Hager proposes.

## ARGUMENT

**1. The Court Should Deny the Government's Request for Premature Discovery and Instead Proceed in a Manner Consistent with the Section 2255 Rules.**

The government's request for discovery should be denied because it is premature and inconsistent with the Section 2255 Rules. The Section 2255 Rules contemplate that a section 2255 proceeding be conducted as a modified civil proceeding. This means that discovery should occur only *after* the parties file their respective pleadings. It also means that the Federal Rules of Civil Procedure should govern discovery.

A section 2255 proceeding begins when a defendant files a motion that, like a complaint, states the grounds for the relief sought and the factual support for those grounds. *See* Section 2255 Rule 2(b). The court must review the motion, and if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief," the court must dismiss the motion. Section 2255 Rule 4(b). The Fourth Circuit has held that a district court should not summarily dismiss a section 2255 motion unless it is "frivolous or patently absurd on its face." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). If the motion is not dismissed outright, the court must order the government to file "an answer, motion, or other response within a fixed time." Section 2255 Rule 4(b). Here, the Court determined that Mr. Hager's section 2255 Motion should not be summarily dismissed when it ordered the government to file a response to his Motion. ECF Nos. 532 & 539.

Rule 5 of the Section 2255 Rules requires the government in its answer to "address the allegations in the motion." Section 2255 Rule 5(b). The answer in a section 2255 proceeding

2

functions much like an answer in a civil proceeding by affording the government the opportunity to identify the issues in dispute. *See* Rules Governing Section 2254 Cases, Rule 5 advisory committee note (incorporated by reference in Section 2255 Rule 5 advisory committee note). After the government has answered or otherwise responded to the motion, the movant may "submit a reply to the [government's] answer or other pleading within a time fixed by the judge." Section 2255 Rule 5(d). In both the original and revised scheduling orders, this Court granted Mr. Hager the opportunity to file a reply. ECF Nos. 532 & 539.

Once the initial pleadings have been filed, the Section 2255 Rules contemplate that the parties will develop the factual record beyond the allegations in the pleadings. Rule 6(a) provides that the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." The "good cause" standard is met "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004) (applying *Bracy* and *Harris* to discovery requests in section 2255 proceedings). A party requesting discovery "must provide reasons for the request," and, if seeking documents, specify the documents it is requesting. Section 2255 Rule 6(b). The Section 2255 Rules also allow for the expansion of the record before the district court through the submission by the parties, at the court's direction, of additional materials relating to the motion. Section 2255 Rule 7(a). Following discovery and any expansion of the record, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); Section 2255 Rule 8(a).

Postponing discovery until after the pleadings have been filed, and ordering the parties to proceed with discovery in accordance with the Federal Rules of Civil Procedure, is not only consistent with the Section 2255 Rules, but also promotes fairness and efficiency and reduces the burden on the Court.  Discovery in section 2255 proceedings is not a one-sided process, but a two-way street.  *See* Section 2255 Rule 6.  Each party must be permitted to seek leave to take discovery, with the agreement of the other party or otherwise.  Mr. Hager has substantial discovery that he intends to request, and the parties should be permitted to discuss and negotiate their requests in the first instance rather than granting the government the right to obtain discovery unilaterally.

In addition, Mr. Hager's section 2255 Motion raises significant attorney-client privilege, attorney work product, and client confidentiality issues that the parties should attempt to resolve on their own, and involve the Court only if necessary.  These issues are front and center in the government's Motion.   The government argues that Mr. Hager, by asserting ineffective assistance of counsel claims, has waived the attorney-client privilege "with respect to almost all issues in both the guilt and penalty phases of the trial" (Mot. 2), including with respect to "all discussions Hager had with his attorneys on pre-and trial strategy and objectives" and all communications concerning his innocence, his defenses, and his opinions about the government's case and mitigation evidence (*id.* at 4).  The government has asserted a waiver that is grossly overbroad and flatly inconsistent with the law.  The scope of an implied privilege waiver that arises from the assertion of ineffective assistance claims must be limited to the claims raised and be "no broader than needed to ensure the fairness of the proceedings."  *United*

*States v. Juan*, 48 F. Supp. 3d 853, 859 (E.D. Va. 2014) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). Put another way, the waiver must not be extended "beyond what is needed to litigate the claim of ineffective assistance of counsel." *Bittaker*, 331 F.3d at 722. The government's position stretches the purported waiver far beyond what is needed to litigate Mr. Hager's ineffective assistance claims.

At this juncture, however, the main point is that the parties should be given the opportunity to try to resolve these privilege and waiver issues first, as would occur in a civil proceeding. This case is not the typical section 2255 motion brought by a *pro se* defendant. It is a capital case, and each party is represented by experienced counsel who can attempt to work in an efficient and constructive manner similar to counsel in civil cases.

Proceeding in this fashion will in no way prejudice the government. It is not uncommon for the responding party in a civil case to lack some relevant information before initially responding to the claims and allegations in the complaint. The government already has all the information it needs to adequately respond to Mr. Hager's prosecutorial misconduct claims. To the extent they learn new information relevant to the ineffective assistance of counsel claims during the discovery process, both parties have the ability under Rule 15 of the Federal Rules of Civil Procedure to amend their pleadings.

Thus, instead of proceeding with discovery now, the Court should require the government to answer the allegations in Mr. Hager's Motion and require Mr. Hager to file a reply. *See Redd v. United States*, No. 4:08-CV-1459 CAS, 2010 WL 319477, at *1 (E.D. Mo. Jan. 20, 2010) (ordering government to answer section 2255 motion asserting ineffective assistance of counsel claims before allowing discovery); *Fischer v. United States*, No. 4:09-CV-1783 CAS, 2009 WL 4730638, at *1 (E.D. Mo. Dec. 9, 2009) (same). Once the pleadings are filed and the Court and

5

the parties have a better sense of the disputed issues, the Court should permit both parties to file their respective discovery requests and requests to expand the record. To further ensure an orderly process, discovery should proceed in accordance with the Federal Rules of Civil Procedure. The parties should be allowed to seek leave to serve requests for the production of documents pursuant to Rule 34, interrogatories pursuant Rule 33, requests for admission pursuant to Rule 36, and depositions pursuant to Rule 30. Discovery from third parties—such as Mr. Hager's trial counsel—should proceed as it would under the Federal Rules of Civil Procedure or as agreed by the parties.

Mr. Hager proposes that the Court order the parties' counsel to confer regarding a discovery plan and scheduling order that covers the mechanisms for obtaining discovery and deadlines for filing discovery motions and requests to expand the record. In addition, given the possibility that privileged and confidential information might be disclosed during the course of this proceeding, the Court should order the parties to confer regarding the terms of a protective order concerning the use of any such information that is disclosed during the course of this proceeding.[1] The parties will then submit a joint proposed discovery plan and scheduling order and a joint proposed protective order for the Court's consideration. To the extent there is any disagreement between the parties on these matters, the parties will identify those areas of disagreement in their submission to the Court.

**2.    The Government's Requests for Discovery Should Be Denied Because It Has Not Established "Good Cause" Under Section 2255 Rule 6.**

Even if the government's requests for discovery were not premature, they still should be denied because they are overbroad and do not meet the "good cause" requirement of Section

---

[1] The Fourth Circuit has found that a protective order is an appropriate mechanism for limiting the use of privileged information disclosed during the course of a federal habeas proceeding. *See United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010).

6

2255 Rule 6.  The government seeks the production of "all" non-privileged materials in trial counsel's and habeas counsel's files "relating to the issues raised in [Mr. Hager's] motion" and "any" *ex parte* materials submitted to the trial judge by trial counsel, including transcripts or notes of any *ex parte* hearings, "that are related to the [sic] any of the issues raised in Hager's motion." Mot. 4-5.  Section 2255 Rule 6, however, requires a party seeking discovery to identify with specificity the materials it wants and to explain the reason why those materials would be responsive to the specific allegations of ineffective assistance raised in the section 2255 motion. *See* Section 2255 Rule 6; *Bracy*, 520 U.S. at 908-09; *Roane*, 378 F.3d at 403.  The government has not met this standard here.  Rule 6 does not permit the government to cast a wide net in the mere hope that it might ultimately turn up something relevant and probative.  Because the government's request for counsel's files and *ex parte* materials "appears to be in the nature of a fishing expedition," it should be denied.  *United States v. Garcia*, No. CR S-02-0519 FCD DAD, 2010 WL 144860, at *4 (E.D. Cal. Jan. 11, 2010) (denying government's request for "any documents" in trial counsel's file that "may be relevant to the allegations" in the section 2255 motion); *Hudson v. United States*, No. 3:08-cr-00260, 2011 WL 3667602, at *4 (S.D.W. Va. Aug. 22, 2011) (denying government's request for trial counsel's documents).[2]

3.    **The Government's Request for an Order Directing Trial Counsel to "Respond" to Mr. Hager's Motion Should Be Denied.**

The government also asks the Court to direct trial counsel to provide a "sworn, written response" to Mr. Hager's ineffective assistance of counsel claims.  Mot. 5.  It is unclear from the face of this request exactly what type of "response" the government is seeking.  In any event,

---

[2] Furthermore, the only reason Mr. Hager's trial counsel was required to make the *ex parte* requests of the Court that the government now seeks to obtain is because Mr. Hager is indigent.  In the case of a defendant of means, his counsel's decisions regarding matters such as the retention of experts and investigators would be contained within his counsel's presumptively-confidential file along with all other materials relating to the case.  Requiring that these *ex parte* materials be produced to the government—and thereby compelling the disclosure of trial counsel's opinion work product—simply because Mr. Hager is indigent would be fundamentally unfair.  These documents should be requested, if at all, in the ordinary course of discovery of trial counsel's documents.

asking trial counsel to "respond" to Mr. Hager's section 2255 Motion is improper. Trial counsel are not parties to this proceeding, they are witnesses, and even then, only with respect to some of Mr. Hager's claims. They should not be compelled to file an amorphous "response" to Mr. Hager's Motion.

Moreover, the government's request for a response from trial counsel implicates the attorney-client privilege, attorney work product protection, and client confidentiality. As noted above, Mr. Hager's claims do not waive the privilege in its entirety. *See supra* Part 1. If the parties cannot agree on the scope of any purported privilege waiver, then the Court may need to define its scope. *See Johnson v. Alabama*, 256 F.3d 1156, 1179 (11th Cir. 2001) (noting that where a habeas petitioner asserts an ineffective assistance of counsel claim, the "precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court"). The government's request for a "response" from trial counsel, however, does not allow for any judicial evaluation or determination of the scope of the waiver. Indeed, an order that simply requires trial counsel to "respond" to Mr. Hager's claims creates a heightened risk that trial counsel will inadvertently disclose privileged information "beyond what is needed to litigate the claim of ineffective assistance of counsel." *Bittaker*, 331 F.3d at 722.

Such an order also would place trial counsel in the untenable position of violating the applicable legal ethics rules regarding the disclosure of confidential client information. The Virginia Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct both place limits on the ability of trial counsel to disclose client confidences in responding to allegations concerning counsel's representation of that client. *See* Va. Rules Prof'l Conduct R. 1.6; Model Rules of Prof'l Conduct R. 1.6. As the government acknowledges in its motion, the Virginia Bar has recently stated that a lawyer, absent facts and

8

circumstances justifying an earlier release of information, should disclose confidential information in response to allegations of ineffective assistance only "under judicial supervision in a formal proceeding, after a full determination of what information should be revealed." Va. Comm. on Ethics & Prof'l Responsibility, Legal Ethics Op. 1859 (2012), http://www.vacle.org/opinions/1859.htm; *see also* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010) ("Ordinarily, if a lawyer is called as a witness . . . the lawyer may disclose information protected by Rule 1.6(a) only if the court requires the lawyer to do so after adjudicating any claims of privilege or other objections raised by the client or former client. . . . [I]t is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.") (attached as Exhibit A).  The government's proposed "response" does not meet this standard.

The government's additional request that trial counsel "respond to questions by, and submit to interviews with, representatives of the government" (Mot. at 5) suffers from the same shortcomings.  An informal, off-the-record interview, with no judicial oversight or any ability for habeas counsel to object to the scope of the questioning, directly conflicts with the position of the Virginia Bar and the American Bar Association that trial counsel may only disclose confidential information under judicial supervision in a formal proceeding.  Legal Ethics Op. 1859; Formal Op. 10-456; *see also Hudson*, 2011 WL 3667602, at *4 (denying government's request to speak with trial counsel outside the presence of defendant and the court). Accordingly, the government's request that trial counsel "respond" to Mr. Hager's Motion— either under oath and in writing or orally during interviews with the government—should be denied.

**4.      If The Court Orders a Pre-Answer Response from Trial Counsel, Hager Proposes That Trial Counsel Provide Affidavits Under a Controlled Procedure.**

If the Court decides to order trial counsel to respond to Mr. Hager's ineffective assistance of counsel claims in advance of the government's answer, Mr. Hager proposes that trial counsel provide affidavits—one from Mr. McCarthy and one from Mr. Kiyonaga.  Trial counsel must be given guidance as to what information the government is seeking to ensure that they do not inadvertently disclose privileged information "beyond what is needed to litigate the claim of ineffective assistance of counsel," *Bittaker*, 331 F.3d at 722, or confidential information beyond what is permitted by the applicable legal ethics rules.  Mr. Hager proposes that the parties meet and confer regarding the content of the affidavits as well as the process for preparing them, and attempt to reach agreement on a proposal to submit to the Court.

If the Court is inclined to order trial counsel, over Mr. Hager's objection, to submit affidavits without the parties attempting to reach an agreement about the content of the affidavits, then Mr. Hager respectfully requests that the Court enter an order setting forth the following process for preparing and submitting the affidavits.  To start, the Court should require the government to identify, with specificity, the claims and allegations to which it seeks trial counsel's response, and the exact information it seeks from trial counsel regarding those claims and allegations.  Mr. Hager's habeas counsel should have the opportunity to raise any objections to the government's submission, and the Court should thereafter enter an order stating specifically what information trial counsel should provide and prohibiting trial counsel from providing any additional information.  Mr. Hager also requests that trial counsel's affidavits, before being shared with the government, first be filed under seal and shared with Mr. Hager's habeas counsel, who can review them and object to anything in the affidavits that does not

comply with the Court's order.  Only after the affidavits have been approved by the Court should they be shared with the government.

**5.     The Government's Request for an Appendix is Premature and Should Be Denied.**

The government also requests that Mr. Hager provide an appendix containing all documents supporting the factual assertions and claims in Mr. Hager's section 2255 Motion, as well as a revised motion with citations to the appendix.  Mot. 6.  The government claims that it is "impossible" to respond adequately to the Motion without such an appendix.  *Id.*  As an initial matter, it is incorrect for the government to say that it cannot respond to *any* of the claims in Mr. Hager's Motion without additional evidentiary material.  For example, the Motion asserts claims regarding prosecutorial conduct to which the government can respond without reference to other documents and information.

Even as to claims for which Mr. Hager has pled factual allegations that are not part of the current record, the government is not entitled to the relief it seeks.  In requesting an appendix, what the government is really demanding is discovery and expansion of the record.  For the reasons set forth above, *supra* Part 1, such a request is premature and should be denied.  Rule 2 of the Section 2255 Rules, which establishes the form of a section 2255 motion, does not require the movant to submit documents, affidavits, or other support for his or her motion at the pleadings stage.  To satisfy Rule 2, a movant need only

> (1) specify all the grounds for relief available to the moving party;
> (2) state the facts supporting each ground; (3) state the relief
> requested; (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the movant or by a
> person authorized to sign it for the movant.

Section 2255 Rule 2(b).  Mr. Hager has met this standard.  The strength of Mr. Hager's proof is not at issue at this preliminary stage of the proceeding, and the government, in answering Mr. Hager's Motion, must assume that the facts alleged are true to the extent it is not in a position to

dispute them.  If the parties want discovery or to expand the record, they may request permission to do so after the pleadings have been filed.  Mr. Hager will produce relevant documents in the course of an orderly discovery process, to the extent allowed by the Court.[3]

## CONCLUSION

For the foregoing reasons, Mr. Hager respectfully requests that the government's Motion (ECF No. 541) be denied, and that the Court enter the attached order.

Dated: July 16, 2015

Respectfully submitted,

/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*

/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

---

[3] In addition to an appendix, the government also requests that Mr. Hager produce "all information and documentation relevant to the factual assertions in his motion."  Mot. 7.  The government's request targets habeas counsel's files, and in particular materials reflecting the work that habeas counsel has performed in preparing Mr. Hager's section 2255 Motion.  Not only is the government's request premature, but much of what the government seeks, including "notes and/or reports of interviews with persons providing information to mitigation specialists or investigators" (*id.*), is protected attorney work product and not discoverable.  *See, e.g., Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity.") (citations omitted); *SEC v. NIR Grp., LLC*, 283 F.R.D. 127, 133-34 (E.D.N.Y. 2012) (finding that notes and memoranda of attorney-conducted witness interviews prepared by an attorney, a staff accountant, and a legal intern as part of SEC investigation were protected work product); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (finding attorney's summary of witness interview prepared in anticipation of litigation was protected opinion work product).

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2015, I have caused a copy of the

**DEFENDANT'S OPPOSTION TO THE MOTION OF THE UNITED STATES FOR MODIFICATION OF SCHEDULE AND OTHER RELIEF** to be served on the following by electronically filing it on the court's ECF system:

> James L. Trump
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

13