IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05cr264 (LMB) |
| | ) | |
| THOMAS MOROCCO HAGER | ) | |

**REPLY OF THE UNITED STATES TO DEFENDANT'S RESPONSE TO THE MOTION
FOR MODIFICATION OF SCHEDULE AND OTHER RELIEF**

In our motion (DE 541), we requested that the Court convene a hearing, currently scheduled for August 6, 2015, to address a number of issues relating to the defendant's Section 2255 motion (DE 529), including the timing of the government's response to the motion, the nature and scope of trial counsel's response to the allegations of ineffective assistance, discovery relating to those claims, and the lack of almost any citation or supporting documentation for the factual assertions in the defendant's pleading.   In his response (DE 544), the defendant contends that this is essentially a civil proceeding and, as such, nothing should happen until the government "answer[s] or otherwise respond[s]" to the Section 2255 motion.   Only then, he argues, should the Court and the parties proceed with any other matters.

**1.   Hager's Section 2255 motion is part of the criminal case.**   A Section 2255 motion is not a separate civil action, nor is it analogous to the filing of a civil complaint.   To the contrary, a Section 2255 proceeding is "a continuation of a defendant's federal criminal case."   *United States v. Thomas*, 713 F.3d 165, 169 (3rd Cir. 2013); *see also United States v. Cook,* 997 F.2d 1312, 1319–20 (10th Cir.1993).   As indicated in the Advisory Committee Notes to the Section 2255 Rules:

> [A] motion under § 2255 is a further step in the movant's criminal case and not a separate civil action, as appears from the legislative history of section 2 of S 20, 80th Congress, the provisions of which were incorporated by the same Congress in title 28 USC as § 2255 . . . .
>
> The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action has significance at several points in these rules. See, e.g., advisory committee note to rule 3 (re no filing fee), advisory committee note to rule 4 (re availability of files, etc., relating to the judgment), advisory committee note to rule 6 (re availability of discovery under criminal procedure rules), advisory committee note to rule 11 (re no extension of time for appeal), and advisory committee note to rule 12 (re applicability of federal criminal rules). However, the fact that Congress has characterized the motion as a further step in the criminal proceedings does *not* mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination, and burden of proof.

The practice in this district is consistent with these principles.   Rather than requiring the government to file an "answer" to the motion as if it were a civil complaint, the court – typically the trial judge – reviews the motion and directs the government to respond on the merits only if necessary.[1]   In cases involving ineffective assistance claims, the government's response often includes information obtained from the defendant's trial counsel.   Once briefed, the court either grants or denies the motion, or, in relatively few cases, the judge conducts an evidentiary hearing

---

[1]   An answer in a civil proceeding is often a simple admission, denial, or statement that the defendant lacks knowledge or belief as to the truth of a particular allegation.   The defendant in a civil case may also respond by motion (*e.g.*, motion to strike or motion to dismiss for failure to state a claim upon which relief can be granted).   Requiring the government to file such a pleading as an initial matter would put form well over substance and hardly advance the proceedings.

before ruling on the motion.[2]

The significant differences in this case and other Section 2255 proceedings are (1) the sentence imposed; (2) the scope of the ineffectiveness claims, encompassing most of both the guilt and penalty phases of the trial; and (3) the lack of support for the Section 2255 motion, either by citation to the underlying record or the submission of supporting documentation.   None of these differences requires this Court to abandon its Section 2255 procedures as suggested by the defendant.

2.   **Trial counsels' input is essential to the Court's evaluation of Hager's Section 2255 motion.**   Under *Strickland v. Washington,* 466 U.S. 668 (1984), a defendant raising a Sixth Amendment ineffective-assistance-of-counsel claim must demonstrate both that counsel's performance was so deficient as to fall "below an objective standard of reasonableness" (*id.* at 688) and that, as a result of counsel's unprofessional errors, "there is a reasonable probability that *** the results of the proceeding would have been different" (*id.* at 694).

The Supreme Court has repeatedly stated that "[j]udicial scrutiny of a counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight," so that the conduct can be evaluated "from counsel's perspective at the time" and in light of all the circumstances.   *Bell v. Cone,* 535 U.S. 685, 698 (2002) (quoting *Strickland,* 466 U.S. at 689).   The requirement that counsel's performance be scrutinized deferentially is based on the recognition that it is "all too tempting" for a convicted defendant to

---

[2]   *See generally Skillman v. United States*, 941 F. Supp. 2d 188, 190 (D. Mass. 2013) ("The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a three-step process for reviewing § 2255 motions: 1) preliminary screening, 2) review to determine the necessity of holding an evidentiary hearing after discovery and expansion of the record and 3) decision following an evidentiary hearing."   For a more exhaustive discussion of the nuances of Section 2255 litigation and the hybrid nature of certain 2255 procedures, *see United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007).

"second-guess counsel's assistance" and "all too easy" for a court to find an act or omission "unreasonable" because it was "unsuccessful." *Strickland,* 466 U.S. at 689.   Accordingly, courts "must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance." *Bell v. Cone,* 535 U.S. at 702 (quoting *Strickland,* 466 U.S. at 689).

The same principles apply when the decision at issue is an investigative one.   A pretrial investigation is "measured for 'reasonableness under prevailing professional norms,' " which "includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time,' " *Wiggins v. Smith,* 539 U.S. 510, 523 (2003) (quoting *Strickland,* 466 U.S. at 688-689), and that courts must "apply[] a heavy measure of deference to counsel's judgments," *Strickland,* 466 U.S. at 691.   That means that, while "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[,] *** strategic choices made after less than complete investigation are [likewise] reasonable *** to the extent that reasonable professional judgments support the limitations on investigation."   *Wiggins,* 539 U.S. at 521 (quoting *Strickland,* 466 U.S. at 690-691).

Before the government and this Court can evaluate trial counsel's "perspective at the time," the government should be permitted to review any records and documents previously maintained by trial counsel pertaining to the defendant's claims of ineffective assistance of counsel.   In addition, trial counsel should be required to respond to the motion in some fashion, as counsels' recollection of their trial strategy and decisions certainly will be of assistance to the Court.   We believe that the most efficient procedure would be for trial counsel to prepare a written response to each of the specific allegations of ineffective assistance, followed by interviews.   If the Court would prefer that trial counsel submit to a deposition, that procedure would also allow

the parties to develop a sufficient record upon which this Court could make its findings.  *See*, *e.g.*, *United States v. Stone*, 824 F.Supp.2d 126 (D. Maine 2011) (affirming magistrate judge's order requiring trial counsel to produce records and submit to deposition rather than informal interview). Whatever process is employed would certainly satisfy the Virginia Bar's concern that the disclosure of this type of information be conducted under judicial supervision.

   3.   **The government should have full access to all motions, orders, transcripts, and other previously sealed records.**   There were undoubtedly justifiable reasons for the *ex parte* submission and sealing of a number of pleadings, orders, documents and transcripts prior to the trial in 2007.   It is doubtful that those reasons still exist, and, to the extent they rested on assertions of attorney client or work product privileges, those have been waived in so far as they relate to the claims raised in the motion.   We believe that many of these under seal matters would document the efforts made by trial counsel to prepare the defendant's defense, both in the guilt and penalty phases.   It would be unfair to allow the defendant "to make allegations which might be substantiated and/or refuted in part by sealed court documents, pleadings and/or transcripts without allowing the government an opportunity to review those matters."   *Barrett v. United States*, 2009 WL 2982670 (E.D. Okla. 2009) (granting government's motion to unseal records in post-conviction death penalty proceeding).   This is not discovery.   The government simply seeks disclosure of this Court's files – files also in the possession of the defendant.   If the defendant believes that any of these records are irrelevant to his claims of ineffective assistance, he can, of course, bring that to the attention of the Court prior to the release of these materials.

   4.   **The defendant should be required to produce all information and documentation supporting his Section 2255 motion.**   We are no longer preparing for trial, and there is no need to be coy about the information supporting the defendant's claims.   Moreover, a defendant bears

5

the burden of proving factual claims in a § 2255 in establishing that a constitutional violation occurred.   *See, e.g., United States v. Nicholson,* 611 F.3d 191, 196-97 (4th Cir. 2010); *Miller v. United States,* 261 F.2d 546, 547 (4th Cir. 1958).   Likewise, the defendant bears the burden in establishing ineffective assistance of counsel.   *See, e.g., United States v. Cooper,* 617 F.3d 307, 312 (4th Cir. 2010); *Nicholson,* 611 F.3d at 196-97; *Page v. United States*, 2015 WL 4571316, at 2 (E.D. Va. 2015); *United States v. Albrechta*, 2015 WL 4477686 at 2 (E.D. Va. 2015).

In verifying the motion, defendant's counsel represented that the contents of the motion are true based upon "information and belief."   DE 529 at 199.   Counsel further represents:

> The sources of my information include official court records, various documents obtained or prepared during investigation of this motion, and items in the possession of other lawyers, investigators, and/or experts connected with the preparation of this motion.

*Id.*   Yet, despite this assertion, the motion itself is devoid of specific references to most of this information.   All of it should be provided to the Court and the government, together with a revised motion with appropriate references to these materials.   Again, this is not discovery.   This is information that should have been submitted with the motion.   Without this information, the government cannot respond to the defendant's allegations, nor can the Court properly and fairly evaluate the defendant's claims.

In sum, the government asks the Court (1) to direct the defendant to file all documentation supporting his motion, together with a revised motion with appropriate citations and references to this information; (2) to direct trial counsel and/or the defendant's counsel to provide any and all records and documents prepared and/or maintained by trial counsel relating to the defendant's claims of ineffective assistance; (3) to order the unsealing of *ex parte* pleadings, orders, transcripts, and other documents, subject to any objections the defendant may raise as to relevance and/or

privilege; and (4) to establish a procedure whereby trial counsel may respond to the defendant's motion and, if necessary, to be questioned about their written response.   Once these preliminary matters have been completed, the government will be able to respond to the merits of the defendant's claims.

Respectfully submitted,

Dana J. Boente
United States Attorney

James L. Trump
Christopher Catizone
Assistant United States Attorneys
Attorney for the United States

By: _____/s/_____

James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2015, I electronically filed the foregoing reply with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
James L. Trump
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

8