IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05cr264(LMB) |
| | ) | 1:15cv551 (LMB) |
| THOMAS MOROCCO HAGER | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Defendant Thomas Morocco Hager ("Hager") has filed a Motion for Partial Reconsideration ("Motion") in which he objects to the breadth of the Order issued on August 6, 2015. That Order required that habeas counsel produce to the government all of trial counsels' files. Hager argues that he should not be deemed to have waived his attorney-client privilege as to all communications with counsel when he filed his Section 2255 motion and that only those portions of trial counsels' files relevant to the specific issues raised in the Section 2255 motion should be produced. Hager supports his motion by listing nine subject areas he alleges would be irrelevant to the issues raised in his Section 2255 motion. These subjects include jury selection, plea discussions with the government, and unadjudicated homicides identified in the government's Notice of Intent to Seek a Death Sentence but not introduced at trial. Motion at 3. Hager argues that instead of deeming the attorney-client privilege waived as to everything trial counsel had in their files, habeas counsel should be required to produce only what they determine is relevant to the issues they have raised in their motion and produce a privilege log for those materials being withheld for the Court to review. In that way a specific determination of relevance could be made.

The government has opposed the motion, arguing that the extraordinary breadth of Hager's collateral attack, which covers 202 pages, renders nearly the entirety of trial counsels' files relevant for an appropriate consideration of trial counsels' performance. Citing to Fed. R. Evid. 401, the government stresses that relevant evidence is whatever information "has any tendency to make a fact more or less probable than it would be without the evidence." Opp. at 2. When a convicted defendant alleges that his trial counsel's performance was constitutionally ineffective, that allegation requires the Court to determine the reasonableness of counsels' decisions in light of "the totality of the circumstances." Lee v. United States, 2011 WL 841441, at 4* (E.D.Va. 2011).

Hager has replied to the opposition arguing that requiring production of the entirety of trial counsels' files "would expose defendants who assert ineffective assistance of counsel claims and succeed in obtaining a new trial . . . to the specter of having to face an adversary that now has the benefit of all defendant's communications with counsel . . . such a result would be fundamentally unfair." Defendant's Reply at 4. Of course, it would be equally unfair to trial counsel to have their performance judged against an incomplete picture of what information they knew, their relationship with their client and any limitations that relationship placed on their tactical decisions.

In his Section 2255 motion, Hager made the tactical decision to attack dozens of decisions trial counsel either made or failed to make during both the guilt and penalty stages of his trial. The Court previously found, and the government correctly argues, that the breadth of these issues has made broad discovery appropriate. Habeas counsels' nine examples of the alleged over-breadth of the Court's order demonstrates the weakness of their position. Among the nine topics counsel argue would be irrelevant because the habeas motion "raises no claims concerning the constitutional effectiveness of trial counsel's performance relating to [that topic]" is "unadjudicated homicides that were identified in the government's Notice of Intent to Seek a

2

Death Sentence but were ultimately not introduced as non-statutory aggravators at trial." Contrary to habeas counsels' argument, it would have been appropriate for trial counsel to spend time questioning their client about, and investigating, these homicides to be sure, among other concerns, that they did not call witnesses or ask questions of witnesses which might open the door to evidence of those homicides coming into the trial. The time spent on such efforts might justify why more time was not spent investigating witnesses who habeas counsel identify as significant uncalled witnesses. Similarly, time spent trying to obtain a favorable plea or to work out a cooperation agreement might also be highly relevant to understanding why counsel did or did not conduct certain investigations. In sum, with the exception of jury selection, all of the other nine topics are relevant to a fair evaluation of trial counsels' performance. Therefore, broad access to trial counsels' files is appropriate.

Accordingly, for the reasons discussed in the August 6, 2015 hearing and this Order, with the exception of materials related to jury selection, Hager's Motion for Partial Reconsideration [Dkt. No. 552] is DENIED, and it is hereby

ORDERED that habeas counsel produce all of trial counsels' files, with the exception of materials related to jury selection, to counsel for the government by Friday, September 18, 2015.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 15 day of September, 2015.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

3