UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 1:05-cr-00264 (LMB) |
| | : Civil Action No. 1:15-cv-00551 |
| THOMAS MOROCCO HAGER, | : |
| | : CAPITAL § 2255 PROCEEDINGS |
| Defendant. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S UNOPPOSED
MOTION FOR EXTENSION OF TIME TO PRODUCE TRIAL COUNSEL'S FILES**

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully seeks an extension of time to comply with the Court's Order, dated September 15, 2015, requiring habeas counsel to produce all of trial counsel's files, with the exception of materials related to jury selection, to the government. *See* 9/15/15 Order, ECF No. 560. Habeas counsel needs additional time to confer with counsel for the government to try to reach an agreement regarding a proposed protective order that would appropriately limit the government's use of the privileged or confidential material in trial counsel's files. Mr. Hager respectfully requests that habeas counsel be given until September 30, 2015, to produce trial counsel's files to the government. Habeas counsel has conferred with counsel for the government and they do not oppose Mr. Hager's request for an extension of time.

**RELEVANT BACKGROUND**

On July 2, 2015, the government filed a motion seeking extensive discovery from trial counsel and habeas counsel, including the production by habeas counsel of all portions of trial counsel's files as to which the attorney-client privilege or other claim of confidentiality has been waived. *See* 7/2/15 Motion, ECF No. 541. In its Order dated August 6, 2015, the Court directed

habeas counsel to "provide the government forthwith with all files obtained from trial counsel." *See* 8/6/15 Order, ECF No. 547. Shortly thereafter, Mr. Hager moved for partial reconsideration of the Court's August 6, 2015 Order, arguing that the ineffective of assistance of counsel claims asserted in his Section 2255 motion did not engender an unlimited waiver of the attorney-client privilege, attorney work product doctrine, and rules governing confidential client information, and that habeas counsel should not be required to turn over to the government privileged or confidential materials that are not relevant to Mr. Hager's claims. *See* 8/21/15 Motion, ECF No. 552 & 553. On September 15, 2015, the Court denied Mr. Hager's reconsideration motion and directed habeas counsel to produce all of trial counsel's files, with the exception of materials related to jury selection, to counsel for the government by Friday, September 18, 2015. *See* 9/15/15 Order, ECF No. 560.

At the August 6 hearing on the government's discovery motion, the Court noted that a protective order in this case would be appropriate, stating that "[w]e want to have full disclosure, and in order to have full disclosure . . . then I think there has to be some reasonable protection for the defendant." Hr'g Tr. 43:15-17, Aug. 6, 2015. The Court also stated that the parties should confer regarding the language of such a protective order. *Id.* at 43:11-12.

## ARGUMENT

**I.      THE DEADLINE FOR HABEAS COUNSEL TO PRODUCE TRIAL COUNSEL'S FILES SHOULD BE EXTENDED TO ALLOW THE PARTIES TO CONFER REGARDING THE TERMS OF A PROTECTIVE ORDER AND TO SUBMIT A PROPOSED ORDER TO BE ENTERED BY THE COURT.**

The Court has ordered habeas counsel to produce to the government all of trial counsel's files, excluding materials relating to jury selection. As a result, habeas counsel will be providing the government documents and other materials that, but for Mr. Hager's ineffective assistance of counsel claims, are protected by the attorney-client privilege, attorney work product doctrine, or

rules protecting client confidential information.  As the Court acknowledged at the August 6 hearing, a protective order is appropriate to protect Mr. Hager from the public use of these materials and their use beyond the context of this habeas proceeding.  *See* Hr'g Tr. 13:17-21 ("I think there would have to be some way of protecting so [the government] get the information [it] need[s] to respond to this case but . . . Mr. Hager can't be penalized by the use of that information in some further investigation."); *see also United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (finding protective order was appropriate mechanism for limiting the use of privileged information disclosed during the course of a federal habeas proceeding).  It is imperative that a protective order be entered before habeas counsel produces trial counsel's files to ensure that those materials are only used for the limited purpose of allowing the government to respond to Mr. Hager's ineffective assistance claims.

The Court's September 15, 2015 Order requires Mr. Hager to produce trial counsel's files by September 18.  This deadline does not allow habeas counsel sufficient time to confer with counsel for the government regarding the terms of a protective order and to submit a proposed order to the Court for its consideration and entry.  Accordingly, habeas counsel respectfully requests an additional twelve days – until September 30, 2015 – to produce trial counsel's files. Habeas counsel believes this is enough time for the parties to negotiate, and the Court to enter, an appropriate protective order.

**CONCLUSION**

For the foregoing reasons, Mr. Hager respectfully requests that the Court extend the deadline by which habeas counsel must produce trial counsel's files, excluding materials relating to jury selection, to the government, to September 30, 2015.

Dated: September 17, 2015                    Respectfully submitted,

/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*

/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 17tht day of September, 2015, I have caused a copy of the

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION**

**FOR EXTENSION OF TIME TO PRODUCE TRIAL COUNSEL'S FILES** to be served on

the following by electronically filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

5