UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 1:05-cr-00264 (LMB) |
| | : | Civil Action No. 1:15-cv-00551 |
| | : | |
| THOMAS MOROCCO HAGER, | : | CAPITAL § 2255 PROCEEDINGS |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S UNOPPOSED
MOTION FOR EXTENSION OF TIME TO PRODUCE TRIAL COUNSEL'S FILES**

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully seeks an extension of time to comply with the Court's Orders, dated September 15 and 17, 2015, requiring habeas counsel to produce all of trial counsel's files, with the exception of materials related to jury selection, to the government.  *See* 9/15/15 Order, ECF No. 560; 9/17/15 Order, ECF No. 563.  Mr. Hager previously requested, and the Court granted, an extension of time to produce trial counsel's files until September 30, 2015, to allow habeas counsel and counsel for the government to confer and try to reach an agreement regarding a proposed protective order that would appropriately limit the government's use of the privileged or confidential material in trial counsel's files.  Habeas counsel and counsel for the government have conferred, but have so far been unable to reach an agreement regarding the terms of a proposed order.  However, the parties remain optimistic that agreement can be reached given additional time for research and discussion, and an extension of two weeks, or until October 14, 2015, is sought for that purpose.  In the event that an agreement cannot be reached, Mr. Hager will by that date submit the issue of the protective order to the Court for resolution.  Accordingly, Mr. Hager respectfully requests that the Court extend the deadline for producing trial counsel's files to the government until

October 14, 2015, or until the Court can resolve the parties' dispute regarding a protective order if agreement has not been reached by that date. Habeas counsel have consulted with counsel for the government and they have no opposition to this request.

## RELEVANT BACKGROUND

On July 2, 2015, the government filed a motion seeking extensive discovery from trial counsel and habeas counsel, including the production by habeas counsel of all portions of trial counsel's files as to which the attorney-client privilege or other claim of confidentiality has been waived. *See* 7/2/15 Motion, ECF No. 541. In its Order dated August 6, 2015, the Court directed habeas counsel to "provide the government forthwith with all files obtained from trial counsel." *See* 8/6/15 Order, ECF No. 547. Shortly thereafter, Mr. Hager moved for partial reconsideration of the Court's August 6, 2015 Order, arguing that the ineffective assistance of counsel claims asserted in his Section 2255 motion did not engender an unlimited waiver of the attorney-client privilege, attorney work product doctrine, and rules governing confidential client information, and that habeas counsel should not be required to turn over to the government privileged or confidential materials that are not relevant to Mr. Hager's claims. *See* 8/21/15 Motion, ECF No. 552 & 553. On September 15, 2015, the Court denied Mr. Hager's reconsideration motion and directed habeas counsel to produce all of trial counsel's files, with the exception of materials related to jury selection, to counsel for the government by Friday, September 18, 2015. *See* 9/15/15 Order, ECF No. 560. On September 17, 2015, Mr. Hager moved to extend that deadline until September 30, 2015, to allow habeas counsel and counsel for the government additional time to confer and try to reach an agreement regarding the terms of a protective order. *See* 9/17/15 Motion, ECF No. 561 & 562. The Court granted Mr. Hager's request. *See* 9/17/15 Order, ECF No. 563.

Since then, habeas counsel has provided the government with a draft stipulation and proposed protective order; counsel for the government has provided their edits to habeas counsel's proposal; and the parties have conferred telephonically regarding the terms of the stipulation and proposed order.  As of the date of this Motion, the parties have yet to reach full accord with regard to certain terms of the proposed order, though they remain optimistic that an agreement can be reached given additional time of research and discussion.

**ARGUMENT**

**I.    THE DEADLINE FOR HABEAS COUNSEL TO PRODUCE TRIAL COUNSEL'S FILES SHOULD BE EXTENDED UNTIL THE PROTECTIVE ORDER ISSUE IS RESOLVED BY AGREEMENT OR BY THE COURT.**

The Court has ordered habeas counsel to produce to the government all of trial counsel's files, excluding materials relating to jury selection.  As a result, habeas counsel will be providing the government documents and other materials that, but for Mr. Hager's ineffective assistance of counsel claims, are protected by the attorney-client privilege, attorney work product doctrine, or rules protecting client confidential information.  As the Court acknowledged at the August 6, 2015 hearing, a protective order is appropriate to protect Mr. Hager from the public use of these materials and their use beyond the context of this habeas proceeding.  *See* Hr'g Tr. 13:17-21 ("I think there would have to be some way of protecting so [the government] get the information [it] need[s] to respond to this case but . . . Mr. Hager can't be penalized by the use of that information in some further investigation."); *see also United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (finding protective order was appropriate mechanism for limiting the use of privileged information disclosed during the course of a federal habeas proceeding).

Habeas counsel and counsel for the government have conferred regarding the terms of a proposed protective order that would govern the government's use of privileged or confidential materials in trial counsel's files, but have as yet been unable to reach an agreement.  In

3

particular, the parties have yet to resolve issues regarding the government's right to use privileged or confidential material for purposes of impeachment, cross-examination, or rebuttal at any new trial or sentencing proceeding that may be ordered as a result of Mr. Hager's Section 2255 motion, as well as whether individuals, including government attorneys, exposed to privileged or confidential material should be allowed to participate at any new trial or sentencing of Mr. Hager. As noted, the parties believe that agreement may be reached if additional time is granted. In the event that the effort fails, Mr. Hager will move the Court to resolve any remaining disagreements.

It is imperative that a protective order be entered before habeas counsel produces trial counsel's files to ensure that those materials are only used for the limited purpose of allowing the government to respond to Mr. Hager's ineffective assistance claims. As the Ninth Circuit held in *Bittaker v. Woodford*, a district court "*must* enter appropriate orders clearly delineating the contours of the limited waiver *before* the commencement of discovery, and strictly police those limits thereafter." 331 F.3d 715, 728 (9th Cir. 2003) (emphasis added). Accordingly, Mr. Hager respectfully requests that the deadline by which habeas counsel must produce trial counsel's files be extended until October 14, 2015, or until the Court can resolve the parties' dispute regarding the terms of a protective order.

## CONCLUSION

For the foregoing reasons, Mr. Hager respectfully requests that the Court extend the deadline by which habeas counsel must produce trial counsel's files, excluding materials relating to jury selection, to the government until October 14, 2015, or until the Court can resolve the parties' dispute regarding a protective order in the event that no agreement is reached by that date.

Dated: September 29, 2015                    Respectfully submitted,


/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*


/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29tht day of September, 2015, I have caused a copy of the

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION**

**FOR EXTENSION OF TIME TO PRODUCE TRIAL COUNSEL'S FILES** to be served on

the following by electronically filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

6