**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **Criminal No. 1:05-cr-00264 (LMB)** |
| | : **Civil Action No. 1:15-cv-00551** |
| | : |
| **THOMAS MOROCCO HAGER,** | : **CAPITAL § 2255 PROCEEDINGS** |
| | : |
| **Defendant.** | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR PROTECTIVE ORDER</u>**

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully moves the

Court to enter the Proposed Protective Order, attached hereto as Exhibit 2, limiting the

government's use of privileged or confidential material in trial counsel's files. Although the

parties were able to agree on many terms of a proposed protective order, they were unable to

reach agreement regarding an important provision relating to the government's right to use

privileged or confidential material for purposes of impeachment, cross-examination, or rebuttal

at any new trial or sentencing proceeding that may be ordered as a result of Mr. Hager's Section

2255 motion. The parties also were unable to agree whether persons, including government

attorneys, exposed to privileged or confidential material should be allowed to participate at any

new trial or sentencing of Mr. Hager. Mr. Hager therefore petitions the Court to resolve these

disputes. For the reasons stated below, the Court should enter the attached Proposed Protective

Order, which limits the government's use of privileged or confidential materials in a manner that

is consistent with Fourth Circuit law and ensures that any retrial or resentencing is a fair

proceeding.

## RELEVANT BACKGROUND

On July 2, 2015, the government filed a motion seeking extensive discovery from trial counsel and habeas counsel, including the production by habeas counsel of all portions of trial counsel's files as to which the attorney-client privilege or other claim of confidentiality has been waived. *See* 7/2/15 Motion, ECF No. 541. In its Order dated August 6, 2015, the Court directed habeas counsel to "provide the government forthwith with all files obtained from trial counsel." *See* 8/6/15 Order, ECF No. 547. Shortly thereafter, Mr. Hager moved for partial reconsideration of the Court's August 6, 2015 Order, arguing that the ineffective assistance of counsel claims asserted in his Section 2255 motion did not engender an unlimited waiver of the attorney-client privilege, attorney work product doctrine, and rules governing confidential client information, and that habeas counsel should not be required to turn over to the government privileged or confidential materials that are not relevant to Mr. Hager's claims. *See* 8/21/15 Motion, ECF No. 552 & 553. On September 15, 2015, the Court denied Mr. Hager's reconsideration motion and directed habeas counsel to produce all of trial counsel's files, with the exception of materials related to jury selection, to counsel for the government by Friday, September 18, 2015. *See* 9/15/15 Order, ECF No. 560.

As a result of these Orders, habeas counsel must provide the government documents and other materials that, but for the fact that Mr. Hager has raised ineffective assistance of counsel claims in this Section 2255 proceeding, are absolutely protected from disclosure by the attorney-client privilege, attorney work product doctrine, or rules protecting client confidential information. To ensure that the government's right to use these materials is appropriately limited, on September 17, 2015, Mr. Hager moved to extend the production deadline to allow habeas counsel and counsel for the government additional time to confer and try to reach an agreement regarding the terms of a protective order. *See* 9/17/15 Motion, ECF Nos. 561 & 562.

The Court granted Mr. Hager's request and extended the deadline until September 30, 2015. *See* 9/17/15 Order, ECF No. 563.

Subsequently, habeas counsel provided the government with a draft stipulation and proposed protective order; counsel for the government provided their edits to habeas counsel's proposal; and the parties conferred telephonically regarding the terms of the stipulation and proposed order. Because the parties were unable to reach agreement on all terms of the proposed protective order by the September 30 deadline, Mr. Hager moved to further extend the deadline until October 14, 2015, to give the parties additional time to confer regarding the disputed terms. *See* 9/29/15 Motion, ECF Nos. 569 & 570. The Court granted that request, and set October 14 as the deadline by which Mr. Hager would either submit a proposed protective order to which both parties agree, or a motion seeking resolution of the parties' remaining disputes regarding the terms of the order. *See* 9/30/15 Order, ECF 571.

The parties have been able to reach accord on many terms of the proposed protective order, including which persons and entities can receive privileged or confidential material, the procedures for filing privileged or confidential material with the Court and for disputing that a document contains privileged or confidential information, and a provision that exempts documents in trial counsel's files that were previously produced to trial counsel by the government or are in the public record from the order's restrictions. Despite additional discussion, however, the parties have been unable to reach agreement regarding two key terms. First, the parties disagree about whether the government should be permitted to use privileged or confidential material from trial counsel's files at any retrial or resentencing of Mr. Hager that may be ordered as a result of his Section 2255 motion. Both parties agree that the government should not be allowed to use privileged or confidential material as part of its case-in-chief at any

3

such proceeding.  The government, however, seeks the right to use privileged material for purposes of impeachment, cross-examination, or rebuttal at the Court's discretion.  Mr. Hager seeks an absolute bar on the use of privileged or confidential material at any retrial or resentencing.  Second, the parties disagree about whether government attorneys or other employees of the United States Attorney's Office for the Eastern District of Virginia ("USAO-EDVA") and law enforcement agents who are exposed to privileged or confidential material during this Section 2255 proceeding should be allowed to participate in any retrial or resentencing of Mr. Hager.  The government's position is that they should.  Mr. Hager believes that any government attorney exposed to such material should be barred from participating in any subsequent proceedings that are ordered as a result of Mr. Hager's Section 2255 motion. With respect to law enforcement personnel, Mr. Hager understands that the government may wish to call certain agents as witnesses at a future proceeding.  Mr. Hager is therefore willing to agree that law enforcement agents exposed to such material may testify at a subsequent proceeding, but only if the government shows, through a *Kastigar*-type procedure, that the agents' testimony is not tainted by their exposure to privileged material.

## ARGUMENT

**THE COURT SHOULD ENTER DEFENDANT'S PROPOSED PROTECTIVE ORDER.**

**A.     The government should be barred from using privileged or confidential material for any purpose at a retrial or resentencing of Mr. Hager.**

Controlling Fourth Circuit precedent prohibits the use of privileged or confidential material disclosed during a section 2255 proceeding at any retrial or resentencing of the defendant for any purpose.  In *United States v. Nicholson*, the Fourth Circuit held that a defendant who obtained relief on his or her section 2255 motion was entitled on remand for retrial or resentencing "to a protective order prohibiting the Government from using privileged

4

information" that was revealed during the section 2255 proceeding.  611 F.3d 191, 217 (4th Cir. 2010).  In concluding that such an order was necessary, the Fourth Circuit adopted the Ninth Circuit's reasoning in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).  *Nicholson*, 611 F.3d at 217 ("We agree with the Ninth Circuit's approach in *Bittaker*, which would entitle [the defendant] to a protective order on remand.").

*Bittaker* addressed the question whether a "habeas petitioner's waiver . . . extend[s] only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and all purposes—including the possible retrial of the petitioner, should he succeed in setting aside his original conviction or sentence."  331 F.3d at 716-17.  There, the district court had issued a protective order that limited the use of privileged materials disclosed during the habeas proceeding to representatives of the California Attorney General's office and only for purposes of litigating the habeas petition, and that specifically precluded their use "in the event of a retrial of all or any portion of petitioner's criminal case."  *Id.* at 717 & n.1.  The Ninth Circuit, sitting en banc, found that the habeas petitioner, by asserting ineffective assistance of counsel claims, had implicitly waived the privilege, but that the waiver was "no broader than needed to ensure the fairness of the proceedings."  *Id.* at 720.  The Court expressly determined that fairness did *not* require it to extend the waiver to any retrial or resentencing of the defendant; indeed, it found that allowing the government to use privileged material in a subsequent proceeding, for any purpose, would give the government a "gratuitous advantage":

> Extending the waiver to cover [petitioner's] retrial would immediately and perversely skew the second trial in the prosecution's favor by handing to the state all the information in petitioner's first counsel's casefile.  If a prisoner is successful in persuading a federal court to grant the writ, the court should aim to restore him to the position he would have occupied, had the first trial been constitutionally error-free.  Giving the prosecution the advantage of obtaining the defense casefile—and possibly even forcing the first lawyer to testify against the client during the second trial—would assuredly not put the parties back at the

same starting gate. . . . [A]llowing the prosecution at retrial to use information gathered by the first defense lawyer—including defendant's statements to his lawyer—would give the prosecution a wholly gratuitous advantage.

*Id.* at 722-724. The Court concluded by finding that the district court was "entirely justified" in entering the protective order that it did and, in fact, "would have abused its discretion had it done otherwise." *Id.* at 728.

Here, it would be directly contrary to *Nicholson* and *Bittaker* to allow the government, at any retrial or resentencing of Mr. Hager, to use privileged or confidential materials from trial counsel's files for any purpose, including for impeachment, cross-examination, or rebuttal. If the Court finds that Mr. Hager is entitled to a new trial or sentencing proceeding because of a constitutional violation that occurred at his first trial, principles of fairness require that he and the government be put back at the "same starting gate"—in other words, they must be returned to the same positions they held at the time of Mr. Hager's original trial in 2007. At that time, the government obviously did not have in its possession any of the privileged or confidential material in trial counsel's files that they will receive pursuant to this Court's orders. Thus, permitting the government to use that material for any purpose at retrial or resentencing would give the government a grossly unfair advantage that it did not have during the original trial. It also would force Mr. Hager to choose between asserting his constitutional ineffective assistance claims and risking a retrial in which the government could use privileged or confidential material—including, potentially, statements he made to his lawyers—for impeachment, cross-examination, or rebuttal, or retaining the privilege and giving up his right to redress for constitutional error that occurred at his first trial. As the Court in *Bittaker* noted, this choice "would violate the spirit, and perhaps the letter, of *Simmons v. United States*, 590 U.S. 377 (1968)." 331 F.3d at 723. The only way to avoid the fundamental unfairness of this constitutionally untenable dilemma is to impose an absolute bar to the government's direct or

6

derivative use of privileged or confidential material at any new trial or sentencing of Mr. Hager that is ordered as a result of his Section 2255 motion. *See United States v. Khan*, 309 F. Supp. 2d 789, 800 (E.D. Va. 2004) (citing *Bittaker* in support of decision to prohibit government from introducing at trial privileged material disclosed during pretrial suppression hearing).

> **B.    Government attorneys and other USAO-EDVA employees exposed to privileged or confidential material should be barred from participating in any retrial or resentencing of Mr. Hager, and the government should be required to demonstrate that testimony at any subsequent proceeding from law enforcement agents exposed to such material is not tainted.**

Just as allowing the government to use privileged or confidential material at a retrial or resentencing of Mr. Hager would give the government an unfair advantage, so too would permitting government attorneys and other USAO-EDVA employees exposed to privileged or confidential material to participate in a new trial or sentencing proceeding. The government attorneys and other USAO-EDVA employees who are involved in this Section 2255 proceeding will have the opportunity to review, among other protected materials, documents containing or reflecting privileged communications between Mr. Hager and his trial counsel, as well as trial counsel's strategic and tactical decision-making and their mental impressions and opinions of the relevant facts and law. Access to this material will give the government a significant advantage that it did not have at Mr. Hager's original trial, and that it would not have but for the fact that Mr. Hager received constitutionally ineffective assistance of counsel at his original trial.

Excluding government counsel and other employees of the USAO-EDVA exposed to privileged or confidential material is consistent with *Bittaker*, where the Ninth Circuit upheld a protective order that restricted use of the privileged material to the Office of the California Attorney General, which was handling the habeas petition. 331 F.3d at 717 n.1.[1] It also is

---

[1] In California, in post-conviction proceedings the State is represented by the Office of the Attorney General, while trials—and retrials—are handled by the District Attorney for the county in which the trial takes place. Thus, the

consistent, by analogy, with *Nicholson*.  There, the Fourth Circuit, in addition to requiring a protective order, ordered that the case on remand be assigned to a different federal district judge than the one who presided over the section 2255 proceeding.  611 F.3d at 217-218.  That judge had been exposed to privileged communications during the section 2255 proceeding, and the Court found that reassignment was necessary because the original judge "cannot reasonably be expected to erase the earlier impressions from his mind . . . ."  *Id.* at 218 (internal quotations omitted).  The prosecution team handling Mr. Hager's Section 2255 proceeding faces the same problem, and the appropriate remedy is to bar them from participating in any retrial or resentencing of Mr. Hager.  At least one district court in the Fourth Circuit has excluded government attorneys exposed to privileged material in section 2255 proceedings.  *See United States v. Basham*, Cr. No. 4:02-992-JFA, 2012 WL 1130657, at *6 (D.S.C. Apr. 4, 2012) ("In the event that a retrial is necessary, the court will not permit any counsel for the Government who has viewed purportedly privileged documents contained in the Petitioner's files to participate in the retrial of the case against him, nor interact or communicate with counsel who retry the case."); *United States v. Fulks*, 4:02-cr-992-FJA, ECF 1236, at *14 (D.S.C. Sept. 11, 2009) (same) (attached hereto as Exhibit 1).

Law enforcement agents exposed to privileged or confidential material during this Section 2255 proceeding are subject to the same potential "taint" as the government attorneys.  Recognizing, however, that the government may wish to have these law enforcement agents testify at any retrial or resentencing, Mr. Hager proposes a middle ground:  the agents should be permitted to testify at the new proceeding, but only if the government first demonstrates that no part of their testimony is either the direct or the derivative product of their exposure to privileged

---

effect of the court's order was to insulate any future trial team from exposure to privileged and confidential materials that were disclosed during the habeas proceeding.  Mr. Hager seeks the same protection here.

material.  This approach is in line with *Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1653 (1972), in which the Supreme Court held that where a witness who has been granted use and derivative use immunity is subsequently prosecuted, the government bears "the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence." *Id.* at 460 (internal quotation omitted).  Although finding that, by its terms, *Kastigar* does not strictly apply to the possible derivative use of fruits of information protected by attorney-client privilege and declining to order a full *Kastigar* hearing, in *Kahn* this Court directed the government to submit information demonstrating that a challenged portion of its evidence was in fact obtained independently of the disclosure of privileged material.  *Kahn*, 309 F. Supp. 2d at 800-01. Proceeding here in similar fashion will ensure that the government does not receive an unfair advantage at retrial or resentencing by presenting testimony derived from its access to privileged materials during the Section 2255 proceeding—materials that were not available to it during the original trial—while still permitting untainted testimony to go forward.

## CONCLUSION

If Mr. Hager succeeds in obtaining relief on his Section 2255 motion, he should not be unfairly punished by having to produce privileged or confidential material in connection with asserting his constitutional right to effective assistance of counsel.  For the foregoing reasons, Mr. Hager respectfully requests that the Court enter the Proposed Protective Order attached hereto as Exhibit 2.

Dated: October 14, 2015                          Respectfully submitted,


/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*


/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2015, I have caused a copy of the

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER** to be served on the following by electronically filing it on the court's

ECF system:

>    James L. Trump
>    Christopher Catizone
>    United States Attorney's Office
>    Eastern District of Virginia
>    2100 Jamieson Avenue
>    Alexandria, VA 22314
>    jim.trump@usdoj.gov
>    christopher.catizone@usdoj.gov


>                        /s/ Blair G. Brown
>                        Blair G. Brown