# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No. 1:05-cr-00264 (LMB)** |
| | : | **Civil Action No. 1:15-cv-00551** |
| | : | |
| **THOMAS MOROCCO HAGER,** | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| **Defendant.** | : | |
| | : | |

## [PROPOSED] PROTECTIVE ORDER

Upon consideration of Defendant Thomas Morocco Hager's Motion for Protective Order, (the "Motion"), the Motion is GRANTED; and

IT IS HEREBY ORDERED THAT:

1. The files of Defendant Thomas Morocco Hager's trial counsel contain documents that, but for the fact that Mr. Hager has raised ineffective assistance of counsel claims in his motion pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion"), ECF No. 529, are subject to the attorney-client privilege, attorney work product doctrine, and/or rules regarding client confidentiality ("Privileged or Confidential Material").

2. Privileged or Confidential Material that is provided by habeas counsel to the government shall not be disclosed, given, shown, made available, discussed, or otherwise communicated to any person or entity other than counsel of record for the United States in the instant proceeding under 28 U.S.C. § 2255 (the "Section 2255 Proceeding"), law enforcement agents working on the Section 2255 Proceeding, and any persons working for the United States Attorney's Office for the Eastern District of Virginia ("USAO – EDVA") who are involved in the Section 2255 Proceeding (collectively, "Authorized Individuals"). No Authorized Individual shall divulge the Privileged or Confidential Material or any information contained therein to

anyone who is not an Authorized Individual, including but not limited to other individuals in the USAO-EDVA, other United States Attorney's Offices, the Commonwealth of Virginia, or any other federal or state law enforcement or prosecutorial department, agency, or entity, individual or corporate.

3.      Privileged or Confidential Material may be used solely for the purpose of litigating the Section 2255 Proceeding and for no other purpose and in connection with no other proceeding, including, but not limited to, any retrial or resentencing of Mr. Hager in the event he prevails in the Section 2255 Proceeding, or in any other subsequent federal or state criminal proceeding against Mr. Hager.

4.      Prior to receiving Privileged or Confidential Material, each Authorized Individual shall sign a statement under oath, in the form attached hereto as Exhibit A, representing that he or she has received and read this Order and recognizes that a willful violation of it may be deemed a civil and/or criminal contempt.  Counsel of record for the United States in this proceeding shall maintain a record of each signed statement.

5.      Nothing contained in this Order shall prevent any party or counsel of record for any party in the Section 2255 Proceeding from submitting, referring to, quoting from, paraphrasing, or otherwise utilizing any Privileged or Confidential Material in any brief, memorandum, or other document submitted to or filed with the Court in this proceeding, subject to the following procedure:

a.      A party wishing to file Privileged or Confidential Material shall, on the date of the filing, serve the Court and the other party with unredacted courtesy copies and publicly file redacted or under-seal versions of the Privileged or Confidential Material or material discussing Privileged or Confidential Material on ECF.  With respect to the

2

publicly filed version, the party responsible for the filing shall redact or file under seal the Privileged or Confidential Material in whole if used as an exhibit, and/or redact or file under seal any portions of a written filing discussing such Privileged or Confidential Material.

b.    If the government wishes to publicly file any Privileged or Confidential Material or materials discussing Privileged or Confidential Material, the government must consult with habeas counsel to seek consent to such a filing.  In the event habeas counsel does not consent to public filing of the Privileged or Confidential Material, the government shall follow the procedures set forth in Paragraph 4.a. of this Order or, if it chooses, the procedures set forth in Paragraph 4.c. of this Order.

c.    If the government wishes to challenge any Privileged or Confidential Material on the ground that it is not subject to the attorney-client privilege, attorney work product doctrine, or rules governing client confidentiality, counsel for the government shall notify habeas counsel in writing.  Counsel for the government and habeas counsel shall within ten (10) business days of such notice meet and confer in good faith to attempt to resolve the challenge.  If the parties cannot resolve the challenge, counsel for the government may seek appropriate relief from the Court.  Until such time as the Court or the parties themselves resolve the challenge, all persons bound by this Order shall continue to treat the information as Privileged or Confidential Material.

6.    In the event that an evidentiary hearing is held in the Section 2255 Proceeding, the Court shall determine prior to such hearing the extent to which any Privileged or Confidential Material that either party or counsel of record for either party seeks to introduce into evidence at the hearing shall be protected.

7.      The restrictions set forth in this Order do not apply to documents or other materials in Mr. Hager's trial counsel's files that

      a.      Were previously produced to trial counsel by the government; or

      b.      Are in the public record.

8.      In the event Mr. Hager prevails in the Section 2255 Motion, any Authorized Individual who is involved in the Section 2255 Proceeding and who is exposed to any of the Privileged or Confidential Material or the information contained therein shall not be involved in any retrial or resentencing of Mr. Hager, except that any law enforcement agent who is exposed to any of the Privileged or Confidential Material or the information contained therein may testify at any re-trial or re-sentencing of Mr. Hager if the court presiding over the new trial or sentencing proceeding finds that the government has demonstrated that the agent's testimony is neither the direct nor the derivative product of his or her exposure to Privileged or Confidential Material.

9.      Within thirty (30) days of the final disposition of the Section 2255 Proceeding, all Privileged or Confidential Material produced to the government shall be promptly destroyed. Counsel for the government shall provide habeas counsel with written confirmation that all materials were destroyed.

10.     This Order shall continue in effect after the conclusion of the Section 2255 Proceeding and shall apply in the event of a retrial or resentencing of all or any portion of the government's criminal case against Mr. Hager.  This Court will maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this Order and imposing appropriate sanctions for any violations.

11.     This Order may be modified only by further order of the Court for good cause shown.


Entered in Alexandria, Virginia this _____ day of _____, 2015.


_____
The Honorable Leonie M. Brinkema
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Criminal No. 1:05-cr-00264 (LMB)** |
| **v.** : | **Civil Action No. 1:15-cv-00551** |
| : | |
| **THOMAS MOROCCO HAGER,** : | **CAPITAL § 2255 PROCEEDINGS** |
| : | |
| **Defendant.** : | |
| : | |

### DECLARATION OF CONFIDENTIALITY

I hereby acknowledge that I am to receive documents or information pursuant to the terms of a Protective Order concerning Privileged or Confidential Information in *United States v. Thomas Morocco Hager*, Criminal No. 1:05-00264-LMB, Civil Action No. 1:15-cv-00551, pending in the United States District Court for the Eastern District of Virginia.

I acknowledge receipt of a copy of the Protective Order, and certify that I have read it.  I agree to be bound by the terms and restrictions set forth therein.

I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia with respect to any proceedings relating to or arising from this Declaration.

Signed under penalty of perjury this ___ day of _____, 201_.


_____
Signed


_____
Print Name


_____
Dated