IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05cr264 (LMB) |
| | ) | |
| THOMAS MOROCCO HAGER | ) | |

**RESPONSE OF THE UNITED STATES
TO THE COURT'S ORDER REGARDING BRIEFING SCHEDULE**

On February 10, 2016, this Court ordered the United States to show cause why it cannot file its responsive brief to the defendant's Section 2255 motion by April 11, 2016.   As detailed below, the United States respectfully submits that it cannot respond by that date for a number of reasons.

**I.      Background**

On November 29, 1993, Thomas Hager killed Barbara White.   The case was initially investigated by local authorities but eventually turned over to the U.S. Attorney's Office in this district.   Hager was indicted on January 12, 2006, for White's murder; and a superseding indictment was returned on May 4, 2006, containing the requisite death penalty findings.   On May 30, 2006, the United States filed a death penalty notice.   Hager's trial commenced with jury selection on October 1, 2007, and ended on November 1, 2007, with Hager being sentenced to death.   The Fourth Circuit affirmed Hager's conviction and death sentence on June 20, 2013. Rehearing *en banc* was denied, as was a petition for writ of certiorari.[1]   On April 27, 2015, Thomas Hager, through counsel, filed a *Motion to Vacate, Set Aside, or Correct Sentence and for New Trial Pursuant to 28 U.S.C. § 2255* (DE 529), which is now pending before this Court.

---

[1]   *United States v. Hager*, 721 F.3d 167 (2013), *rehearing denied*, No. 08-4 (DE 117, July 19, 2013), *cert. denied*, 134 S.Ct. 1936 (2014).

The timeline of this case is unique and a significant factor adversely affecting the ability of the government to investigate, evaluate, and respond to Hager's motion in the roughly four months to date, or to complete a response in the six weeks suggested by the Court.   The allegations this Court must adjudicate concern events that occurred over 22 years ago and a trial that is almost a decade old.   The lead investigators, Fairfax County Police Detective Robert Murphy and FBI Special Agent Brad Garrett have both retired; the undersigned counsel is the only person with the U.S. Attorney's Office who was involved in the lengthy investigation and trial.   Given the nature of habeas litigation, many of the responsive facts will come from materials and documents known to the parties at the time but not presented at trial; accordingly, boxes of files from the early 1990s relevant to this case must be manually searched for pertinent facts relevant to the Section 2255 motion (none is searchable electronically).   And that does not account for the additional 80,000 pages of documents once belonging to Hager's trial counsel and recently obtained through habeas counsel, discussed *infra*, which will also require a painstakingly detailed and thorough review. Simply put, the age of the case, the seriousness of the offense and punishment, the amount of information to be reviewed, the lack of investigative resources with knowledge of the underlying investigation, and the sheer number of issues raised in Hager's pleading, all combine to render the task of responding to the motion extremely labor intensive and time-consuming and certainly not one that can be completed expeditiously.

2

## II.  Missing Information

At the hearing on August 6, 2015, the Court heard argument on the government's request that habeas counsel be required to produce the source material substantiating Hager's numerous factual claims.   The Court ruled:

> The motion is what it is.   You need to annotate it, provide the government with an appendix that properly shows where you got these various allegations, in other words, if this person would have said such and such, this expert would have said such and such, what these reports are that you're relying on, if you have reports, and that needs to be done, and the only issue then is how much time it's going to take to get that information to the government.

DE 550 at pages 36-37.

On October 16, 2016, as directed, habeas counsel provided the government with an annotated motion and 5000-page appendix.[2]   The appendix includes correspondence, police reports, notes of interviews, court records, grand jury transcripts, and a host of other types of files (*see* the attached index to the appendix).   Inexplicably, however, the appendix does not include reports, notes, or other information relating to much of the investigative work conducted by or at the direction of habeas counsel, including the work done by experts presumably employed specifically for the Section 2255 process.   The annotated motion simply notes that a particular paragraph or section was based on, for example, "Witness Interviews by Habeas Counsel and/or Investigators" or "Preliminary Oral Report from Trauma Expert," but the appendix does not include any reports, notes, names, dates, or other information about such interviews or examinations.   These types of notations can be found throughout the annotated motion, especially in the sections dealing with the penalty phase and mitigation evidence.   Of particular concern are references to

---

[2]   Habeas counsel did not file the annotated motion.   We have included it with this pleading as an attachment.

information or opinions of experts.   Without something more, the government cannot possibly respond to the allegations in these paragraphs.   Indeed, roughly half of the Section 2255 motion and almost all of the mitigation section of the motion relies in whole or in part on information for which there is nothing included in the appendix.[3]

Without this information, the government cannot respond intelligently to many of the allegations in the motion, especially those relating to "expert" opinions.   We need to know, for example, what types of examinations were performed; by whom; when; where; and with what results.   We know that trial counsel had a number of intelligence/mental health examinations and tests performed in 2006-2007.   What was done differently this time?   Were the same experts used?   What did the experts rely on to render their opinion?   These are just some of the questions that should be answered before the government responds to the several mental health claims in the Section 2255 motion; and the government again requests that habeas counsel be ordered to provide us with all of the documents, records, notes, reports, or other information supporting all of the factual allegations and expert opinions set forth in the motion.

---

[3]   For the notation "Witness Interviews by Habeas Counsel and/or Investigators," *see* Part I, paragraph 26; Part II, paragraphs 54, 55, 59, 60, 61, 62, 63, 64, 67, 68, 69, 85, 86;   Part III, paragraph 9, 16, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105. 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 147, 163, 164, 191, 192, 193, 194;   Part IV, paragraph 1; Part V, paragraph 5.   For the notation "Preliminary Oral Report from Forensic Science Expert," *see* Part II, paragraphs 102, 103.   For the notation "Preliminary Oral Report from Trauma Expert," *see* Part III, paragraphs 19, 20, 25, 26, 27, 32, 33, 34, 37, 39, 40, 43, 67, 68, 73, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176.   For the notation "Preliminary Oral Report from Neuropsychologist," *see* Part III, paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137; Part V, paragraph 4.

### III.    Trial Counsel Files

On October 29, 2015, we were provided with a hard drive containing trial counsel's files. After a few initial technical glitches, we were able to access and download the files stored on this hard drive.   The materials produced from trial counsel's files contain approximately 10,000 individual documents totaling approximately 80,000 pages.   For context, the government's entire discovery production prior to trial in 2007 was 7,436 pages; the 13-volume joint appendix on direct appeal was 3,618 pages; and the appendix filed with Mr. Hager's § 2255 petition is 4,885 pages.

There are several categories of documents and different types of files included among trial counsels' materials.   The lion's share of materials, approximately 52,000 pages, appear to be scanned copies of trial counsels' hard-copy files.   These materials have proved time-consuming to decipher, not only because they contain many handwritten notes and comments, but also because they are not saved by file name and not organized in an intuitive fashion.   In addition, among the 10,000 documents are approximately 1,200 emails.   These emails have generally been produced as .htm or .txt files, which means that they are organized alphabetically as individual documents, not presented chronologically or intuitively.   Additionally, the emails produced from Mr. McCarthy's and Mr. Kiyonaga's files do not appear to have been linked with their attachments; where the attachments are present (which does not appear always to be the case), they are not often sequentially filed with their relevant "parent" email.   When one lawyer reviews the working files of another lawyer, the task often resembles searching for a needle in a haystack; in this case, it requires matching up numerous needles spread throughout the stack.   For example, we know from the *ex parte* filings, trial counsel hired certain experts and asked them to perform a number of examinations and tests, and we have found numerous emails that discuss these

examinations. Some of the emails refer to attachments, but the attachments are not stored with the emails and, thus far, we have been unable to locate the attachments. In short, considerable work remains to be done to wade through these 80,000 pages of material, and we will need the assistance of trial counsel to help us in this regard. This is another task that should be completed prior to an interview or deposition of trial counsel regarding the Section 2255 ineffective assistance claims, and, of course, prior to the government's response to the Section 2255 motion.

### IV.     Resource Issues

As noted, the government is without the assistance of its prior investigative team. Detective Murphy, now retired, works full-time for the Culpeper County school district. We have hired him as a contractor to help on this case, but he is not available until school recesses for the summer, which is after Memorial Day (May 30). Detective Murphy is very knowledgeable with regard to the Washington, D.C. Metropolitan Police Department case files, and to the extent the motion raises issues with regard to the cross-examination of government witnesses or the failure to call certain witnesses, Detective Murphy can much more efficiently find the relevant information about those witnesses from these files compared to someone with no knowledge of the case or of these particular individuals and what they were doing in Washington, D.C. in 1993.

AUSA Catizone, who is the sole member of the Appellate Unit for the Alexandria U.S. Attorney's Office, has entered his appearance in this case, but he has a number of conflicts in the immediate future that would make an April response to the Section 2255 motion difficult for him. AUSA Catizone has three Fourth Circuit briefs due in March, in *U.S. v. Chittenden* (No. 14-4768), and *U.S. v. Under Seal* (No. 15-4639), and *Under Seal 1 v. Under Seal 2* (No. 15-4676). He is co-counsel on a multi-defendant bribery prosecution scheduled for trial – and likely to go to trial – before Judge O'Grady on April 11, 2016. And on May 10, he has an oral argument in the Fourth

6

Circuit in *United States v. Liu* (No. 15-4381).

AUSA Trump also has a number of immediate conflicts.   He is the sole prosecutor in *U.S. v. Phi Nguyen*, a seven-defendant drug conspiracy case scheduled for trial on May 9, 2016. Although the government expects a number of guilty pleas, to date, it appears that one or more defendants may elect to go to trial.   AUSA Trump is also co-counsel in *U.S. v. Simmons*, which is scheduled for trial on May 10, 2016.   In the Fourth Circuit, the government's brief in *U.S. v. Sterling* (No. 15-4297) is due on March 28, 2016.   In *U.S. v. Torrez* (No. 14-1), another capital prosecution, Torrez is expected to file his initial brief in April 2016, and the government's responsive brief will be due in May or June.   In *In re Grand Jury 13-1* (No. 16-4052), another Fourth Circuit appeal in which AUSA Trump is lead counsel, the government expects a briefing schedule to be issued by the court within the next few weeks.   AUSA Trump is also lead counsel on a time-consuming and expansive grand jury investigation which, if necessary for scheduling purposes, can be discussed with the Court *ex parte*.

## V.   Proposed Schedule

The United States proposes the following.   First, we request that the Court order habeas counsel to comply with the Court's prior order and produce the information supporting all of the allegations in the Section 2255 motion, as discussed above.   We ask that counsel be given 30 days to provide the government with these materials.   Next, we request that the Court direct trial counsel to meet and confer with government counsel to explain counsel's filing system and explain how government counsel can more efficiently locate documents relevant to the Section 2255 motion among the 80,000 pages produced electronically so that the government and trial counsel can prepare for a deposition or interview of trial counsel on the merits of the Section 2255 motion's claims of ineffective assistance.   Next, we ask that a status conference be scheduled in

approximately 60 days to determine whether all necessary information has been provided to the government; to set a date, if necessary, for an interview with or deposition of trial counsel; and to set a date for the filing of the government's response on the merits of the Section 2255 motion. Finally, if the Court determines a more immediate hearing is necessary on the matters discussed above, we are available at the convenience of the Court and habeas counsel.

Respectfully submitted,

Dana J. Boente
United States Attorney

James L. Trump
Assistant United States Attorney
Attorney for the United States

By:                    /s/

James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2016, I electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to all counsel of record.

By: _____/s/_____

James L. Trump
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

9