UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : Criminal No. 1:05-cr-00264 (LMB) |
| v. | : Civil Action No. 1:15-cv-00551 |
| | : |
| THOMAS MOROCCO HAGER, | : CAPITAL § 2255 PROCEEDINGS |
| | : |
| Defendant. | : |
| | : |

### DEFENDANT'S REPLY TO THE RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER REGARDING BRIEFING SCHEDULE

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully submits this reply to the government's response to the Court's February 10, 2016 Order, ECF No. 577. Contrary to the government's contention, habeas counsel has complied with the Court's Orders regarding the production of an appendix and of trial counsel's files, and should not be required to provide any additional material. In addition, the government's request for the "assistance" of trial counsel in reviewing trial counsel's files should be denied.

### RELEVANT BACKGROUND

On April 27, 2015, Defendant Thomas Morocco Hager, through undersigned counsel, filed a timely Motion to Vacate, Set Aside, or Correct Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion"). ECF No. 529. In response to the government's assertion that it needed discovery, an appendix, and other relief before it could file a response to the Section 2255 Motion, *see* 7/2/15 Motion, ECF No. 541, the Court ordered habeas counsel to "provide the government forthwith with all files obtained from trial counsel" and to "provide the government with an appendix and documentation of all allegations contained in [the Section 2255 Motion] by October 16, 2015." 8/6/15 Order, ECF No. 547. After the parties were unable

to agree to the terms of a protective order, the Court entered the government's proposed protective order on October 27, 2015, *see* 10/27/15 Order, ECF No. 575, and, per an earlier Order, habeas counsel was required to serve the government with trial counsel's files by October 29, 2015, *see* 9/30/15 Order, ECF No. 571.

On October 16, 2015, habeas counsel timely delivered to government counsel a CD containing an electronic copy of an appendix with documentation supporting the allegations in the Section 2255 Motion. The CD also includes an index to the appendix and an annotated version of the Section 2255 Motion with citations to the appendix. *See* ECF 578-1 & 578-2. The appendix is 4,885 pages and consists of various types of records supporting the allegations in the Section 2255 Motion, including police reports, notes of interviews conducted by law enforcement or Mr. Hager's defense team, grand jury transcripts, Virginia, Maryland, and District of Columbia court records, Federal Bureau of Prisons records, birth and death certificates, medical and mental health records, District of Columbia Department of Human Services records, District of Columbia Superior Court Family Division domestic, juvenile, and social files, and news articles, among others. *See* ECF 578-2. The annotated motion contains citations to the appendix and, where applicable, citations to witness interviews performed by habeas counsel or by investigators at habeas counsel's direction and to oral reports provided by experts retained by habeas counsel.

On October 29, 2015, habeas counsel timely delivered to government counsel a hard drive containing all of trial counsel's files. The hard drive contains (a) copies of all electronic media located in trial counsel's files, and (b) Concordance load files (DAT and OPT files, which include images and text) consisting of (i) scanned copies of all hard copy documents in trial counsel's files and (ii) documents from certain of the electronic media in trial counsel's files that

are readily convertible into Concordance images, such as PST, Microsoft Word, Microsoft PowerPoint, PDF, .htm, and .txt files. The Concordance load files, which consist of 7,816 documents and 76,935 pages, were produced to the government exactly as they are maintained in habeas counsel's own Concordance database (minus any attorney work product created by habeas counsel, which was scrubbed from the Concordance load files before they were produced). Furthermore, each of the electronic media in trial counsel's files was copied separately onto the hard drive provided to the government, and the documents and other files within each copied media appear exactly as they do in the original media. Thus, to the extent the government has emails from trial counsel's files that are not linked with their attachments, it is because the documents appear that way in the original media.

## ARGUMENT

### I.  HABEAS COUNSEL COMPLIED WITH THE COURT'S ORDERS AND SHOULD NOT BE REQUIRED TO PRODUCE ADDITIONAL INFORMATION.

Habeas counsel complied with the Court's Orders to "provide the government forthwith with all files obtained from trial counsel" and to "provide the government with an appendix and documentation of all allegations contained in" the Section 2255 Motion. Habeas counsel met the deadlines established by the Court: they produced the appendix on October 16, 2015 and trial counsel's files on October 29, 2015. They also complied with the directives set forth in the Court's Orders. The appendix provided to the government contains nearly 5,000 pages of supporting material, and the annotated motion cites to the specific documents in the appendix that support the factual allegations in the Motion. To the extent factual information in the Motion was obtained through oral interviews of witnesses conducted by habeas counsel or its investigators or through oral reports provided by experts, the annotated motion cites to those oral discussions. In addition, habeas counsel produced all of trial counsel's files. The majority of

those files—including over 50,000 pages of scanned hard copy documents and over 20,000 pages of PST, Microsoft Word, Microsoft PowerPoint, PDF, .htm, and .txt files from several different electronic sources—were produced as Concordance load files that are text-searchable.

The government nevertheless contends that habeas counsel should additionally be ordered to produce "reports, notes, names, dates, or other information" concerning witness interviews and expert examinations. Response at 3.  In seeking reports and notes of witness interviews, the government is asking for materials that were created by habeas counsel directly, or by investigators at habeas counsel's direction, for the purpose of preparing and drafting the Section 2255 Motion.  These materials—much of which contain habeas counsel's mental impressions, conclusions, opinions, and/or legal theories—are protected attorney work product. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Proceedings # 5*, 401 F.3d 247, 250 (4th Cir. 2005) ("[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney") (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (finding attorney's summary of witness interview prepared in anticipation of litigation was protected opinion work product); *see also Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity.") (citations omitted); *SEC v. NIR Grp., LLC*, 283 F.R.D. 127, 133-34 (E.D.N.Y. 2012) (finding that notes and memoranda of attorney-conducted witness interviews prepared by an attorney, a staff accountant, and a legal intern as part of SEC investigation were protected work product).  This Court has never found that habeas counsel have somehow waived their right to withhold their own work product from disclosure, and there has been no such waiver.  Moreover, the government can claim no meaningful disadvantage by not having access

4

to habeas counsel's work product.  The factual information gathered from interviews conducted by habeas counsel and their investigators and on which Mr. Hager relies to support his claims is already set forth in the Section 2255 Motion itself in great detail.  Having habeas counsel's work product will add nothing to the government's ability to respond to the allegations in the Motion in its first responsive pleading.  If it wishes to challenge the credibility of those allegations, the appropriate forum in which to do so is an evidentiary hearing.

The government's request for expert reports should also be rejected for the simple reason that Mr. Hager's experts have not yet prepared any written reports.  In connection with investigating potential Section 2255 claims, habeas counsel retained a neuropsychologist, a trauma expert, and a forensic science expert.  While these experts performed some preliminary work, they could not complete their analysis and all of their final conclusions prior to the filing of the Section 2255 Motion.  The Section 2255 Motion, as is appropriate, reflects the determinations that they had made by the time the Motion was required to be filed.

The absence of such reports at this juncture in no way precludes the government from responding to Mr. Hager's claims, including his mental health claims.  Under the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules"), a defendant's initial Section 2255 motion is like a complaint:  it must state the grounds for the relief sought and the factual support for those grounds.  *See* Section 2255 Rule 2(b).  The government's response, in turn, functions much like an answer in a civil proceeding by affording the government the opportunity to identify the issues in dispute.  *See* Rules Governing Section 2254 Cases, Rule 5 advisory committee note (incorporated by reference in Section 2255 Rule 5 advisory committee note).  The government does not need, and is not entitled to, extensive expert materials to provide the type of response contemplated by these Rules.  The experts' preliminary

5

findings and opinions, and the bases for those opinions, which are set forth in the Section 2255 Motion in detail, are amply sufficient.

## II. THE GOVERNMENT'S REQUEST FOR TRIAL COUNSEL'S ASSISTANCE SHOULD BE DENIED.

The government argues that it cannot respond to the Section 2255 Motion without the assistance of trial counsel to "explain counsel's filing system and explain how government counsel can more efficiently locate documents relevant to" the Motion. Response at 6-7. The government should not be permitted to commandeer trial counsel, who are third party witnesses in this proceeding, to assist them in responding to the Motion. Nor should they even need trial counsel's help. As noted above in Part I, *supra*, the vast majority of documents in trial counsel's files were produced as Concordance load files that are text-searchable. The government should be able to locate the materials it needs to respond to the Section 2255 Motion without having to impose on trial counsel's time.

If, however, the Court is inclined to allow the government to obtain trial counsel's assistance, then the Court should limit the scope of that assistance to an explanation of how trial counsel's files are organized. In addition, the Court should grant habeas counsel the right to attend any meeting or discussion between the government and trial counsel. Habeas counsel's presence would ensure that the conversation adheres to its limited purpose by allowing counsel an opportunity to object if it strays into substantive discussions of Mr. Hager's Section 2255 claims.

## CONCLUSION

For the foregoing reasons, Mr. Hager respectfully requests that the government's request that habeas counsel produce additional information supporting the allegations in the Section 2255 Motion, and that trial counsel be directed to meet and confer with government counsel, be denied.

Dated: March 4, 2016                          Respectfully submitted,


                                              /s/ Blair G. Brown
                                              Blair G. Brown (Va. Bar No. 29706)
                                              ZUCKERMAN SPAEDER LLP
                                              1800 M Street, NW, Suite 1000
                                              Washington, DC 20036
                                              (202) 778-1829 (telephone)
                                              (202) 822-8106 (facsimile)
                                              bbrown@zuckerman.com

                                              *Counsel for Defendant Thomas Morocco Hager*


                                              /s/ Julie Brain
                                              Julie Brain
                                              916 South 2nd Street
                                              Philadelphia, PA  19147
                                              (267) 639-0417 (telephone)
                                              Juliebrain1@yahoo.com

                                              *Counsel for Defendant Thomas Morocco Hager*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2016, I have caused a copy of **DEFENDANT'S REPLY TO THE RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER REGARDING BRIEFING SCHEDULE** to be served on the following by electronically filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

8