IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
)
v. )
) Criminal No. 1:05-cr-264 (LMB)
) Civil Action No. 1:15-cv-551
THOMAS MOROCCO HAGER, )
)
Defendant. )
)

## ORDER

In its response to the Order regarding a briefing schedule, Order [Dkt. No. 577], Feb. 10, 2016, the government establishes good cause for its inability to file its response to the 200-page § 2255 Motion [Dkt. No. 529] by April 11, 2016, and for the Court's assistance in obtaining what it describes as information necessary to file an appropriate response. See generally, Response of the United States to the Court's order Regarding Briefing Schedule [Dkt. No. 578], Feb. 24, 2016 ("Gov't's Response"). Specifically, the government argues that habeas counsel have not produced the source material supporting the numerous claims made in the § 2255 Motion. Id. at 3. Missing from the information that has been turned over are "reports, notes, names, dates, or other information" upon which habeas counsel relied in making various allegations in their motion, and "[o]f particular concern are references [in the motion] to information or opinions of experts" for which no underlying information has been provided. Id. at 3-4. The government correctly argues that without this information, it cannot responsibly respond to the allegations in the motion. Id. at 4. The government also asks the Court to direct trial counsel to assist the government with locating relevant materials within trial counsel's extensive files. Id. at 5-6.

Habeas counsel object to the request for the information supporting the allegations in the § 2255 motion. See Def.'s Reply to the Response of the United States to the Court's Order Regarding Briefing Schedule [Dkt. No. 579] at 1, Mar. 4, 2016 ("Def.'s Reply"). The Court's discovery order, entered on August 6, 2015, required habeas counsel to produce both "an appendix and documentation of all allegations contained in" the § 2255 motion. Order [Dkt. No. 547], Aug. 6, 2015. Habeas counsel argue that to the extent the government seeks factual information obtained through oral interviews of witnesses by habeas counsel or their investigators, such requests are protected as attorney work product. Def.'s Reply at 4. Although that argument may be accurate with respect to interviews of lay witnesses, it does not apply to materials on which experts base their opinions.

Habeas counsel argue that the request for expert reports should be rejected because their experts have not yet prepared any written reports, id. at 5; however, to have formed any opinion sufficient to entitle counsel to base allegations on that opinion, these experts must have reviewed materials, made notes, and possibly have run tests. Indeed, habeas counsel states that "these experts performed some preliminary work" and that the § 2255 Motion "reflects the determinations that they had made by the time the Motion was required to be filed." Id. The data, notes, and materials produced by the experts during this "preliminary work" and on which the experts based their preliminary "determinations" would qualify as the "documentation" referenced in the August 6th order and would not be protected as attorney work product. Therefore, it must be produced.

Lastly, habeas counsel object to the request that trial counsel be ordered to explain their filing system and help the government locate materials within their files. Id. at 6. In the alternative, they ask the Court to limit trial counsel's assistance and allow habeas counsel to be

present during any interactions between government counsel and trial counsel. Id. Habeas counsel's objection and request have no merit. Trial counsel become fact witnesses in this type of proceeding. Although a habeas litigant does not necessarily abandon the protection of privileged attorney-client communication, the scope of that protection is evaluated in the context of the issues raised in the § 2255 Motion. When such motions are extremely broad, covering—as this one does—nearly every aspect of trial counsel's performance, that privilege is essentially waived, at least for the purposes of the habeas proceedings. See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); see also United States v. Pinson, F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); United States v. Juan, 48 F. Supp. 3d 853, 858-59 (E.D. Va. 2014) (referring to the "longstanding consensus in the federal courts that a formal claim of ineffective assistance of counsel implicitly waives the attorney-client privilege" and stating that courts have also found a waiver when an informal claim is raised that "might put the nature of the attorney's prior advice or the attorney-client relationship 'at issue'"). For these reasons, habeas counsel do not have any right to be present when the government communicates with trial counsel.

For these reasons, it is hereby

ORDERED that within thirty (30) days, habeas counsel provide the government with all documents, records, notes, reports, and any other information used or produced by the experts

3

and supporting the expert opinions referenced in the § 2255 Motion. Any reference to expert opinion for which such support is not provided will be stricken from the § 2255 Motion, and it is further

ORDERED that trial counsel meet and confer with government counsel to explain their filing systems and to help government counsel identify relevant documents. Of course, trial counsel may communicate with habeas counsel, but the Court declines to require that habeas counsel be present when trial counsel meet and confer with government counsel, and it is further

ORDERED that government and habeas counsel confer as to which of the following dates are available for a status conference, and advise the Court accordingly within fourteen (14) days: Thursday, June 16, 2016 through Friday, June 24, 2016 at 9:00 a.m.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 25 day of March, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge