**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Criminal No. 1:05-cr-00264 (LMB)** |
| **v.** : | **Civil Action No. 1:15-cv-00551** |
| : | |
| **THOMAS MOROCCO HAGER,** : | **CAPITAL § 2255 PROCEEDINGS** |
| : | |
| **Defendant.** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
AMENDED ORDER AND FOR AN EXTENSION OF TIME TO PRODUCE
NEUROPSYCHOLOGICAL TEST DATA AND MATERIALS**

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully seeks to amend the Court's Order dated March 25, 2016, ECF 580, to specifically direct Defendant's retained expert, Dr. Amanda Gregory Ph.D., a clinical neuropsychologist, to produce test data and test materials in this matter. As explained in further detail below, relevant ethics rules and state law applicable to psychologists permit the disclosure of test data and test materials to non-psychologists only if specifically directed by a court order. Mr. Hager further requests an extension of time to provide this test data and material to the government from the current deadline of Monday, April 25, 2016, until seven days following the entry of the amended order requested herein.[1]

**RELEVANT BACKGROUND**

On February 10, 2016, the Court entered an order asking the government to show cause as to why it could not file its responsive brief to Mr. Hager's motion pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion") by April 11, 2016. *See* 2/10/16 Order, ECF 577. In response,

---

[1] By making this Motion, habeas counsel do not waive their objections to the Court's Order dated March 25, 2016, directing disclosure of work product.

the government argued that it could not respond to the Section 2255 Motion without receiving, among other things, "all of the documents, records, notes, reports, or other information supporting all of the . . . expert opinions" in the Motion.  2/24/16 Gov't Resp. at 4, ECF 578. Over Mr. Hager's objection, on March 25, 2016, the Court ordered habeas counsel to "provide the government with all documents, records, notes, reports, and any other information used or produced by the experts and supporting the expert opinions referenced in the § 2255 Motion" within thirty days.  3/25/16 Order at 3-4, ECF No. 580 (the "Order").  The deadline for producing these materials is Monday, April 25, 2016.

One set of materials that habeas counsel must produce is test data and test materials generated by Dr. Amanda Gregory, Ph.D., a California-licensed clinical neuropsychologist that habeas counsel retained to provide an expert opinion in support of certain of the claims in the Section 2255 Motion.  After the Court entered the Order, habeas counsel promptly notified Dr. Gregory of their obligation to produce this material.  Dr. Gregory informed habeas counsel of certain ethical standards and other regulations, specifically the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct (the "APA Ethics Code") and California regulations governing the conduct of psychologists licensed in that state, that restrict her ability to disclose test data and test materials without a specific court order.  Habeas counsel researched the relevant standards and have agreed to comply with Dr. Gregory's request to seek an amended Order that specifically directs her to produce test data and test materials. Such an amendment will ensure that Dr. Gregory can produce this material without running afoul of her ethical and regulatory obligations.

## ARGUMENT

**THE COURT'S MARCH 25, 2016 ORDER SHOULD BE AMENDED TO SPECIFICALLY DIRECT DR. GREGORY TO PRODUCE NEUROPSYCHOLOGICAL TEST DATA AND TEST MATERIALS, AND THE DEADLINE FOR HABEAS COUNSEL TO PRODUCE THAT MATERIAL SHOULD BE EXTENDED UNTIL AFTER SUCH AN ORDER IS ENTERED.**

Psychologists, including neuropsychologists, in the United States are bound by the ethical standards set forth in the American Psychological Association ("APA") Ethics Code. Relevant here are two standards: Standard 9.04, which governs the release of test data, and Standard 9.11, which governs the security of test materials. Standard 9.04 defines "test data" to mean "raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination." *See* Standard 9.04(a), APA Ethics Code (attached hereto as Exhibit A). Under Standard 9.04, a psychologist can share test data in two circumstances. First, pursuant to a client/patient release, a psychologist can provide test data to the client/patient or other persons identified in the release. *Id.* Second, in the absence of such a release, a psychologist can provide test data "only as required by law or court order." *Id.* Standard 9.04(b). The primary purpose of Standard 9.04 is to protect confidential client/patient information that is disclosed during test administration.

Standard 9.11 defines "test materials" to mean "manuals, instruments, protocols, and test questions or stimuli." *Id.* Standard 9.11. It requires psychologists to "make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code." *Id.* The primary purpose of Standard 9.11 is to prevent the circulation of detailed testing methodology, which might enable other test takers to compromise their test results. California law is similarly protective of testing methodology. Under Section 1396.3 of Title 16 of the California Code of Regulations, a psychologist:

shall not reproduce or describe in public or in publications subject to general public distribution any psychological tests or other assessment devices, the value of which depends in whole or in part on the naivete of the subject, in ways that might invalidate the techniques; and shall limit access to such tests or devices to persons with professional interests who will safeguard their use.

16 C.C.R. § 1396.3.

Dr. Gregory interprets these standards to permit a neuropsychologist to disclose test data and test materials only if he or she is specifically directed to do so by court order. The Order, however, does not mention Dr. Gregory by name or refer to neuropsychological test data or test materials specifically. Habeas counsel agrees that a more specific order would resolve any doubt about whether the disclosure of such material is consistent with the relevant ethical standards.

Here, Dr. Gregory has generated test data and test materials as defined in Sections 9.04 and 9.11 of the APA Ethics Code in connection with her preliminary work on behalf of Mr. Hager in this matter. To ensure that Dr. Gregory can disclose that material in a manner consistent with her ethical responsibilities, the Order should be amended to specifically direct her to provide the material to habeas counsel, who in turn will provide it to the government. In addition, the Court should extend the current deadline by which habeas counsel must provide the government with that material until seven days after an amended Order is entered.[2] Absent this simple fix—which would not prejudice the government in any way—Dr. Gregory is in the untenable position of potentially having to violate both the APA's ethical standards and California law in order to comply with the Order.

---

[2] Mr. Hager is only seeking an extension of the production deadline for neuropsychological test data and test materials. Mr. Hager will provide the government with all other expert materials that he is required to produce under the Order by the current deadline.

4

**CONCLUSION**

For the foregoing reasons, Mr. Hager respectfully requests that the Court amend the March 25, 2016 Order to specifically direct Dr. Amanda Gregory, Ph.D., to produce neuropsychological test data and test materials to habeas counsel, and that the Court extend the deadline by which habeas counsel must provide that material to the government until seven days after an amended order is entered.

Dated: April 22, 2016

Respectfully submitted,

/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*

/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2016, I have caused a copy of the

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AMENDED ORDER AND FOR AN EXTENSION OF TIME TO PRODUCE NEUROPSYCHOLOGICAL TEST DATA AND MATERIALS** to be served on the following by electronically filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

6