**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
|  | : | **Criminal No. 1:05-cr-00264 (LMB)** |
| **v.** | : | **Civil Action No. 1:15-cv-00551** |
|  | : | |
| **THOMAS MOROCCO HAGER,** | : | **CAPITAL § 2255 PROCEEDINGS** |
|  | : | |
| **Defendant.** | : | |
|  | : | |

## DEFENDANT'S POSITION ON SCHEDULING

Defendant Thomas Morocco Hager, through undersigned counsel, respectfully submits the following position on scheduling in advance of the June 23, 2016 status conference in this matter. As explained in further detail below, at the conference the Court should enter a new scheduling order that is appropriate for a complex capital Section 2255 proceeding like this one. The order should permit habeas counsel to seek discovery and additional funding for further factual investigation and expert work after the government files its response. It should allot habeas counsel sufficient to time to complete that discovery and investigation before Defendant's reply is due. It should require the parties to thereafter brief the issue of Defendant's entitlement to an evidentiary hearing once all of the pleadings are submitted. And it should be entered now to provide the parties clear guidance regarding how this matter will proceed.

## RELEVANT BACKGROUND

On April 27, 2015, Defendant Thomas Morocco Hager, through undersigned counsel, filed a timely Motion to Vacate, Set Aside, or Correct Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion"). ECF No. 529. The relief sought by the Section 2255 Motion included an opportunity to obtain discovery in support of the claims in the Motion. Shortly after the Section 2255 Motion was filed, the Court set a briefing schedule that required

the government to file a response brief of no more than 90 pages, exclusive of affidavits and supporting documentation, by July 27, 2015, and Defendant to file a reply brief of no more than 30 pages, exclusive of affidavits and supporting documentation, by August 26, 2015.  4/28/15 Order, ECF No. 532; 5/13/15 Order, ECF No. 539.  Before its response brief was due, the government filed a motion seeking extensive discovery from trial counsel and habeas counsel and suspension of the briefing schedule.  *See* 7/2/15 Motion, ECF No. 541.  Over Defendant's objection,[1] the Court ordered habeas counsel to "provide the government forthwith with all files obtained from trial counsel" and to "provide the government with an appendix and documentation of all allegations contained in [the Section 2255 Motion]."  8/6/15 Order, ECF No. 547.  The Court also ordered the production of trial counsel's under seal ex parte filings and trial counsel's Criminal Justice Act ("CJA") vouchers and records related to their representation of Defendant.  *Id.*  In compliance with the Court's Order, on October 16, 2015, habeas counsel provided the government an appendix consisting of nearly 5,000 pages of supporting documentation and an annotated version of the Section 2255 Motion.  Following the entry of a protective order, *see* 10/27/15 Order, ECF No. 575, habeas counsel produced all of trial counsel's files to the government, including Concordance load files consisting of more than 7,800 documents and 76,000 pages.

On February 10, 2016, the Court entered an order directing the government to show cause why it could not file its response to the Section 2255 Motion by April 11.  *See* 2/10/16 Order, ECF No. 577.  The Court also ordered Defendant to file his reply brief within 30 days of the date on which the government filed its response, and stated that the page limits from the Court's previous rulings would apply to the parties' briefs.  *Id.*  In its response, the government argued

---

[1] Defendant did not object to the government's request to suspend the briefing schedule, and the Court agreed to vacate its previous orders directing the government to file a responsive brief by July 27, 2015.  *See* 7/2/15 Order, ECF No. 543.

that it needed even more discovery to respond to the Section 2255 Motion and requested "all of the documents, records, notes, reports, or other information supporting all of the factual allegations and expert opinions" in the Motion, as well as a meeting with trial counsel to explain counsel's filing system.  2/24/16 Gov't Resp. at 4, 7, ECF No. 578.  Over Defendant's objection, the Court ordered habeas counsel to "provide the government with all documents, records, notes, reports, and any other information used or produced by the experts and supporting the expert opinions referenced in the § 2255 Motion" within 30 days and for trial counsel to "meet and confer with government counsel to explain their filing systems and to help government counsel identify relevant documents."  3/25/16 Order at 3-4, ECF No. 580.  Habeas counsel provided the government the required expert material, excluding neuropsychological test data and material, on April 25, and, following amendment of the 3/25/16 Order at Defendant's request, *see* 4/25/16 Order, ECF No. 585, the neuropsychological test data and material on May 3.  The government met with trial counsel to discuss their filing system on May 27.

Currently, there are no deadlines set for the government's response or Defendant's reply.  At the August 6, 2015 hearing on the government's first discovery motion, the Court directed habeas counsel not to move for leave to conduct their own discovery until after the government had filed its response.  Hr'g Tr. 40:1-4, Aug. 6, 2015 (relevant excerpt attached hereto as Exhibit A).  Thus, to date, habeas counsel has not sought or obtained any discovery.

**ARGUMENT**

**THE COURT SHOULD ENTER A SCHEDULING ORDER THAT IS APPROPRIATE FOR THIS COMPLEX CAPITAL SECTION 2255 PROCEEDING.**

The previous scheduling orders in this matter required Defendant to file his reply within a short period following the government's response – 30 days – and did not encompass additional factual development by either party or any further proceedings beyond the reply.   Subsequent to

3

the entry of those orders, the government sought, and received, permission to obtain extremely extensive discovery from habeas counsel, their experts, and trial counsel. Defendant respectfully submits that a more comprehensive scheduling order is appropriate at this juncture, one that addresses the needs of both parties to conduct discovery and request other factual development procedures to ensure that the Court has a complete record upon which to adjudicate Defendant's claims for relief. Such an order should follow the procedures set forth in the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") and the approach taken by other courts in capital Section 2255 proceedings. Specifically, the Court should enter an order that: (a) permits habeas counsel to submit a budget to incur further CJA fees and expenses in order to prepare appropriate pleadings and to fund additional factual investigation and expert work following the government's response; (b) permits habeas counsel to file a discovery motion to obtain information in the possession of the government or third parties that is not otherwise available to Defendant without Court intervention, also following the government's response; (c) sets a deadline and page limit for Defendant's reply that provides adequate time to complete discovery and additional factual investigation and expert work, and adequate space to address new facts and respond to the government's arguments; and (d) requires the parties to thereafter submit briefing identifying the claims for which an evidentiary hearing is necessary and thoroughly presenting both the facts and the law supporting their position.

> **A.**     **The Court should permit habeas counsel to submit a budget for additional CJA funding after the government files its response.**

4

████████████████████████████████████████████████████████[2]

Habeas counsel, however, have a need to continue developing facts to support Defendant's claims, and an obligation to do so. *See* American Bar Association, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, Guideline 10.15.1.E (Rev. 2003) (obligating post-conviction counsel in capital cases to "continue an aggressive investigation of all aspects of the case"). Although a significant amount of investigation was accomplished during the one year period between habeas counsel's appointment and the deadline for filing the Section 2255 Motion, more remains to be done to factually develop some of the claims. Moreover, additional factual investigation is necessary because yet-to-be-discovered information may require habeas counsel to amend or supplement Defendant's existing claims – something habeas counsel also must consider under applicable standards of practice. *See id.*, Guideline 10.8.C ("Counsel at all stages of the case should keep under consideration the possible advantages to the client of . . . supplementing claims previously made with additional factual or legal information.").

In addition, while Defendant's neuropsychological and trauma experts performed some preliminary work before the Section 2255 Motion was filed, they have not completed their analysis or prepared written reports. Habeas counsel needs funding from the Court to allow these experts to finish their work, which is crucial to Defendant's ineffective assistance of counsel and intellectual disability claims.

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[2] Defendant has redacted from the publicly-filed version of this Position on Scheduling certain passages that cite to or quote from *ex parte* and under seal orders entered by the Court in this matter. Contemporaneously with filing this Position on Scheduling, Defendant is moving to proceed *ex parte* and under seal on the material that has been redacted from the publicly-filed version of this document.



Defendant respectfully requests that the scheduling order allow habeas counsel to submit a budget for CJA funding to cover additional factual investigation and expert work after the government files its response. The budget will identify the general categories of additional investigative work that habeas counsel must undertake to adequately represent Defendant in this matter, and the additional work Defendant's experts must complete in order to provide their final opinions and reports. The budget will also request funding for habeas counsel to prepare appropriate pleadings in this matter, including a motion for discovery, a reply, and a motion for an evidentiary hearing. Defendant asks for 30 days from the date of the government's response to submit an appropriate budget.

> **B.    The Court should permit habeas counsel to seek discovery after the government files its response.**

Rule 6(a) of the Section 2255 Rules provides that a court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." The "good cause" standard is met "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also United States v. Roane*, 378 F.3d 382, 402-03 (4th Cir. 2004) (applying *Bracy* and *Harris* to discovery requests in Section 2255 proceedings). A party requesting discovery "must provide

reasons for the request," and, if seeking documents, specify the documents it is requesting. Section 2255 Rule 6(b).

To date, only the government has been afforded discovery. Habeas counsel must seek discovery to obtain certain factual information that supports Defendant's ineffective assistance of counsel and government misconduct claims. This information is in the government's possession or unavailable to habeas counsel without a court order, and, accordingly, Rule 6 discovery is the only vehicle by which habeas counsel can obtain it. It is not uncommon for courts in capital Section 2255 proceedings to permit defendants to obtain discovery. *See, e.g.*, *United States v. Fell*, 5:01-cr-00012-gwc, ECF 369 (D. Vt. May 10, 2013) (granting in part defendant's motion for leave to conduct discovery) (attached hereto as Exhibit B); *Roane*, 378 F.3d at 402 (noting that district court allowed defendant to obtain some discovery). Even where discovery has ultimately been denied, courts have adopted scheduling orders that permit defendants in capital Section 2255 proceedings to serve discovery requests or file motions for discovery. *See, e.g., United States v. Flood*, 8:03-cr-00457-PJM, ECF 449 (D. Md. Nov. 20, 2012) (setting schedule permitting defendants to file discovery motions) (attached hereto as Exhibit C); *United States v. Johnson*, 3:01-cr-03046-MWB, ECF 807 (N.D. Iowa Aug. 14, 2009) (setting deadlines for defendant and the government to serve discovery requests) (attached hereto as Exhibit D); *Barnette v. United States*, 3:12-cv-00327-RLV, ECF 53 (W.D.N.C. Aug. 9, 2013) (setting deadline for government to respond to defendant's discovery request) (attached hereto as Exhibit E).

This Court previously indicated that the appropriate time for habeas counsel to seek discovery is after the government files its response. At the August 6, 2015 hearing on the government's first discovery request, habeas counsel stated their intention to file a discovery

motion.  Hr'g Tr. 39:23-25, Aug. 6, 2015 (Exhibit A).  The Court instructed habeas counsel not to pursue discovery at that time, stating: "don't spend any time on that yet.  Let's get the government's opposition in first, all right?  We're not going to have it going in two directions at the same time." *Id.* 40:1-4.  Following the Court's earlier guidance, Defendant requests that the Court permit habeas counsel to file a Rule 6 discovery motion after the government files its response.  To allow habeas counsel sufficient time to analyze the government's response and determine what discovery is necessary for the further development of Defendant's claims, habeas counsel ask that they have 30 days from the date of the Court's approval of a budget in which to prepare and file a discovery motion.

    **C.**    **Defendant should have six months from the date of the Court's ruling on his discovery motion to file his reply, and should be allotted 90 pages, exclusive of affidavits and supporting documentation.**

The additional factual investigation, expert work, and discovery that habeas counsel must conduct following the government's response cannot be accomplished in the 30 days and 30 pages Defendant was allotted in the Court's previous scheduling orders.  The parties will need time to fully brief Defendant's discovery motion, the Court will need time to decide it, and, if the motion is granted, the government agencies or third party entities in possession of the information will need time to make their productions.  The Court will need time to review Defendant's budget and, if it is approved, habeas counsel and their investigator and mitigation specialist will need time to conduct additional factual investigation, and Defendant's experts will need time to complete their analysis and reports.  Habeas counsel will then need time to review all of that information and incorporate it into, and to draft, the reply.

Habeas counsel anticipates that all of this work, performed efficiently and without duplication of effort, can be completed within six months of the date on which the Court decides Defendant's discovery motion.  In addition, habeas counsel anticipates that they will need up to

90 pages, exclusive of affidavits and supporting documentation, for the reply to adequately incorporate the new factual information and expert opinion and analysis and to respond to all of the government's arguments. To the extent habeas counsel can accomplish this task in less than 90 pages, they will of course do so.

**D.    The Court should require the parties to brief the issue of Defendant's entitlement to an evidentiary hearing.**

Once the initial pleadings have been filed and discovery has been completed, the court in a Section 2255 proceeding must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Section 2255 Rule 8(a). If the movant "alleges facts which, if true, would entitle her to relief," an evidentiary hearing is required. *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). A hearing is also necessary "where material facts are in dispute involving inconsistencies beyond the record." *Id.*; *see also United States v. White*, 366 F.3d 291, 303 (4th Cir. 2004) (finding evidentiary hearing "especially warranted" where the factual allegations "'relate[ ] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light,' and where the ultimate resolution rests on a credibility determination") (quoting *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962)). When district courts have failed to hold evidentiary hearings to resolve factual disputes in Section 2255 proceedings, the Fourth Circuit has reversed, even in non-capital cases. *See, e.g.*, *United States v. Mitchell*, No. 11-6711, 484 Fed. Appx. 744, 745, 2012 WL 2365895 (4th Cir. June 22, 2012) (vacating in part and remanding for failure to conduct evidentiary hearing where district court record did not contradict defendant's claim); *United States v. O'Quinn*, No. 05-6412, 166 Fed. Appx. 697, 698, 2006 WL 372430 (4th Cir. Feb. 16, 2006) (vacating and remanding because factual dispute existed that required evidentiary hearing on claim of ineffective assistance of

counsel); *United States v. Luessenhop*, No. 04-7328, 143 Fed. Appx. 528, 531, 2005 WL 1793575 (4th Cir. July 29, 2005) (vacating and remanding because defendant had presented sufficient evidence to require an evidentiary hearing on ineffective assistance of counsel claim).

Defendant has alleged sufficient facts in his Section 2255 Motion that, if true, entitle him to relief.  The government's response and Defendant's reply may narrow the material facts in dispute, but, to the extent disputed issues remain after the initial pleadings, an evidentiary hearing is mandatory.  Recognizing that the government may hold a different view about whether Defendant is entitled to a hearing, the scheduling order should set deadlines for the parties to file briefs identifying the claims on which an evidentiary hearing should be conducted and the factual and legal support for their positions, following the submission of Defendant's reply.  Setting these deadlines now will assist counsel for both parties to plan for litigating this matter.  *See Barnette*, 3:12-cv-00327-RLV, ECF 53 (W.D.N.C. Aug. 9, 2013) (setting deadline at beginning of case for defendant to move for an evidentiary hearing) (Exhibit E).  Defendant asks that he have 60 days following the submission of his reply to file a motion for an evidentiary hearing.  The government should have 60 days from the date of Defendant's motion to file a response, and Defendant should have 30 days from the date of the government's response to file a reply.

10

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter the scheduling order described herein at the status conference on June 23, 2016.

Dated: June 21, 2016                    Respectfully submitted,


/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*


/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2016, I have caused a copy of this **DEFENDANT'S POSITION ON SCHEDULING** to be served on the following by electronically filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

> /s/ Blair G. Brown
> Blair G. Brown

12