IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05cr264 (LMB) |
| | ) | |
| THOMAS MOROCCO HAGER | ) | |

**PREHEARING MEMORANDUM OF THE UNITED STATES**

The United States, through counsel, hereby responds to the defendant's scheduling memorandum and, additionally, identifies other issues for the June 23, 2016 hearing.

**I.      DEFENDANT'S PROPOSED SCEDULILNG ORDER**

On June 21, 2016, defendant filed position on scheduling in anticipation of the hearing scheduled for June 23, 2016.   In that pleading, defendant resurrects the argument previously made regarding discovery and an evidentiary hearing (*see*, *e.g.*, Docket 538, 544, 550).   This Court rejected that position, indicating that those issues will be addressed once the government has filed its response to the Section 2255 motion and the defendant has filed his reply.   At that point, the Court will determine whether it has sufficient information to resolve the issues raised by the defendant, or whether further proceedings, briefing, or argument is necessary.   There is no reason to deviate from this practice.

## II.    OTHER OUTSTANDING MATTERS

### A.    Trial Counsel's Files

The government is continuing its review of trial counsel's files.    It is arduous process, as much of the material has to be reviewed page by page, and there are approximately 80,000 pages to review.    What is clear at this point, however, is that trial counsel made certain decisions regarding expert testimony, witnesses, and trial strategy that go to the heart of defendant's claims.    At some point, the government may need to question trial counsel about these decisions, preferably after they have had an opportunity to review the pertinent files.    The Court will have to determine the appropriate process for such questioning (*e.g.*, interview, deposition, interrogatories).

### B.    Missing Information

In its response to the Court's prior order (Docket 578), the government indicated that it needed additional information from habeas counsel as to the allegations in the defendant's Section 2255 motion, specifically information regarding expert opinions and lay witnesses.    The Court ordered the production of the information regarding expert opinions but declined to order the production of the factual information supporting the allegations based on "witness interviews by habeas counsel and/or investigators."    *See* annotated Section 2255 Motion at Part I, paragraph 26; Part II, paragraphs 54, 55, 59, 60, 61, 62, 63, 64, 67, 68, 69, 85, 86; Part III, paragraph 9, 16, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 105. 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 147, 163, 164, 191, 192, 193, 194; Part IV, paragraph 1; Part V, paragraph 5.

At the hearing on August 6, 2015, the Court alluded to an issue that most likely will be part

of the government's response.   The Court indicated that in its experience with capital 2255 proceedings, trial counsel may not have had the cooperation of a number of witnesses when the case was tried, but years later these same witnesses were extremely cooperative for habeas counsel.   *See* Docket 550 at 17.   Having reviewed some of trial counsel's files, that is most likely the case here.   But, we cannot tell, because we do not know the identity of the witnesses relied on by habeas counsel in the defendant's Section 2255 pleading.   Habeas counsel objected to providing any information about these witnesses, citing "work product."   The Court, in its Order, indicated that this "argument may be accurate with respect to interviews of lay witnesses . . . . " Docket 580 at 2.

The government submits that work product does not protect these materials from disclosure. Simply put, work product does not protect facts, only the opinions and mental impressions of counsel.   More importantly, once counsel has made testimonial use of information for which work product is claimed, the protection is waived.   Here, by making affirmative use of the factual information obtained from these witnesses, habeas counsel has waived any work product protection.   *See United States v. Nobles*, 422 U.S. 225 (1975).   In *Nobles*, the Supreme Court found that the district court had acted properly in precluding a defense investigator from testifying about two interviews he had conducted with eyewitnesses unless the defense produced the investigator's reports of these interviews to the government.   In rejecting the defendant's work-product objection to this approach, the Court stated:

> The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived. Here respondent sought to adduce the testimony of the investigator and contrast his recollection of the contested statements with that of the prosecution's witnesses. Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony. Respondent can no more advance

3

the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.

422 U.S. at 239–40.   In a footnote, the Court noted, among other things, that "where, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents." *Id.* at 240 n.14.

Respectfully submitted,

Dana J. Boente
United States Attorney

James L. Trump
Assistant United States Attorney
Attorney for the United States

By:    _____/s/_____
James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2016, I electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to all counsel of record.

By:          _____/s/_____

James L. Trump
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

5