IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    No. 1:05cr264 (LMB) |
| | ) |
| THOMAS MOROCCO HAGER | ) |

**MOTION OF THE UNITED STATES FOR
AN EXTENSION OF TIME TO FILE RESPONSE**

The United States, through counsel, without objection from the defendant, hereby moves

for an extension of time from February 24, 2017, to March 8, 2017, to file its response to the

defendant's Section 2255 motion.   In support of this motion, the United States represents:

At the hearing on September 16, 2016, the Court agreed to the government's request for a

filing deadline of February 24, 2017, for its response to the motion to vacate (DE 599).   The

government has been working diligently since then to complete its brief by the due date, but,

despite these efforts, we anticipate that additional time will be needed to finish the brief and

assemble an appendix of supporting documents.   The additional time will also help in paring

down the response, which, in its current draft form, exceeds the Court's 90-page limit (DE 577).

The government fully recognizes that the Court has already been generous and

accommodating to both sides in this matter.   Simply stated, however, the government

underestimated the time it would take to finalize and format its response and supporting

appendix, which requires the government to cite and arrange hundreds of contemporaneous

documents from trial counsels' files, which are stored in digital (scanned) format, in order to

present to the Court a contemporaneous narrative of trial counsel's real-time strategy and

decision making on the hundreds of issues raised in Hager's § 2255 motion. Although the government was able to outline the legal bases for its response after initially reviewing trial counsel's files, government counsel underestimated the time it would take to subsequently reorganize these in the narrative silos necessary to support its response and supporting appendix. To aid this process, the government has reviewed trial counsel's hard-copy files maintained by habeas counsel in order to more accurately represent trial counsel's file organization system, which was largely lost when the files were scanned.   In hindsight, the government should have reviewed the hardcopy files first and then, perhaps, asked that they be produced in hard copy format rather than scanned.[1]

As the Court is aware, to establish a claim of ineffective assistance of counsel, the petitioner must prove that his counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   To show deficient performance, the petitioner must establish that counsel's performance "fell below an objective standard of reasonableness," and that in the absence of those errors a reasonable probability exists that "the result of the proceeding would have been different."   *Id.*; *Knowles v. Mirzayance*, 556 U.S, 111, 124 (2009) (finding that petitioner must show that counsel's performance fell below prevailing professional norms).   The same standard applies to death penalty cases.   *Newland v. Hall*, 527 F.3d 1162, 1184 (11th Cir. 2008).

---

[1]   To be clear, habeas counsel did nothing wrong. They scanned and produced the materials they had obtained from trial and appellate counsel; the government simply did not anticipate the difficulties encountered in organizing the scanned materials to present to the Court. For example, whether a particular file belonged to Hager's trial counsel (McCarthy and/or Kiyonaga) or to Hager's D.C. attorney (Gilbert) was not readily apparent from the scanned documents. Emails between counsel and with investigators and witnesses were often not arranged chronologically, and duplicate emails surfaced in many different files. Emails often referred to other documents or attachments, but these documents were often not found with the emails. Many of these emails are critical to an understanding of trial counsel's strategic decisions.

The reasonableness of counsel's conduct must be based on the facts of the case when viewed as of the time of counsel's conduct. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 690); *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) ("In assessing counsel's investigation, we must conduct an objective review of their performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time.   Every effort must be made to eliminate the distorting effects of hindsight." (internal quotations and citations omitted)). Consideration of trial counsel's contemporaneous records, as memorialized in the files reviewed by the government, is of critical importance in this case because, as first articulated in *Strickland*, the degree of deference owed to trial counsel's strategic judgements depends on the adequacy of the investigation supporting these judgments:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 690-691.

Here, Hager challenges many of trial counsel's tactical judgments in both the guilt and penalty phases of his trial.   What trial counsel's files reveal, we believe, is that counsel did, in fact, conduct a thorough investigation of law and facts, which, in turn, will inform the Court as to the appropriate standard of review for the Court to employ when addressing each of the defendant's claims.   The requested additional time is necessary to organize the relevant documents from trial counsel's files according to each of the issues raised by the defendant.

One issue, for example, requires the government to gather all of the relevant documents pertaining to the defense mental health experts and their various examinations of the defendants. Another requires a compilation of documents reflecting interviews with the various witnesses interviewed by defense investigators regarding prison violence and future dangerousness. Another involves assembling documents obtained by investigators reflecting particular statutory aggravators. Another necessitates tracing the development of trial counsel's guilt-phase drug-related killing legal theory under 21 USC § 848(e). While the government's legal response on all of these issues involves a relatively straightforward application of the *Strickland* standard, supporting that response with specific facts and citations, and compiling the relevant supporting documents into an intuitive appendix, has proven a much larger task than the government anticipated. We believe that the additional time requested will allow us to complete the process efficiently so that we can provide the Court with a comprehensive but not duplicative set of documents to review as the Court evaluates each of the defendant's claims.

In addition, and as the Court is aware, the government has asked Dr. Raymond Patterson to assist us in reviewing, in particular, the mental health assessments conducted by trial counsel in 2006-2007. Government counsel has provided Dr. Patterson with relevant documents from this case and conferred with him during this process. The government does not believe that it will be necessary to submit an independent report from Dr. Patterson in conjunction with its response brief. However, the government does wish to review certain aspects of its final draft with Dr. Patterson before submitting that document to the Court. Dr. Patterson recently underwent hip replacement surgery, which has limited his availability, and has other previously scheduled matters that require his prompt attention. The requested continuance would allow us to confer with Dr. Patterson before filing our response.

For these reasons, the United States requests that it be given an extension of time until March 8, 2017, in which to file its response to the defendant's Section 2255 motion.   Counsel for the United States has discussed this motion with habeas counsel, and habeas counsel does not object to the requested continuance.   The parties further request that the hearing now scheduled for March 10, 2017, be continued until March 24.   A proposed order is attached.

Respectfully submitted,

Dana J. Boente
United States Attorney

James L. Trump
Christopher Catizone
Assistant United States Attorneys
Attorneys for the United States

By:   _____/s/_____
James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2017, I electronically filed the

foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to all counsel of record.


By:            /s/
              James L. Trump
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov