IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:05-cr-264-LMB |
| THOMAS MOROCCO HAGER, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE OF THE UNITED STATES TO
DEFENDANT'S POSITION ON SCHEDULING [DKT 610]

The United States submits this response to Defendant's Position on Scheduling [Dkt 610]. The government opposes the schedule proposed by habeas counsel and respectfully suggests that the Court follow the approach contemplated in its prior orders: within a time set by the Court, habeas counsel should file a reply in support of Hager's § 2255 motion. Then, if the Court determines that it must resolve any factual issues in order to decide Mr. Hager's motion, the Court may call for an evidentiary hearing or further briefing. For the reasons provided in its response to Hager's § 2255 motion [Dkt 608], the government respectfully submits that no further discovery, and no evidentiary hearing, will be needed for the Court to resolve the legal issue presented in Hager's motion: whether—having "eliminate[d] the distorting effects of hindsight, . . . reconstruct[ed]] the circumstances of counsel's challenged conduct, and . . . evaluate[d] the conduct from counsel's perspective at the time, *Strickland v. Washington*, 466 U.S. 668, 689 (1984)—trial counsel's representation fell below an objective standard of reasonableness, and, if so, whether Hager was prejudiced.

DISCUSSION

The government disputes at least three of the factual and legal premises underlying habeas counsel's proposed scheduling approach.

*First*, habeas counsel contend that the government sought and obtained "extensive discovery from habeas counsel, their experts, and trial counsel." [Dkt 610 at 4.] The government disputes habeas counsel's claim that the government received "discovery" in this case—at least in the sense that habeas counsel now seek. The government obtained three categories of materials. First, the Court provided access to the ex parte, under seal pleadings from Hager's trial. But court-filed pleadings are not discovery, and these materials were long available to habeas counsel, who could have relied on them in supporting the claims in Hager's § 2255 motion. Second, habeas counsel turned over the materials which they explicitly relied on in support of the allegations in Hager's § 2255 motion. But these materials should have been attached to Hager's motion in the first place. (They were largely useless in any case, consisting primarily of public-record documents obtained by habeas counsel. Habeas counsel declined to turn over any materials actually supporting their claims, such as reports from their newly retained experts or factual information and interviews they relied on to develop the allegations in Hager's motion.) Third, habeas counsel turned over copies of trial counsel's files, and the government obtained additional materials directly from the experts retained by trial counsel. Again, these materials had long been in the possession of habeas counsel, who could have relied on them (but didn't) in supporting Hager's § 2255 motion. And the production of trial counsel's files is not equivalent to the "discovery" now sought by habeas counsel. Rather, because a habeas petitioner waives his attorney-client privilege by filing a claim of ineffective assistance, courts in this District—and in other districts[1]—routinely order trial counsel to turn over any materials from their files necessary for the court to resolve the

---

[1] *See, e.g.*, *LeClerc v. United States*, 2008 WL 1882105, at *1 n.1 (E.D.N.Y. Apr. 24, 2008) ("[T]rial counsel provided files to petitioner's counsel on this petition and, although that counsel has noted in his post-hearing brief that the files appear incomplete, he has not made any showing that additional files in fact exist. Accordingly, the motion for further discovery is denied.").

ineffectiveness claim. In the typical ineffectiveness case, trial counsel might turn over a limited set of files or perhaps submit an affidavit tailored to the defendant's claims of ineffective assistance. Here, Hager's claims covered virtually every aspect of trial counsel's representation, so the government received trial counsel's full files.

Consistent with *Strickland*, in responding to Hager's § 2255 motion the government relied on the materials above and the trial record, *i.e.*, the same materials available to trial counsel in 2006 and 2007. Habeas counsel now contend that they need "further investigative and expert work and to prepare a reply addressing the government's arguments." But Hager's reply must necessarily stand or fall on the same materials relied on by the government (and available to habeas counsel when Hager filed his initial motion)—not "new facts" obtained or "expert work" created more than a decade later.

*Second*, habeas counsel contend that they are entitled to discovery under the "procedures set forth" in the Rules Governing Section 2255 Proceedings, and "the approach taken by other courts in capital Section 2255 proceedings." [Dkt 610 at 4.] But as the Supreme Court has made clear, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that discovery is only available upon a showing of "good cause." This showing requires "specific allegations [which] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09 (alterations omitted). Hager has not come close to offering any such "specific allegations," despite (or because of) 200 pages of scattershot, conclusory allegations of ineffectiveness covering virtually every aspect of trial counsel's representation. The Fourth Circuit and other courts of appeals have made clear that

absent such specific allegations, even a capital habeas defendant is not entitled to discovery. *See, e.g.*, *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) ("[Defendant's] requests for discovery are without merit, and the district court did not abuse its discretion in denying them."); *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004) ("Conclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact."); *United States v. Fields*, 761 F.3d 443, 483–84 (5th Cir. 2014), *revised* (Sept. 2, 2014) ("The district court held that Fields was not entitled to discovery because he "failed to provide sufficient specific allegations to demonstrate that any of his discovery requests will yield evidence to support any of his grounds for relief." Reasonable jurists would not debate the district court's holding because Fields has not provided specific allegations that lead us to believe he could demonstrate his entitlement to relief if the facts are fully developed."); *see also, e.g.*, *Lenz v. True*, 370 F. Supp. 2d 446, 455 (W.D. Va. 2005) ("[A] petitioner must 'state what he hoped to find in those records or how they would help him prosecute his action.'" (alterations omitted)).

Of the 200 pages of claims raised by Hager, habeas counsel have not identified a single issue in which further discovery is warranted. If Mr. Hager had a viable claim under 28 U.S.C. § 2255, habeas counsel should have identified it with specificity and sought discovery on that claim. A defendant may not "use the habeas corpus discovery mechanism to explore his case 'in search of its existence.'" *United States v. Webster*, 392 F.3d 787, 802 (5th Cir. 2004). Nor may he "use discovery to go on a 'fishing expedition' through the Government's files in search of evidence to support an imagined and fanciful claim." *Runyon v. United States*, 2017 WL 253963, at *8 (E.D. Va. Jan. 19, 2017) (internal quotation marks omitted).[2]

---

[2] Relatedly, habeas counsel indicate that they wish to undertake "additional factual investigation and expert work." [Dkt 610 at 4.] They claim that "[a]lthough a significant amount of investigation

*Third*, habeas counsel suggest a schedule that explicitly contemplates an evidentiary hearing. Habeas counsel concede, however, that an evidentiary hearing is not required unless the Court's ultimate resolution of a defendant's claims turns on credibility determinations.[3] As the Fourth Circuit noted in *United States v. Toolasprashad*, 985 F.2d 554 (4th Cir. 1993), "whether . . . a hearing may be necessary, and whether petitioner's presence is required, is best left to the common sense and sound discretion of the district judges." As the government noted in its response [Dkt 608 at 158–59], other courts of appeals have recognized that evidentiary hearings are not required, even in capital habeas proceedings. *See, e.g.*, *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004) ("A federal habeas court must allow . . . an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." (emphasis added)); *Williams v. Bagley*, 380 F.3d 932, 977 (6th Cir. 2004) ("[E]ven in a death penalty case,

---

was accomplished," before Hager's motion was filed, "additional factual investigation is necessary," and "while Defendant's neuropsychological and trauma experts performed some preliminary work," the experts "have not completed their analysis or prepared written reports." [Dkt 610 at 5–6.] For the same reason that discovery is inappropriate, Hager should not be permitted now—after the government has submitted its response—to recraft his motion to include facts and allegations that should have been made from the beginning, or to submit more detailed expert findings and reports that should have been included from the start. Hager filed a 200-page motion after substantial investigation and consultation with numerous experts. Habeas counsel explicitly declined the Court's invitation to file an amended motion with more targeted claims. [Dkt 550 at 36.] The government has now dutifully responded to each of the allegations in the 200-page motion, using materials available to trial counsel at the time. Having seen the government's response, Hager should not now be permitted to sandbag the government by crafting new theories and searching for new facts that could have been presented at the outset.

[3] Even then, as the Fourth Circuit is Court has recognized, "there is no prohibition against a court making credibility determinations based on competing affidavits in certain circumstances"; indeed, "[c]hoosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events." *Strong v. Johnson*, 495 F.3d 134, 139 (4th Cir. 2007). Even where a district court "ha[s] before it conflicting affidavits," the district court "is not required to hold an evidentiary hearing . . . when it 'would add little or nothing to the proceedings.'" *United States v. Barsanti*, 943 F.2d 428, 440 (4th Cir. 1991) (quoting *United States v. Wilson*, 901 F.2d 378, 382 (4th Cir. 1990)).

bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing. Manifestly, the district court did not abuse its discretion in denying Williams's request, given his failure to specify which of his claims warranted an evidentiary hearing and what could be discovered through an evidentiary hearing." (citation and internal quotation marks omitted)).

As the Ninth Circuit has observed in a capital case, an evidentiary hearing is not required where "[t]he material facts—that is, what [defendant's] lawyers *did,* what they *didn't* do, and *why*—are not disputed" and "[w]hat *is* disputed is whether counsels' investigation and strategic decisions were reasonable as a matter of law," *i.e.*, "whether counsels' investigation and strategy fell below an objective standard of reasonableness." *Mitchell v. United States*, 790 F.3d 881, 886 (9th Cir. 2015), *cert. denied,* 137 S. Ct. 38 (2016). According to habeas counsel, "[t]he government's response and Defendant's reply may narrow the material facts in dispute, but significant disputed issues will unquestionably remain after the initial pleadings." [Dkt 610 at 10.] Having completed its response, the government doubts that this will be the case. Rather, under the two-pronged *Strickland* test, the government expects that the material facts regarding what Hager's trial counsel "did" and "didn't do" and "why" will not be in dispute (in which case an evidentiary hearing will not be needed), and, even if certain facts are disputed, Hager will be unable to establish prejudice (in which case an evidentiary hearing will not be needed). In any case, that is a question the Court can resolve after receiving Hager's reply in support of his § 2255 motion.

CONCLUSION

The procedure contemplated by habeas counsel calls for multiple steps before the Court can resolve this case: (1) ex parte submission by habeas counsel of a budget, and evaluation of that budget by the Court, (2) additional briefing by the parties regarding yet-unspecified (but most-certain-to-be-far-reaching) discovery demands, (3) submission of Hager's reply in support of his

6

§ 2255 motion, (4) additional briefing regarding whether an evidentiary hearing should be conducted, and (5) an evidentiary hearing. But all of these procedures can be compressed into a single step without prejudicing Hager: habeas counsel should be permitted a reasonable time period to file their reply. To the extent Hager identifies issues in his reply requiring an evidentiary hearing or additional factfinding, the Court will then be fully able to evaluate the facts and decide how best to proceed. As discussed above and in the government's response, the government believes that the relevant facts—those available to trial counsel at the time—will make clear that Hager cannot satisfy either prong of *Strickland*, and further proceedings will be unnecessary.

Date: March 24, 2017                              Respectfully submitted,

                                                  Dana J. Boente
                                                  United States Attorney


                                  By:  _____/s/_____

                                                  James L. Trump
                                                  Christopher Catizone
                                                  Assistant United States Attorneys
                                                  Eastern District of Virginia

                                                  The Justin W. Williams
                                                      U.S. Attorney's Building
                                                  2100 Jamieson Avenue
                                                  Alexandria, VA 22314
                                                  Phone:        (703) 299-3700
                                                  Fax:          (703) 299-3980

7

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2017, I will file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

all counsel of record.


Date: March 24, 2017                    Respectfully submitted,

                                        Dana J. Boente
                                        United States Attorney


                        By:  _____/s/_____

                                        Christopher Catizone
                                        Assistant United States Attorneys
                                        Eastern District of Virginia

                                        The Justin W. Williams
                                                U.S. Attorney's Building
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Phone:        (703) 299-3700
                                        Fax:          (703) 299-3980
                                        jim.trump@usdoj.gov