UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **Criminal No. 1:05-cr-00264 (LMB)** |
| | : **Civil Action No. 1:15-cv-00551** |
| | : |
| **THOMAS MOROCCO HAGER,** | : **CAPITAL § 2255 PROCEEDINGS** |
| | : |
| **Defendant.** | : |
| | : |

## [PROPOSED] DISCOVERY ORDER

For good cause shown, it is hereby ORDERED that Defendant Thomas Morocco Hager

shall have the following discovery procedures:

**A.    Discovery Concerning Government Witness Charles Johnson**

1A.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA, regarding the five categories of crimes for which Charles Johnson received immunity from prosecution under the terms of his August 5, 1999, plea agreement with the United States Attorney's Office for the District of Columbia, namely:

   i.    Any violations of Federal or District of Columbia narcotics laws committed prior to the date of the agreement.

   ii.    Any offenses arising out of the September 18, 1992, killing of William Roberts.

   iii.    Any offenses in connection with a non-fatal shooting committed by Charles Johnson and Samuel Howerton on the 2900 block of Nelson Place, S.E., in 1993.

   iv.    Any charges previously filed against Charles Johnson in the District of Columbia Superior Court in Case No. F-5055-94 involving the homicides of Timothy Dorsey and Willmon Poole on May 24, 1994 (and the related killing of Dwayne Gaskins on the 3900 block of Minnesota Avenue, N.E., on May 22, 1994).

v.      Any offenses arising out of the death of Calvin Spriggs on October 19, 1992, in the 5900 block of Blaine Street, N.E., with the exception of a charge of conspiracy to murder.

1B.    Defendant shall be permitted to issue a subpoena to the D.C. Metropolitan Police Department directing it to produce all documents and information in its possession regarding the five categories of crimes listed in paragraph 1A above.

2A.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA, regarding contacts between Charles Johnson or his attorney and Federal, State and local law enforcement agencies during the time period in which Johnson was a cooperating witness, including notes and records of all debriefing sessions or other interviews conducted with Johnson.

2B.    Defendant shall be permitted to issue subpoenas directing the following agencies to produce all documents and information in their possession relating to the information sought in paragraph 2A above:

i.      Fairfax County Police Department

ii.     Office of the Commonwealth's Attorney for Fairfax County

iii.    D.C. Metropolitan Police Department

3A.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA, regarding search and arrest warrants issued for Charles Johnson by the Stafford County Sheriff's Department in approximately March, 1998, and charges involving possession of marijuana and a stolen gun filed in Stafford County in approximately May, 1998.

3B.    Defendant shall be permitted to issue subpoenas directing the following agencies to produce all documents and information in their possession relating to the information sought in paragraph 3A above:

i.      Stafford County Police Department

ii.     Stafford County Sheriff's Department

iii.    Office of the Commonwealth's Attorney for Stafford County

2

**B.**    **Discovery Concerning Shenita King**

1.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the FBI and the DEA, regarding any compensation, including any monetary or in-kind compensation, paid to Shenita King for her cooperation with the government.

**C.**    **Discovery Concerning the Cornell Coplin Homicide**

1A.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI, the DEA and the United States Park Police, regarding the homicide of Cornell Coplin at 2500 Pennsylvania Avenue, S.E., on February 26, 1996.

1B.    Defendant shall be permitted to issue a subpoena directing the D.C. Metropolitan Police Department to produce all documents and information in its possession relating to the information sought in paragraph 1A above.

**D.**    **Discovery Concerning Government Witness Anthony Fields**

1.    Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, supporting or negating Anthony Fields's testimony at trial that he was then incarcerated on a probation violation on a seven-year-old possession charge.

2A.    Defendant shall be permitted to issue a subpoena directing the Office of the Commonwealth's Attorney for Fairfax County, Virginia, to produce all documents and information in its possession relating to the following prosecutions of Anthony Fields:

    i.    Prosecution on one count of Indecent Exposure Having Been Convicted of Two or More Like Offenses in the Last 10 Years in Case No. 101321, filed in Fairfax County District Court on February 16, 2002.

    ii.    Prosecution on a charge of Indecent Exposure that was brought on July 31, 2000, and to which Fields pled guilty on March 22, 2002.

    iii.    Prosecution on charges of Stalking, Obstructing Justice and two counts of Indecent Exposure, brought on July 17, 2001, in which

3

Fields entered a plea of guilty to the two counts of Indecent Exposure on August 9, 2001.

    iv.    Prosecution on a charge of Indecent Exposure brought on August 2, 2003, of which Fields was found guilty on September 30, 2003.

    v.    Prosecution on a charge of Identity Fraud that was brought on August 13, 2006, of which Fields was found guilty on October 26, 2006.

2B.    Defendant shall be permitted to issue a subpoena directing the Superior Court for the District of Columbia and the United States Attorney's Office for the District of Columbia to produce all documents and information in its possession relating to the following prosecutions of Anthony Fields in the Superior Court for the District of Columbia:

    i.    F-3829-80

    ii.    F-5674-80

    iii    M-17415-85

3A.    Defendant shall be permitted to issue a subpoena directing the Fairfax County Police Department to produce all documents and information in its possession relating to the following prosecutions of Anthony Fields:

    i.    Prosecution on a charge of Indecent Exposure that was brought on July 31, 2000, and to which Fields pled guilty on March 22, 2002.

    ii.    Prosecution on charges of Stalking, Obstructing Justice and two counts of Indecent Exposure, brought on July 17, 2001, in which Fields entered a plea of guilty to the two counts of Indecent Exposure on August 9, 2001.

    iii.    Prosecution on a charge of Taking Indecent Liberties with a Child, filed on July 20, 2001.

    iv.    Prosecution on a charge of Indecent Exposure brought on August 2, 2003, of which Fields was found guilty on September 30, 2003.

    v.    Prosecution on a charge of Identity Fraud that was brought on August 13, 2006, of which Fields was found guilty on October 26, 2006.

3B    Defendant shall be permitted to issue subpoenas directing the Office of the State's Attorney for Prince George's County, Maryland and the Prince George's County Police Department to produce all documents and

4

information in their possession relating to the following prosecutions of Anthony Fields and the events that led up to them:

    i.      Prosecution on charges of Battery and Arson filed on February 12, 1994.

    ii.     Prosecution on a charge of Malicious Destruction of Property filed on February 19, 1994.

    iii.   Prosecution on a charge of Malicious Destruction of Property filed on February 21, 1994.

    iv.    Prosecution on a charge of Indecent Exposure filed on November 4, 1997.

4.     Counsel for the government shall produce the transcript of Anthony Fields's testimony before a grand jury of this Court on June 24, 2004.

**E.     Discovery Concerning the Jerome Robinson Murder**

1A.    Counsel for the government shall produce any autopsy report of Paul Y. Lucas, date of birth 03/15/1971, in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA.

1B.    Defendant shall be permitted to issue subpoenas directing the following agencies to produce any autopsy report of Paul Y. Lucas, date of birth 03/15/1971, in their possession:

    i.      D.C. Office of the Chief Medical Examiner

    ii.     D.C. Metropolitan Police Department

2A.    Defendant shall be permitted to issue a subpoena to the D.C. Metropolitan Police Department directing it to permit habeas counsel and their fingerprint expert to compare the latent fingerprints lifted from a gun found by MPD at 2929 Nelson Place S.E., Apt. 1, in 1995 during its investigation of the Jerome Robinson homicide, to Thomas Hager's and Paul Lucas's known fingerprints.

**F.     Discovery Concerning the Prison Altercations**

1.     Counsel for the government shall produce the following documents and things in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia and the Federal Bureau of Prisons:

5

A. Any attachments, including any photographs and any memorandum submitted by Bruce Davidson, to the Federal Bureau of Prisons incident report regarding an altercation at USP Pollock between a group of inmates from Washington, DC, and a group of inmates from Memphis, TN, dated July 27, 2004 (hereinafter, the "DC-Memphis BOP Report").

B. Any video surveillance recordings reviewed by Federal Bureau of Prisons staff and referenced in the DC-Memphis BOP Report, including but not limited to the recordings referenced in the "Video Surveillance Review" section on pages 14 and 15 of the DC-Memphis BOP Report.

C. Any drafts of the DC-Memphis BOP Report.

D. Any video surveillance recordings reviewed by Federal Bureau of Prisons staff and referenced in the Federal Bureau of Prisons incident report regarding an altercation at USP Pollock between a group of inmates from Washington, DC and a group of inmates from Alabama, dated March 19, 2003 (hereinafter, the "DC-Alabama BOP Report"), including but not limited to the recordings referenced in the "Review of Video Tape Evidence" section on pages 15 through 25 of the DC-Alabama BOP Report.

2. Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the FBI, and the DEA, regarding Alphonso Satchell's cooperation pursuant to the plea agreement between Satchell and the United States Attorney's Office for the Eastern District of Virginia in the case captioned *United States v. Alphonso Lee Satchell*, No. 3:06-cr-00252-JRS (E.D. Va.), including (i) transcripts of any testimony Satchell gave in any grand jury, trial, or other proceeding, (ii) documents or things Satchell provided the United States, and (iii) documents concerning contacts between Satchell or his attorney and Federal, State and local law enforcement agencies during the time period in which Satchell was a cooperating witness, including notes and records of all debriefing sessions or other interviews conducted with Satchell.

3. Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the FBI, and the DEA, regarding Alphonso Satchell's mental health history and use of prescription or other drugs, including any pre-sentence report submitted to the court in the case captioned *United States v. Alphonso Lee Satchell*, No. 3:06-cr-00252-JRS (E.D. Va.).

6

**G.**     **Discovery Concerning Terrell Hager**

1A.     Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA, regarding the homicide of DeCarlos Bannister on December 31, 1992, on the 2900 block of Nelson Place, S.E.

1B.     Defendant shall be permitted to issue a subpoena to the D.C. Metropolitan Police Department directing it to produce all documents and information in its possession regarding the DeCarlos Bannister homicide described in paragraph 1A above.

2A.     Counsel for the government shall produce all documents and information in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia, the Office of the United States Attorney for the District of Columbia, the FBI and the DEA, regarding the shooting of the man who attempted to rob an individual known as "Black."

2B.     Defendant shall be permitted to issue a subpoena to the D.C. Metropolitan Police Department directing it to produce all documents and information in its possession regarding the shooting of the man who attempted to rob an individual known as "Black" described in paragraph 2A above.

**H.**     **Discovery Concerning Records from Third Parties Relevant to Claim III of Defendant's Section 2255 Motion**

1.     Records of the District of Columbia Superior Court

  A.     Defendant shall be permitted to issue a subpoena to inspect premises to D.C. Superior Court Criminal Division directing it to allow habeas counsel to inspect criminal case indices from 1944, 1947-1949, and 1951.

  B.     Defendant shall be permitted to issue a subpoena to the D.C. Superior Court Criminal Division directing it to produce all case files from criminal prosecutions from 1943 through 1965 for which habeas counsel have case numbers, to include any additional case numbers discovered after the search of the indices in paragraph 1A above.

  C.     Defendant shall be permitted to issue a subpoena directing the D.C. Superior Court Criminal Division to produce the file in United States v. Thomas Hager Sr., M-506-78.

D. Defendant shall be permitted to issue a subpoena directing the D.C. Superior Court Domestic Relations Division to produce the files in the following cases:

  i. DHS (Fields) v. Thomas Hager, RS 59-77

  ii. DHS (Smith) v. Loneldon Hager, RS 124-77

  iii. DHS (Windsor) v. Loneldon Hager, 64-83

2. Records of D.C. General Hospital

  A. Defendant shall be permitted to issue a subpoena to the D.C. Office of Healthcare Finance for the medical records for Mr. Hager and his family members for which there exists reason to believe they received treatment at the facility, i.e. Mr. Hager's siblings, parents, and grandparents.

3. Records of D.C. Public Schools

  A. Defendant shall be permitted to issue a subpoena directing the District of Columbia Public Schools to produce educational records for Mr. Hager, his siblings, his mother and his mother's siblings, all of which are known to have attended public school in the District of Columbia.

4. Records of the D.C. Metropolitan Police Department

  A. Defendant shall be permitted to issue a subpoena directing the Metropolitan Police Department to produce the criminal history files for each of Mr. Hager's family members known to have had criminal charges brought against them in the District of Columbia, namely his father, maternal and paternal uncles, paternal grandfather and great uncles.

## I. Discovery of Fairfax County Grand Jury Testimony

1. Counsel for the government shall produce all transcripts of testimony before a Fairfax County Circuit Court grand jury of any witness who testified at Mr. Hager's trial in this case that are in the actual or constructive possession of the United States, including the Office of the United States Attorney for the Eastern District of Virginia.

9

Entered in Alexandria, Virginia this _____ day of _____, 2017.

_____
The Honorable Leonie M. Brinkema
United States District Judge