# EXHIBIT 6

FILED

IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2006 SEP 27  P 1: 28

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

UNITED STATES OF AMERICA,      )
                               )
v.                             )        Criminal No. 1:05cr264
                               )
THOMAS MOROCCO HAGER,          )
                               )
            Defendant.         )

## DEFENDANT'S *EX PARTE* MOTION FOR
## ISSUANCE OF SUBPOENAS *DUCES TECUM*

Comes now the defendant, Thomas M. Hager, by counsel, and moves the Court for the

issuance of the attached subpoenas *duces tecum*[1] and states in support as follows:

A subpoena *duces tecum* may be quashed only if compliance would be unreasonable or

oppressive. *United States v. Nixon*, 418 U.S. 683, 698 (1974). *Nixon* sets out a four part test to

assist in this inquiry. The Court must be satisfied that (1) the documents are evidentiary and

relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due

diligence; (3) the party cannot properly prepare for trial without such production and inspection

in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay

the trial; and (4) the application is made in good faith and is not intended as a general fishing

expedition. *Nixon* at 698.   Notwithstanding their breadth and number, the subpoenas at bar are

neither unreasonable nor oppressive. The defendant is able to meet all four prongs of the *Nixon*

test. The requested subpoenas *duces tecum* should issue from this Court.

First, some perspective is in order. The government's Notice of Intent to Seek a Sentence

of Death attributes to the defendant as non–statutory aggravators beyond the charge of

---

[1] The subpoenas *duces tecum* submitted earlier are withdrawn and the attached
subpoenas *duces tecum* are offered to the Court for consideration in their place.

indictment: two assaults, two weapon possessions, two non-fatal shootings and six murders. Should proceedings reach that stage, the sentencing phase promises the functional equivalent of no less than twelve additional discrete trials.

**1.    Documentation Sought is Evidentiary, Relevant and Appropriate.**

*Nixon* first requires this Court be satisfied that the documents sought have evidentiary value and be relevant to the proceedings. They are. Each of the forty-one individuals referenced in the subpoenas *deuces tecum* bears a particularized relation to the defendant, the crime charged or the alleged aggravators.

1.    Thomas Morocco Hager, defendant.

2.    Arlington Johnson, Jr., co-defendant.

3.    Lonnie T. Barnett, Jr., co-defendant

4     Leavonia Fields, defendant's mother.

5.    Thomas Hager, defendant's father.

6.    Thomas Hager, I, defendant's grandfather.

7     Tesha M. Hager, defendant's sister.

8.    Tifany Hager, defendant's sister.

9.    Tywon Hager, defendant's brother.

10.   Terrell Hager, defendant's brother.

11.   Shenita King, defendant's girlfriend.

12.   Chenille Thomas, defendant's girlfriend.

13.   Syreeta Fields, defendant's cousin.

14.   DeCarlos Bannister, alleged to be murder victim, See Government's Notice of Intent to

2

Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(4).

15. Christopher Fletcher, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(5).

16. Ric Pearson, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(5).

17. Jerome Robinson, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(6).

18. Cornell A. Coplin, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(7).

19. Loneldon Windsor, alleged to be defendant's cousin, who shot Coplin at defendant's direction, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(7).

20. Montao Heard, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(8).

21. Londell T. Duvall, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(9).

22. Jason D. Hopkins, alleged to be shooting victim, See Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors, (A)(10).

23. Leonard Wood, through investigation the defense has determined this individual could be a government informant witness.

24. Johnny R. Alexander, through investigation the defense has determined this individual could be a government informant witness.

25. Anthony Field, defendant's uncle who through investigation the defense has determined this individual could be a government informant witness.

26. Larry G. Greenhow, through investigation the defense has determined this individual could be a government informant witness.

27. Charles Q. Johnson, through investigation the defense has determined this individual could be a government informant witness.

28. Lloyd Lee Johnson, through investigation the defense has determined this individual

could be a government informant witness.

29. Paul Lucas, through investigation the defense has determined this individual could be a government informant witness.

30. David Parker, through investigation the defense has determined this individual could be a government informant witness.

31. Lamont Bailey, through investigation the defense has determined this individual could be a government informant witness.

32. Stanley Currie, through investigation the defense has determined this individual could be a government informant witness.

33. Ronald Harper, through investigation the defense has determined this individual could be a government informant witness.

34. Donald Jackson, through investigation the defense has determined this individual could be a government informant witness.

35. Keith L. Fogle, through investigation the defense has determined this individual could be a government informant witness.

36. Dewan Battle, through investigation the defense has determined this individual could be a government informant witness.

37. Abdul S. Middleton, through investigation the defense has determined this individual could be a government informant witness.

38. Michael Martin, through investigation the defense has determined this individual could be a government informant witness.

39. Lloyd Bright, through investigation the defense has determined this individual could be a government informant witness.

40. Tonya Barnes, through investigation the defense has determined this individual could be a government informant witness.

41. Barbara White, alleged victim in this case.

Documentation as to each of these individuals bears potential significance as impeachment or mitigation and is "evidentiary and relevant" as required by *Nixon, Id.* at 698, for

that reason.  Moreover the agencies subject of the subpoenas are the logical repositories for information pertinent to impeachment or mitigation as to each of these individuals.  Some of the individuals referenced lack identifiers beyond their names.   However, those names represent the fruit of the defense's best investigatory efforts borne of the meager information it has been provided to date.

2.    **The Documents Are Not Otherwise Procurable Reasonably in Advance of Trial by the Exercise of Due Diligence.**

Further, the information sought is not "otherwise procurable reasonably" in advance of trial, *Nixon* at 698.  For months now, the defendant has sought discovery pertinent to the charged offense and the aggravators alleged by the government.  To date, the only discovery provided to the defense relevant to the charged offense is 84 pages[2] containing the following:

> Certificate of Analysis - Karen Ambrozy - DNA
> Report of Autopsy - 12-2-93 - Frances Field - Med. Examiner
> Report - 12-6-93 - Dean E. Roan, Re Latent Fingerprints
> Two Page Diagram with Handwritten Notes
> Certificate of Analysis - 12-10-93- Anh N. Huynh - Toxicologist
> Report - 12-21-93 - Officer J. Gogan - Crime Scene
> Report - 12-28-93 - Officer J. E. Miller - Crime Scene
> Certificate of Analysis, 10-26-94 - Karen Ambrozy - DNA
> Two Page computerized diagram of crime scene
> Certificate of Analysis, 7-16-04 - Karen Ambrozy - DNA
> Plea Agreement / Statement of Facts  - BARNETT, Lonnie
> Plea Agreement / Statement of Facts - JOHNSON, Arlington
> Fairfax County Police Reports Regarding the initial investigation
> Three Photos of Barbara White

Months after the request, the defense still has not even received a copy the crime scene photographs and autopsy photographs to provide to its forensic experts.

The posture of discovery regarding the non-statutory aggravators is even less informative.

---

[2]  See attached, Appendix A.

5

The disclosure to date has been sanitized to the point of denuding it of any investigatory value. Counsel provides the Court with a copy of the 644 pages of discovery relative to the non-statutory aggravators to allow the Court itself to assess the evidentiary value of these redacted volumes.[3] The defense delayed providing the Court with this supplement to its request for the issuance of subpoenas *duces tecum* primarily because the government informed the defense that by Friday, September 22, 2006, it would respond to the defense request for unredacted discovery and copies of the requested photographs. By the time of filing of this request, the defense still has not heard from the government as to its position on these requests for the information needed to properly, competently and effectively prepare for trial.

The negligible disclosures regarding the non-statutory aggravators do not even address the alleged shootings of Christopher Fletcher and Ric Pearson and the alleged murder of Jason Hopkins, nor the sundry alleged robberies and drug transactions attributed to the defendant in the Notice of Intent to Seek a Sentence of Death. The defendant is left with a rapidly approaching April 2007 trial date and naught but industry and commonsense to inform his initial pretrial investigation. The lack of disclosure from the government sufficient to enable a more narrowly focused set of subpoenas leaves the defendant with no choice but to canvass more broadly.

Consequently, the defendant is unable at this juncture to narrow the subpoenas sought since he lacks the information to enable him to parse the value to his defense of the individuals and agencies comprised by the subpoenas. It bears noting that the practical realities of modern computer databases render considerably less onerous for subpoenaed agencies the task of checking records for specified individuals.

---

[3] See attached, Appendix B.

6

3.  **The Defendant Cannot Properly Prepare for Trial Without Such Production and Inspection in Advance of Trial and That the Failure to Obtain Such Inspection May Tend Unreasonably to Delay the Trial.**

The defendant envisions that the fruit of the subpoenas will reveal those individuals and agencies most promising for purposes of the defense and engender subsequent narrower subpoenas accordingly. To date the information made available to the defense by the government is virtually useless in cross-examination and in the offer of affirmative proof. The subpoenas are necessary to avoid any delay of the trial and are thereby required under *Nixon, Id.* at 698.

4.  **The Application Is Made in Good Faith and Is Not Intended as a General Fishing Expedition.**

The subpoenas sought hardly constitute a "fishing expedition" proscribed by *Nixon, id.* at 698. The defendant asks the Court to issue subpoenas *duces tecum* to the following agencies and offices:

1.   U.S. Marshals Service
2.   U.S. Marshals Service
3.   U.S. Marshals Service
4.   District of Columbia Department of Corrections
5.   Federal Bureau of Prisons
6.   D.C. Jail
7.   Oak Hill Academy
8.   U.S. Parole Commission
9.   Virginia Parole Commission
10.  Montgomery County Sheriff
11.  Prince George's County Sheriff
12.  Fairfax County Sheriff's Office
13.  Falls Church Sheriff's Office
14.  Alexandria Sheriff's Office
15.  Arlington County Sheriff's Office
16.  Prince William County Sheriff's Office
17.  Stafford County Sheriff's Office
18.  Spotsylvania County Sheriff's Office

19.    Maryland Division of Parole and Probation
20.    Maryland Department of Juvenile Services
21.    Maryland Department of Corrections
22.    Virginia Department of Corrections
23.    District of Columbia Metropolitan Police Department
24.    Washington Metropolitan Area Transit Authority Police
25.    Maryland State Police Headquarters
26.    Virginia State Police
27.    Virginia State Police
28.    Stafford County Sheriff's Office
29.    Spotsylvania  County Sheriff's Office
30.    Virginia State Police
31.    U.S. Department of Homeland Security
32.    National Personnel Records Center
33.    Montgomery County Police Department
34.    Prince George's County Police Department
35.    Arlington County Police Department
36.    Alexandria Police Department
37.    Loudoun County Sheriff's Department
38.    Fairfax County Police Department
39.    Fairfax City Police Department
40.    Falls Church Police Department
41.    Prince William County  Police Department
42.    Takoma Park Police Department
43.    Manassas City Police Department
44.    Federal Bureau of Investigations
45.    Drug Enforcement Administration
46.    Bureau of Alcohol, Tobacco, Firearms and Explosives
47.    Virginia State Criminal Justice Information System
48.    Maryland State Criminal Justice Information System
49.    Superior Court of the District of Columbia - Family Division
50.    Superior Court of the District of Columbia - Criminal Division
51.    Arlington County Juvenile and Domestic Relations District Court Service Unit
52.    Arlington County General District Court
53.    Arlington County Circuit Court
54.    Arlington County Office of Probation and Parole
55.    Alexandria Adult Probation and Parole Office
56.    Alexandria Juvenile and Domestic Relations Court Service Unit
57.    Alexandria General District Court
58.    Alexandria Circuit Court
59.    Prince William Circuit Court
60.    Prince William General District Court
61.    Prince William Juvenile and Domestic Relations District Court

62. Prince William Juvenile and Domestic Relations District Court Service Unit
63. Adult Probation and Parole Office for Prince William County
64. Adult Probation and Parole for Loudoun County
65. Court Services Unit for Loudoun County
66. Loudoun County Circuit Court
67. Loudoun County General District Court
68. Loudoun County Juvenile and Domestic Relations District Court
69. Fairfax County Circuit Court
70. Fairfax County General District Court
71. Adult Probation and Parole for Fairfax County
72. Fairfax County Juvenile and Domestic Relations General District Court
73. Fairfax City General District Court
74. Falls Church General District Court
75. Falls Church Juvenile and Domestic Relations District Court
76. Falls Church Juvenile and Domestic Relations District Court Service Unit
77. Stafford County Juvenile and Domestic Relations General District Court Service Unit
78. Stafford County General District Court
79. Stafford County Circuit Court
80. Office of Adult Probation and Parole
81. Fairfax County Juvenile and Domestic Relations General District Court
82. D.C. Department of Human Services
83. District of Columbia Child and Family Services Agency
84. D.C. Department of Parks and Recreation
85. D.C. Summer Youth Program
86. Office of Victim Services
87. D.C. Department of Youth Rehabilitation Services
88. Prince William Community Services Board
89. Alexandria Mental Health Office
90. Arlington Department of Human Services
91. Fairfax-Falls Church Community Services Board
92. Loudoun County Division of Mental Health
93. Montgomery County Health and Human Services
94. Prince George's County Health Department
95. Archdiocese of Arlington
96. Archdiocese of Washington
97. Department of Public Schools
98. Prince George's County Department of Public Schools
99. Montgomery County Department of Public Schools
100. City of Alexandria Department of Public Schools
101. Arlington County Department of Public Schools
102. Fairfax County Department of Public Schools
103. Loudoun County Department of Public Schools
104. District of Columbia Fire and Emergency Medical Services Department

105.  D.C. General Ambulatory and Emergency Care Centers
106.  Office of the Chief Medical Examiner for the District of Columbia
107.  D.C. Court Services and Offender Supervision Agency
108.  District of Columbia Pretrial Services Agency
109.  D.C. Housing Authority
110.  D.C. Department of Employment Services
111.  Virginia Employment Commission
112.  Maryland Department of Human Resources
113.  IRS
114.  IRS

The first 22 subpoenas are directed to corrections offices. By these subpoenas the defendant seeks base files, visitors logs, phone logs, tapes, or transcripts of recorded phone conversations, copies of any seized or retained correspondence, cell assignments and infraction reports. The requested information is manifestly relevant to the pending capital prosecution.

Subpoenas 23-48 are directed to law enforcement departments. The information requested as it related to the defendant tracks the allegations in the Government's Notice of Intent to Seek a Sentence of Death, Non-Statutory Aggravating Factors.

Subpoenas 49-81 are directed to courts. These have been redacted from the first request, and now only seek sealed records. The defendant's investigator is requesting public records not under seal without reliance on a subpoena.

Subpoenas 82 -96 are directed so social service and mental health offices.

Subpoenas 97- 103 are directed to area schools.

Subpoenas 104–106 are directed to District of Columbia emergency centers and the Office of the Chief Medical Examiner for the District of Columbia.

Subpoenas 107-108 are directed to probation and pretrial offices.

Subpoena 109 is directed to the D.C. Housing Authority.

10

Finally, subpoenas 110-114 are directed to employment offices and the IRS.

Wherefore, the defendant requests this Court issue the subpoenas *duces tecum* and that this Motion and accompanying ORDER be placed under seal.

Respectfully submitted,

Thomas Morocco Hager
By Counsel

DELANEY, McCARTHY & COLTON, P.C.

BY:

Joseph J. McCarthy, VSB #19006
510 King Street, Suite 400
Alexandria, Virginia 22314
Telephone: (703) 549-9701
Facsimile: (703) 836-4285
E-mail: mccarthy@lawdmc.com
Counsel for Defendant

John C. Kiyonaga, Esquire
526 King Street, Suite 213
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile:  (703) 549-2988
E-mail: jkiyonaga@earthlink.net
Counsel for Defendant

11