**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **Criminal No. 1:05-cr-00264 (LMB)** |
| | : **Civil Action No. 1:15-cv-00551** |
| | : |
| **THOMAS MOROCCO HAGER,** | : **CAPITAL § 2255 PROCEEDINGS** |
| | : |
| **Defendant.** | : |
| | : |

## DEFENDANT'S POSITION ON SEALING

Defendant Thomas Morocco Hager ("Mr. Hager"), through undersigned counsel, respectfully submits the following Position on Sealing.  The purpose of the Protective Order that was entered in this case is to protect Mr. Hager from the fundamental unfairness and potential prejudice that would result if privileged or confidential material disclosed in this proceeding for the purpose of adjudicating Mr. Hager's constitutional ineffective assistance of counsel claims was later used by law enforcement agencies to prosecute him for the murder of Barbara White or other crimes.  To avoid such a result, this Court should order that the portions of the government's response to Mr. Hager's Section 2255 motion, including exhibits, that contain or reflect privileged communications or other work product that could be used against him in potential future prosecutions be permanently sealed.  To guide the Court, Mr. Hager is attaching hereto a redacted version of the government's Response that identifies the material that should be permanently sealed.

## RELEVANT BACKGROUND

On April 27, 2015, Mr. Hager, through undersigned counsel, filed a timely Motion to Vacate, Set Aside, or Correct Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion").  ECF No. 529.  On July 2, 2015, the government filed a motion seeking

extensive discovery from trial counsel and habeas counsel and suspension of the briefing schedule. *See* 7/2/15 Gov't Mot., ECF No. 541. The Court granted the government's motion for discovery and ordered habeas counsel to "provide the government forthwith with all files obtained from trial counsel" and to "provide the government with an appendix and documentation of all allegations contained in [the Section 2255 Motion]." 8/6/15 Order, ECF No. 547. The Court also ordered the production of trial counsel's under seal ex parte filings and trial counsel's Criminal Justice Act ("CJA") vouchers and records related to their representation of Defendant. *Id.* As a result of this Order, habeas counsel was required to provide the government documents and other materials that, but for the fact that Mr. Hager has raised ineffective assistance of counsel claims in this Section 2255 proceeding, are privileged or confidential.

At the August 6, 2015 hearing on the government's discovery motion, the Court noted that, in light of its decision to require the production of trial counsel's files, a protective order would be appropriate. Hr'g Tr. 43:14-17, Aug. 6, 2015 ("We want to have full disclosure, and in order to have full disclosure . . . then I think there has to be some reasonable protection for the defendant."). The Court recognized that this protection should include restrictions on "the use of [privileged] information in some further investigation," *id.* at 13:17-21, and directed the parties to confer regarding the language of such an order, *id.* at 43:11-12.

Habeas counsel and counsel for the government attempted to negotiate a mutually acceptable protective order, and were able to reach accord on many terms, including which persons and entities could receive privileged or confidential material and the procedures for filing such material with the Court and for disputing that a document contains such material. The parties, however, were unable to reach agreement on terms regarding the use of privileged or

confidential material at any retrial or resentencing of Mr. Hager in this case, and whether government attorneys and law enforcement agents exposed to privileged or confidential material should be allowed to participate in any retrial or resentencing. Following motion practice regarding those two terms, *see* ECF Nos. 572-574, the Court entered the proposed protective order submitted by the government, 10/27/15 Protective Order, ECF No. 575.

The Protective Order acknowledges that trial counsel's files contain documents that, "but for the fact that Mr. Hager has raised ineffective assistance of counsel claims" in his Section 2255 Motion, "are subject to the attorney-client privilege, attorney work product doctrine, and/or rules regarding client confidentiality." *Id.* ¶ 1. It also expressly limits who can access privileged or confidential material, providing that such material "shall not be disclosed, given, shown, made available, discussed, or otherwise communicated to any person or entity" except (a) counsel of record for the government in this proceeding, (b) law enforcement agents working on this proceeding, and (c) any person working for the U.S. Attorney's Office for the Eastern District of Virginia who is involved in this proceeding. *Id.* ¶ 2.

In compliance with the Court's Orders, habeas counsel produced all of trial counsel's files to the government, including Concordance load files consisting of more than 7,800 documents and 76,000 pages. The government's response to the Section 2255 Motion, which was filed under seal, cites to and quotes from material from trial counsel's files, including material that is otherwise privileged or confidential but for Mr. Hager's ineffective assistance claims. *See* 3/9/16 Gov't Resp., ECF No. 608. The government also filed under seal an appendix that contains thousands of pages of material from trial counsel's files. On March 24, 2017, this Court ordered that the government's Response and accompanying exhibits would be unsealed unless "either party establishes good cause within 30 days as to why any part of the

Response . . . or exhibits supporting it should remain under seal." 3/24/17 Order ¶ 5, ECF No. 615.

## ARGUMENT

**THERE IS GOOD CAUSE FOR REDACTING PRIVILEGED MATERIAL FROM THE GOVERNMENT'S RESPONSE AND EXHIBITS THAT COULD BE USED IN OTHER PROSECUTIONS OF MR. HAGER.**

As the Court recognized in August 2015 when it granted the government access to trial counsel's files, a protective order was appropriate to ensure that the privileged or confidential material in those files is not used by federal or state law enforcement agencies in other prosecutions of Mr. Hager. For that reason, the Protective Order the Court entered limits the disclosure of privileged or confidential material to counsel for the government and other law enforcement agents who are working on this Section 2255 proceeding and prohibits the use of that material for purposes other than litigating this proceeding. 10/27/15 Order ¶¶ 2, 3, ECF No. 575.

Though the terms of the Protective Order entitle Mr. Hager to the sealing of all privileged or confidential material in trial counsel's files, at this juncture Mr. Hager is seeking only the sealing of privileged or confidential material that is cited or quoted in the government's Response and accompanying exhibits, which, if made publicly available, could be used to prosecute him for the murder of Barbara White or for other crimes, in particular unadjudicated homicides. This information includes attorney-client privileged communications between Mr. Hager and trial counsel regarding Ms. White's murder, as well as privileged communications concerning several other homicides for which Mr. Hager has never been prosecuted, some of which were initially identified as non-statutory aggravators in the government's Notice of Intent to Seek a Sentence of Death. It also includes statements by trial counsel, their investigators, and their experts that reflect their views regarding Mr. Hager's guilt.

4

Mr. Hager faces the possibility of significant prejudice if this information is made public. Mr. Hager was indicted for Ms. White's murder in Fairfax County. If his conviction in this case were reversed as a result of his Section 2255 Motion, he would risk prosecution for that crime in state court, as there is no statute of limitations on murder in Virginia. Va. Code § 19.2-8.1. Nor is there a limitations period on murder in the District of Columbia, where these other homicides occurred. D.C. Code § 23-113(a)(1).

There is no good justification for making this material available to the public. The purpose of the privilege waiver flowing from the assertion of ineffective assistance claims is to ensure fairness to the government in the proceeding in which those claims are asserted. Courts have consistently found that the scope of the waiver must be "no broader than needed to ensure the fairness of the proceedings." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003); *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010) (adopting the reasoning in *Bittaker*). Making this privileged material publicly available – and thus accessible by the Fairfax County Commonwealth Attorney's Office and the United States Attorney's Office for the District of Columbia – would expand the scope of the waiver beyond any conceivable appropriate limits. It would also directly contradict the Protective Order in this case and the Fourth Circuit's command in *Nicholson* that a defendant raising ineffective assistance claims in a Section 2255 motion is entitled to a protective order. 611 F.3d at 217 ("With these principles in mind, the *Bittaker* court not only characterized the district court's entry of a protective order as being 'entirely justified,' but also observed that the court 'would have abused its discretion' had it not entered such an order. We agree with the Ninth Circuit's approach in *Bittaker* . . . . ") (quoting *Bittaker*, 331 F.3d at 728).

5

Moreover, disclosing this material would have a chilling effect on attorney-client relationships in this district. It would inhibit frank communications between a criminal defendant and his attorney, and chill an attorney's willingness to investigate all angles and aspects of a case out of concern that if their client later asserts ineffective assistance of counsel claims against them, *all* communications with their client, and their entire case file, will be made publicly available. Courts have rejected broad waivers precisely because of these consequences. *See Bittaker*, 331 F.3d at 722 ("A broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote.").

To protect Mr. Hager from the fundamental unfairness and potential prejudice that would result if privileged communications between Mr. Hager and his counsel regarding Ms. White's murder and other crimes, as well as statements by trial counsel and those working for them regarding Mr. Hager's guilt, are made public, the material that has been redacted from the version of the government's Response that is attached hereto as Exhibit A should be placed permanently under seal.

Although the government filed its Response to Mr. Hager's Section 2255 Motion on March 9, 2017, habeas counsel were not provided with a copy of the government's appendix until April 3, 2017 – over two weeks after the Court held the March 24, 2017 status hearing and entered the Order directing counsel to show good cause for why portions of the Response and appendix should remain sealed. The appendix contains thousands of pages of documents from trial counsel's files that habeas counsel must review in order to determine whether they contain material that should be placed under seal. Habeas counsel respectfully requests 14 days to

6

review that material and to submit proposed redactions to the Court consistent with the proposed

redactions in Exhibit A.

<div align="center">**CONCLUSION**</div>

For the foregoing reasons, Defendant respectfully requests that the Court order the

government to file a version of its Response that contains the redactions reflected in Exhibit A of

this submission.

Dated: April 24, 2017                                Respectfully submitted,


/s/ Blair G. Brown
Blair G. Brown (Va. Bar No. 29706)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1829 (telephone)
(202) 822-8106 (facsimile)
bbrown@zuckerman.com

*Counsel for Defendant Thomas Morocco Hager*


/s/ Julie Brain
Julie Brain
916 South 2nd Street
Philadelphia, PA  19147
(267) 639-0417 (telephone)
Juliebrain1@yahoo.com

*Counsel for Defendant Thomas Morocco Hager*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2017, I have caused a copy of this

**DEFENDANT'S POSITION ON SEALING** to be served on the following by electronically

filing it on the court's ECF system:

> James L. Trump
> Christopher Catizone
> United States Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> jim.trump@usdoj.gov
> christopher.catizone@usdoj.gov

<div align="center" style="text-align:right">

/s/ Blair G. Brown
Blair G. Brown

</div>

8