IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA          )
                                  )
    v.                            )    No. 1:05-cr-264 (RDA)
                                  )
THOMAS MOROCCO HAGER              )

**RESPONSE OF THE UNITED STATES TO THE
COURT'S ORDER REGARDING THE STATUS OF THE PROCEEDING**

The defendant, Thomas Hager, was convicted of capital murder and sentenced to death

following a jury trial in 2007 before the Honorable T.S. Ellis, III, United States District Judge.

The Fourth Circuit affirmed in a published opinion, reported at 721 F.3d 167 (2013), *cert.*

*denied*, 572 U.S. 1089 (2014). On April 27, 2015, the defendant filed a motion under 28 U.S.C.

§ 2255 to set aside his conviction and sentence (Dkt. 529). Almost all of the defendant's claims

were based on the alleged ineffectiveness of his trial attorneys. The government filed its

response to that motion on March 9, 2017, advocating that the district court should decide the

case without an evidentiary hearing, as the defendant's motion, the government's response, and

the files and records of the case conclusively show that (1) trial counsel's representation was not

deficient and (2) the defendant was not prejudiced by any of the alleged errors of his counsel in

either the guilt or penalty phases of the trial (Dkt. 608).

On March 24, 2017, Judge Brinkema held a hearing to discuss the defendant's proposed

schedule going forward following the government's response, which, if adopted, would have

provided for additional discovery and nine months for the filing of the defendant's reply (Dkt.

618). At that hearing, the judge observed that the defendant is not entitled to discovery in a

Section 2255 proceeding. As to the guilt phase issues raised by the defendant, Judge Brinkema

stated there did not appear to be any "reasonable basis for discovery" and those issues could be

"fully resolved" based on the current record. As to the penalty phase issues, the Court "strongly

recommended" that the defendant focus his attention on mental health matters if, in fact, those issues were not "fully and appropriately developed," as that would be a "significant issue."

Following that hearing, the defendant filed a proposed discovery plan, largely ignoring Judge Brinkema's suggestion to define more narrowly the issues for which discovery might be warranted (Dkt. 616). The government opposed the plan (Dkt. 617), stating that, under the *Bracy* standard, there is no reason to believe that any of the proposed discovery would be necessary or informative for the Court in resolving the claims presented in the defendant's Section 2255 motion. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The Court never ruled on the proposed plan, and that was the last matter briefed by the parties.

The government recommends that a reasonable and efficient approach to resolving the defendant's Section 2255 motion is as follows:

- Order the defendant to file a reply to the government's response within a reasonable time, in which the defendant would be required to identify, with specificity, the issues in dispute, the particular facts the Court will need to resolve those issues, and whether any additional discovery or an evidentiary hearing would result in habeas relief with regard to any specific claim;

- Review the defendant's motion, the government's response, the defendant's reply, and the record, and rule on any of the defendant's claims for which further discovery and/or an evidentiary hearing are not required;

- Set a schedule to resolve any remaining issues for which further discovery and/or an evidentiary hearing may be necessary.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____
James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3726
jim.trump@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____

James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
jim.trump@usdoj.gov